## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| MARK JENNINGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 03-CV-4087 |
| STATE OF ILLINOIS, by its Departmental Unit, THE ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) |
| Defendant. | ) ) |

### MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through its attorney, Lisa Madigan, Attorney General of the State of Illinois, and for its Motion for Summary Judgment represents unto the Court as follows:

1. Plaintiff was a Mexican-American correctional officer at the East Moline Correctional Center, in East Moline, Illinois, who was alleged to have smuggled cigars into the prison compound and to have traded them with state prisoners for cigarettes and other goods available at the prison commissary. (Pl.'s Compl. at 2, ¶ 5).

2. An investigation was conducted, Plaintiff was found to have engaged in the trading and trafficking of contraband in violation of Department of Corrections rules, and he was discharged. (Def.'s Ex. 1, Jennings ERB Hearing Recommendation at 626); (Def's Ex. 2, Emerich Aff.); (*see also* Def.'s Ex. 3, Jennings Dep. at 9, 14-15); (*see also generally* Def.'s Ex. 4 Jennings Internal Investigations Report).

3.  Plaintiff took the case to arbitration, and an independent arbitrator likewise determined that Plaintiff had engaged in trading and trafficking and that discharge was the appropriate level of discipline in light of the severity of Plaintiff's misconduct and his recent disciplinary history. (Def's. Ex. 7, Jennings Arbitration Opinion and Award at 9); (*see also* Def.'s Ex. 3, Jennings Dep. at 12).

4.  Plaintiff filed a complaint under Title VII to the Civil Rights Act of 1964, alleging that he was discharged because of his race or national origin and suggesting that similarly situated black and white employees had been treated more favorably. *(See generally* Pl.'s Compl.).

5.  Because Plaintiff has presented no direct or circumstantial evidence of discrimination, his claims must proceed under the indirect method of proof; he must present evidence demonstrating that he was performing to his employer's legitimate expectations, that he suffered an adverse employment action, and that his employer treated similarly situated employees of a different race or national origin more favorably. *Ineichen v. Ameritech*, No. 04-3094, 2005 WL 1367203, at *4 (7th Cir. June 10, 2005); *cf. McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

6.  Plaintiff cannot succeed in this case to the extent that he argues he was disciplined more harshly for trading and trafficking than similarly-situated black and white employees because he has not presented evidence demonstrating that he is truly comparable to the employees whom he claims are similarly situated to him.

7.  Plaintiff cannot succeed in this case to the extent that he argues he did not engage in trading and trafficking and the Department should not have elected to discharge

him because he has not presented evidence suggesting that he was meeting the Department's legitimate expectations.

8. Plaintiff cannot succeed in this case to the extent that he raises either one of these two claims because he has not presented evidence demonstrating that the Department's stated reason for discharging him–that he was found to have engaged in the trading and trafficking of contraband–was pretextual.

WHEREFORE, the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, respectfully prays that this Honorable Court enter summary judgment in its favor and against Plaintiff.

    Respectfully submitted,

    ILLINOIS DEPARTMENT OF CORRECTIONS,

    Defendant,

    LISA MADIGAN, Attorney General
    of the State of Illinois,

William E. Jarvis, #6207097     Attorney for Defendant,
James F. Ehrenberg, Jr., #6274865
Assistant Attorneys General
500 South Second Street
Springfield, IL 62706     By: /s/ William E. Jarvis
(217) 785-4555     WILLIAM E. JARVIS
    Assistant Attorney General

Of Counsel.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 17, 2005, I electronically filed Defendant's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

> Stephen T. Fieweger
> Katz, Huntoon & Fieweger, P.C.
> 200 Plaza Office Building
> P.O. Box 3250
> Rock Island, IL 61204-3250
> sfieweger@katzlawfirm.com

and I hereby certify that on June 17, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

> None

> Respectfully Submitted,
> /s/ William E. Jarvis
> William E. Jarvis
> Assistant Attorney General
> 500 South Second Street
> Springfield, Illinois  62706
> Phone:  (217) 785-4555
> Fax:     (217) 524-5091
> E-Mail: wjarvis@atg.state.il.us
> Attorney Bar #:  6207097