E-FILED
 17 June, 2005  04:24:50 PM
 Clerk, U.S. District Court, ILCD

## EAST MOLINE CORRECTIONAL CENTER
## EMPLOYEE REVIEW BOARD HEARING

DATE OF HEARING: August 28, 2002

B17

PRESENT:   Terry Boerema, Employee Review Officer
           Mark Jennings, Referred Employee
           Major Wright, Referring Employee
           Steve Slocum, AFSCME Representative

EXHIBIT 1

C.O. Jennings was referred for violation of Employee Rule(s): **#1** (It is the responsibility of each employee to read and to familiarize him/herself and to comply with all Administrative Directives, Department Rules, Institutional Directives, Employee Conduct Rules, Warden's Bulletins, and written or verbal orders issued by proper authorities. These are available in Department Manuals and are posted on institutional bulletin boards in the form of bulletins and memos. Employees will be advised of new and revised Directives and Regulations. Any employee who violates any directive, regulation, written policy or procedure, or written or verbal order is subject to disciplinary action.); **DR 120**; and **A.D. 01.12.105.**

Major Wright read the charges, which stated that based on direct evidence, admissions of staff and inmates, C.O. Jennings introduced contraband into EMCC. C.O. Jennings then traded contraband for items of value purchased by inmates. Inmates purchased items with the intent of trading the items as payment to C.O. Jennings for the contraband C.O. Jennings brought into the facility.

Steve Slocum, the Union Representative, stated this investigation began in February. It's not timely. The information is redundant and not timely at all. What evidence are we talking about? Pictures of cigars? The Major said this began when contraband was found on an inmate and then an investigation was begun. The Major reviewed the facts of the case and the chronology of events.

The Union Representative said, on every shift it's not uncommon for an inmate to be called to go to another dorm. This testimony about an inmate going to a dorm on one particular date means nothing. No contraband was found or reported relating to that event. There is no staff corroboration to anything in this investigation report. I don't know if these are the accurate polygraph results or not. There is no polygraph test included. Inmate Mantulla mentions employee Krup's involvement. Was this investigation pursued? What about Officer Bea? There has to be staff corroboration to the inmate's statements.

The Union Representative disagrees with Chief Hodge's assessment in which she says the charges are substantiated.

The Major stated that the inmate's tickets showed they admitted guilt relating to having contraband. They received discipline. They had nothing to gain by lying.

The Union Representative stated inmates often lie. They are sometimes pressured to say what investigators want to hear. Who knows if they were pressured? Polygraphs are not admissible in court, they're unreliable. Inmate Turner paroled shortly afterwards, he's unreliable. Inmate testimony can't be used against an officer without staff corroboration.

Black and mild cigars were sold in other institutions and they might have come in through personal property. Turner had time to plan his story about C.O. Jennings with the other inmates named before he went to segregation.

C.O. Jennings said, a Latin King was mad about me catching him passing a message. Turner was probably a King too. This could be gang retaliation.

The Union Representative stated that most of the investigation interviews aren't signed. The polygraph examiner didn't sign either.

C.O. Jennings stated that inmates make accusations all the time. It doesn't mean anything. These results don't show me anything. I will sue the state and Major Wright.

The Union Representative said the Adjustment Committee results on inmate Davilla say that other staff were mentioned but there's no additional information on an investigation relating to anyone but C.O. Jennings.

The Union Representative referred to the fact that prior to the hearing a request was submitted for the following documents: Polygraph results from inmates Turner, Davilla, Mantulla, Rogers, Krodel, Peeples and Hopkins. No additional information was provided since the investigation included the results of Turner's polygraph (attachment 17), polygraph refusals from Davilla (attachment 27) and Mantulla (attachment 35). No other polygraph results or information regarding the tests were available or provided.

C.O. Jennings has been employed by East Moline Correctional Center since June 27, 1988 and has incurred the following discipline within the past two years:

   09/14/01    Unprofessional behavior 3 Day Suspension

The available information indicates that C.O. Jennings is guilty of violating Employee Rules #1, DR 120 and A.D. 01.12.105 in that inmate Turner, B11090, provided substantial information regarding his involvement in trading and trafficking contraband items with C.O. Jennings and numerous other inmates. The story was verified by each of the inmates cited by Turner and Turner also was found to be telling the truth when he submitted to a polygraph test. Additionally, the information provided by the inmates corresponds to the record of dorm assignments for C.O. Jennings. The information provided by the inmates also corresponds to the contraband items sized from some of them.

It is therefore recommended that C.O. Jennings be issued a **30 Day Suspension** pending discharge.

_____ Tony Beemer 9-3-02
Employee Review Officer / Date

APPROVED: _X_

_____ 9/3/02
Gary L. Wyant / Date
Warden

DISAPPROVED: _____

COMMENTS: _____

_____

cc: Warden Wyant
    Assistant Warden Cox
    Major Wright
    AFSCME
    Personnel File
    Referring Employee
    Referred Employee

000627