Investigational Interview
*(con't)*

E-FILED
Friday, 17 June, 2005  04:27:54 PM
Clerk, U.S. District Court, ILCD

Interviewee: _Jose Davila_     Case Number: _02-6MD-153_

**The Interviewee substantially stated:**

of Black & Milds, that Davila sold to another inmate for a bag of "Kites" (loose tobacco sold in commissary). Davila could not explain why he was the go-between Jennings & Turner, except that he got all the cigarettes he needed in that time. Davila had no prison seg. time? Davila added that he continued to see Black & Milds in the "yard" except for the time Jennings was suspended. Then there were no Black & Milds, but they reappeared in Nov, 2001 & were still around when he left E. Moline. Davila figured Turner was getting them but didn't think from Jennings any more. Davila remembered seeing Turner & his buddy Inmate Mantula always talking to a 2nd shift white officer in the booth by the chow hall. Davila did not know the officers name & never saw anything pass between the officer & Turner or Mantula.

_Jose R. Davila_                _Anita Ermer_
Interviewee's Signature        Interviewer's Signature        Witness's Signature        Attachment: 2-3

p 4 of 4

000055

ILLINOIS DEPARTMENT OF CORRECTIONS

## Polygraph Consent

Examinee's Name (print): _____ JOSE DAVILA , R00947 _____

☐ I do hereby voluntarily, without duress, coercion, threats, or promise of reward or immunity, consent to be examined by a polygraph detection of deception technique, commonly referred to as a Lie Detector Test.

I do hereby voluntarily approve the necessary components to be attached to my person where necessary. I further release and forever hold harmless the State Of Illinois, its agents or employees and affiliates or both from any responsibility or action resulting from this examination.

I further agree that the final results of this examination may be made known or given to the proper person or persons as determined by the Illinois Department of Corrections. I understand that I may receive a copy of the results of the polygraph examination by making a written request to the Internal Investigations Unit at the:

    Illinois Department of Corrections
    1301 Concordia Court
    P. O. Box 19277
    Springfield, IL 62794-9277

☐ (Examiner to check only if applicable) I am a victim of Criminal Sexual Assault, Aggravated Criminal Sexual Assault, Predatory Criminal Sexual Assault on a Child, Criminal Sexual Abuse, or Aggravated Criminal Sexual Abuse. As a victim I understand that I am not required to submit to this polygraph examination as a condition for proceeding with the investigation, charging, or prosecution of this offense and such polygraph test shall be administered solely at my request. I further understand that if I refuse to submit to this polygraph examination such refusal shall not mitigate against the investigation, charging, or prosecution of the pending case as originally charged.

X _____        _____ / _____ / _____
                Examinee's Signature                          Date

☐ I hereby refuse to submit to the polygraph examination.

_____        _____ / _____ / _____
                Examinee's Signature                          Date

Witness:

_____        _____
        Print Name of Witness                    ID or Badge# (if applicable)

_____        3 / 11 / 02
        Signature of Witness                            Date

☐ As witnessed above, the examinee refused to submit to the polygraph examination and refused to sign this form.

u000056

DOC 0069 (Eff. 1/2002)
(Replaces DC 7186 & 7187)

ATTACHMENT 23

```
IDOC #: R00947 DAVILA, JOSE           BEG DTE:  7  1 01    END DTE:  3  8 0:
NON-SMOKING REQ: NO
                                                      NON
    ------FROM-------    ---TO---      -LIVING UNIT-   SMOKE    REASON FOR MOVE
    3  2 02  12:29:57            00     IRI S  01 17     Y      ROUTINE
    2 26 02  16:27:46    3  2 02        IRI 05 B  18     N      INVEST. SEG
    2 26 02  16:27:29    2 26 02        IRI 0U 0U 0U     N      TRANSFER
    2 25 02  16:00:06    2 26 02        EMO U2 S  23     N      TRANSFER
    8 24 01  12:01:25    2 25 02        EMO U1 06 30     N      ROUTINE
    8 23 01  09:12:41    8 24 01        EMO H  03 01     N      ROUTINE
    7 25 01  08:58:56    8 23 01        EMO U1 06 30     N      ROUTINE
    7 15 01  09:54:52    7 25 01        EMO U1 12 02     N      ROUTINE
    7 14 01  12:26:00    7 15 01        EMO H  03 01     N      ROUTINE
    7 11 01  17:52:05    7 14 01        EMO U1 12 02     N      ROUTINE
    7 11 01  17:45:03    7 11 01        EMO 0U 0U 0U     N      TRANSFER
    7  9 01  14:17:35    7 11 01        DAN R  01 27     N      TRANSFER
FS
NEXT KEY DATA: IDOC #: R00947  DTE BEG:  7  1  01    DTE END:  3   8  02
PF7: PAGE BACK     PF8: PAGE FWD
```

000057

P  1  OF  1

ATTACHMENT 24

200202409.

State of Illinois—Department of Corrections
## DISCIPLINARY REPORT

Page 1 of 1

☒ Disciplinary Report 03/20/2002 ☐ Investigative Report _____
             Date                                     Date

Committed Person: Davila, Jose     No. R00947     Facility: East Moline Correctional

Observation Date: 03/20/2002    Time: 08:00   ☒ am ☐ pm   Location: Internal Affairs

D. M. Pearsall                         03/20/02 08:15 ☒ am ☐ pm
PRINT Employee's Name      Employee's Signature       Date    Time

☒ A
Offense: 504 ☐ B #308 Unauthorized Property And #406 Trading And Trafficking
        ☐ C

Observation: During the course of an investigation, inmate Davila Jose R00947 stated that he had received various items from a staff member. Items included Black and Mild Cigars, Chewing Gum and Sunflower seeds, Davila stated that this took place from August of 2001 to September of 2001, Davila stated that he (Davila) had to give 3 packs of Newport cigarettes for each box of Black and Mild Cigars.
This IDR replaces Investigative Report issued on 02/25/02.

Witnesses, if any: _____

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement     ☐ Investigative Status
Reasons:_____

_____                                   
PRINT Name                           Shift Supervisor's Signature       Date
                                             (For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer    Comments: _____

_____
PRINT Name                                 Signature               Date

☒ MAJOR, submitted to Adjustment Committee    ☐ MINOR, submitted to Program Unit

Major M. Rains            Major M. Rains     3-27-02
PRINT Name                        Reviewing Officer's Signature       Date

☒ Reviewed by Hearing Investigator: C. B. Hall     C. B. Hall     3-27-02
(Adult Division Major Reports Only)    PRINT Name        Signature       Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

                                        Committed Person Refused to Sign ☒

_____    _____
Committed Person's Signature         Number

Sgt R. Frank       Sgt R. Frank     3-27-02    11:25 ☒ am ☐ pm
PRINT Serving Employee's Name   Serving Employee's Signature    Date     Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____           _____    R00947
                                Committed Person's Signature     Number
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____.
                                                         Date

NAME OF WITNESS: _____     Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____     Number/Cell/Title: _____

Witness can testify to: _____

                           Committed Person's Name _____    Number
                                           000058

DC 7205 (Rev. 5/00) Distribution: 1) Master File: 2) Committed Person
II. 426—361                3) Facility;   4) Facility

P 1 OF 1

ATTACHMENT 2 5.

# STATE OF ILLINOIS --- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Run Date: 04/24/200

Name: DAVILA, JOSE

Hearing Date/Time: 03/28/2002 / 09:20 AM

Incident #: 200202409 / 1

IDOC #: R00947

Living Unit: IRI-02-B-73

Status: Final

Race: Hispanic

Orientation Status:     N/A

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 03/20/2002 | 1 | CORR. CTR.,EAST MOLINE | EAST MOLINE CORR. CTR. | 8:00 AM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 308 | Contraband/Unauthorized Property | Not Guilty |
| | Comments: No contraband confiscated (DC252) | |
| 406 | Trading or Trafficking | Guilty |
| | Comments: Trade commissary with staff @ EMO | |

| Witness Type | Witness Id | Witness Name | |
|--------------|------------|--------------|--|
| Witness Status | | Witness Statement | |

**No Witnesses Requested**

Received
int.
Records Office

## RECORD OF PROCEEDINGS

Inmate read charges and states he is guilty. The correctional supply supervisor gave me the items. I bought my cigarettes from commissary. East Moline does not sell Black and Mild cigars. I came to him and asked if he would bring me some cigars. He was bringing in boxes of cigars for other inmates. I only wanted 3 cigars. Inmate Turner was the one that told or all of us. He got it all started. Turner went home in 12 days and told on us.

## BASIS FOR DECISION

Inmate was placed in Investigative Status at East Moline CC on 2-25-02. Inmate transferred to Illinois River CC on 2-26-02 IDR replacing Investigative Report was received from East Moline on 3-27-02. Inmate signed 24 hour waiver. Based on an investigation by Lt. Pearsall at East Moline CC where it was discovered that inmate Davilla R00947 had traded Newport cigarettes for Black and Mild Cigars with a staff member. Inmate admitted to charges.   BF

## DISCIPLINARY ACTION  (Consecutive to any priors)

Recommended:

Demotion to C grade 2 Month(s)

Segregation 1 Month(s)

Final:

Demotion to C grade 2 Month(s)

Segregation 1 Month(s)

## SIGNATURES

### Hearing Committee

| | Signature | |
|--|-----------|--|
| FISHER, BRUCE R - Chair Person | | WHITE |
| | | Race |
| SLAUGHTER, ANITA K | | BLACK |
| | | Race |

**Recommended Action Approved**

## FINAL COMMENTS:

000059

JOHN C BATTLES / ✓

Chief Administrative Officer

04/24/2002

Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Run Date: 04/24/200

Name: DAVILA, JOSE

IDOC #: R00947

Race: Hispanic

Hearing Date/Time: 03/28/2002 / 09:20 AM

Living Unit: IRI-02-B-73

Orientation Status:    N/A

Incident #: 200202409 / 1

Status: Final

_Clk B Hall_
_____
Employee Serving Copy to Committed Person

_4-25-02 ~ 4:00 pm_
_____
When Served - - Date and Time

000060

ATTACHMENT 2/6

Illinois Department of Corrections
INTERNAL INVESTIGATIONS
**POLYGRAPH EXAMINATION**

| Subject's Name (Last, first, middle) | Institution No. | Case Number | Date of Test |
|---|---|---|---|
| Davila, Jose | R00947 | 02-EMO-153 | 4/2/02 |
| Place Tested | Investigator (Pre-Poly) | Purpose of Examination | |
| IL. River CC. | Emrich | To determine the truthfulness of this | |

subject's statements regarding allegations of non-professional conduct by staff.

**INTERVIEW:**

During the interview, this subject refused polygraph testing. No tests were administered.

Date Typed:        4/5/02                        Michael J. Musto, Polygraph Examiner III

DC 7189
IL 426-0141

000061

ATTACHMENT 27

ILLINOIS DEPARTMENT OF CORRECTIONS
## Investigational Interview

*Type or Print all applicable information*

Case Number: _02-EMO-153_
Investigator: _EMRICH_
                Last Name        Badge #

Date of Incident: _2-24-02_    Location of Incident: _E. MOLINE CC._

**Nature of Investigation:** _SOCIALIZING, FAILURE TO REPORT OFFENSE OR INCIDE_
☐ Contraband   ☐ Death/Suicide   ☐ Drugs/Alcohol   ☐ Excessive Force   ☐ Intimidation/Threats   ☐ Misconduct
☐ Sexual Misconduct   ☐ Other (specify): _TRADING + TRAFFICKING. CONDUCT OF INDIVIDUALS_

Subject of Investigation: _CO JENNINGS_        _MARK_          _._     _____
                            Last Name              First Name      MI    ID or Badge #

**Interviewee:**
Type:   ☐ Civilian   ☐ Employee   ☐ Inmate (incarcerated)   ☐ Inmate (Electronic Detention)   ☐ Parolee

Name: _____ _MANTULLA_ ____   _STEVE_   _J_   _N10463_
                    Last                    First     MI    ID/Badge #

Race: ☒ White   ☐ African American   ☐ Asian   ☐ Native American   ☐ Hispanic   ☐ Other: ____

Gender: ☒ Male   ☐ Female   Age: _39_   DOB: _9-16-62_   Weight: _205_   Height: _5'10"_

**If Interviewee is a Civilian, Employee, or Parolee:**

Employed at: _____    as _____   for _/_
                Business or Facility              Position or Title        Years   Months

Regular days off (circle):  M  T  W  Th  F  Sat  Sun   Office Phone #: ( )        Cell Phone #: ( )

**If Interviewee is an Inmate or Parolee:**

Facility: _PONTIAC C C_        Housing Assignment: _WEST 8-21_

Sentenced to _8_ / _1_  on _3-1-01_  from _Cook_
              Years   Months        Date              County

for the offense(s) of: _ATTEMPT RES BURGLARY_

Claims affiliation with: _DENIES_        as _STEVE, KOJAK, DAGO_
                          STG                      Nickname(s)

If on Parole or Electronic Detention, released from: _____   on _____
                                                      Facility              Date

and is supervised by _____
                      Agent or District Office

**Interview was conducted:**

by _ANITA EMRICH, IMU_
       Name and Title

at _PONTIAC C.C._        on _3-12-02_  at _10:30_ ☒ a.m. ☐ p.m.
        Location                        Date           Time

Constitutional Rights were: read: ☒ No   ☐ Yes at _____ ☐ a.m. ☐ p.m.

See interviewee's statement on the next page.

Interview was concluded at: _12:00_  ☐ a.m.  ☒ p.m.

_____        _____
Signature of Interviewee           Signature of Interviewer

_____        _____
Name of Witness if any             Signature of Witness if any

P1of8.          000062          Attachment: _28_

Investigational Interview
(con't)

| Interviewee: | Steve Mantulla | Case Number: | 02-EMO-153 |

The interviewee substantially stated:

Mantulla relieved that he went to E. Moline CC on March, 2001 & saw Inmate John (Turner), [also] Joseph who he learned was from Cicero where Mantulla was from. Mantulla stated that he talked w/ Turner every day & on Aug or Sep 2001 when Turner was in Dorm 6, Turner told him that Inmate Durella was coming back from work w/ 10-15 packs of cigars. [Black + Mild] Durella & Turner were cell mates & Turner learned it was CO Mark Jennings bringing the cigars in so Turner cut Durella out & got them himself from Jennings. At that point Mantulla did not receive anything directly from Jennings although Turner did give him a couple cigars that he sold for cigarettes. Then Turner went to Seg for arguing with another officer & moved to the basement & there to [Building] #2 Turner told Mantulla that Jennings had brought him cigarettes while Turner was in Seg.

| Interviewee's Signature | Interviewer's Signature | Witness's Signature | Attachment: 28 |

p2 of 8

000063

**Investigational Interview**
(con't)

| Interviewee: | _Steve Mantulla_ | Case Number: | _02-EMO-133_ |
|---|---|---|---|

The interviewee substantially stated:

Turner asked Mantulla to approach Jennings
who worked 3 days a week in Mantulla's
Dorm #2. Turner got tocked up at night when
Jennings worked the other days, 3rd shift on Turner
Turner told Mantulla to tell Jennings he
had 5 packs cigarettes he owed. Mantulla did &
Jennings said "Tell Turner to forget it".
Mantulla stated that a few days later, maybe
Thanksgiving, Jennings kicked his bunk, woke him
& motioned him out to Bubble. Jennings opened
a desk drawer & there were 5 packs Black & Milds.
Mantulla took the cigars & gave them to Turner.
Turner gave Mantulla 10 packs of cigarettes to give
Jennings. Mantulla remembered that when
he gave Jennings the bag of 10 packs, Jennings
said he's short, Jennings wanted 3 packs
for every box. Mantulla told Jennings that
he & Turner needed to work it out.

000064

| _Mantulla_ | _Candi Morrow_ | | Attachment: 28 |
|---|---|---|---|
| Interviewee's Signature | Interviewer's Signature | Witness's Signature | |

pg 8

## Investigational Interview
### (con't)

| Interviewee: _Steve) Mantuula_ | Case Number: _02-EMO-153_ |
| --- | --- |

**The Interviewee substantially stated:**

Turner later said he + Jennings had worked it out. Mantuula continued to pass cigars from Jennings to Turner + cigarettes from Turner to Jennings for about 3 more weeks. Jennings was bringing in 5-10 boxes of cigars & taking out at least 25 packs of cigarettes a week. During that 5 weeks, Mantuula asked Jennings to bring him spices, shaving cream, a watch + a tube of super glue for Turner. 2 weeks later Jennings brought all of these items + handed them to him while they were in the "bubble" of Dorm 2. Mantuula gave the glue to Turner who repaired his TV w/ it. Mantuula paid Jennings 10 packs of cigarettes for the items. That was 10 packs he got from selling the Black + Milds, packs that he hadn't ever missed. Mantuula thought he was getting about 3-4 boxes of the 10 boxes (of cigars) that Jennings brought in.

000065

| _Mantuula_ | _[Interviewer signature]_ | | Attachment: 28 |
| --- | --- | --- | --- |
| Interviewee's Signature | Interviewer's Signature | Witness's Signature | |

Investigational Interview
*(con't)*

| Interviewee: | Stark Mantuula | Case Number: 02-EMO-153 |

**The Interviewee substantially stated:**

Then in Dec. 2001 Turner moved into Dorm 2 where Mantuula was living & Jennings was working 2 nights. Mantuula stated that he stopped passing cigars & cigarettes between Jennings & Turner about that time. Turner was talking w/ Jennings during the nights. Turner moved into Mantuula's room in mid Jan 20__ One day he was present when Jennings told Turner he had too many cigarettes. Mantuula turned to Jennings & suggested there were new shoes & boots on commissary. Later Turner says now Jennings wants shoes. Mantuula didn't recall but thought it was boots first. Turner had another inmate ~maybe Inmate Durgo~ come in commissary where Mantuula worked & buy pair of boots. Then Turner passed the boots to Jennings for 14 packs of cigars. Mantuula saw Turner take the boots in the middle of the night & leave their room

000066

| S. Mantuula | Cynthia Emma | |
| Interviewee's Signature | Interviewer's Signature | Witness's Signature |

Attachment: 28

p 5 of 8

Investigational Interview
(con't)

| Interviewee: | Steve Mantulla | Case Number: | 02EMO-153 |

The Interviewee substantially stated:

and return with(out them). This was in January 2002.
Turner was still giving Mantulla boxes of cigars
to trade for cigarettes and/or some commissary. Next thing
Turner has a pair of Reebok Ridge gym shoes
+ says his giving them to Jennings. Mantulla
~~thinks~~ ~~these~~ ~~were~~ ~~paid~~ ~~for~~ ~~w/~~ ~~boxes~~ ~~of~~ ~~cigars~~. Next,
Turner bought a pair at commissary, but
ended up wearing his used pair & giving it to
Jennings as if it was new. Mantulla didn't
actually see the boots, shoes or pair being exchange
but Turner told him about it. On Feb 16th,
Jennings must have told ~~Jensen~~ Turner he
wanted Lugz gym shoes. Turner says
he had just a month til he would get
out. Turner said he'd pick up then 10 boxes
of cigars & hold off paying Jennings the shoe
bin. On Feb 24, Turner told him he got
just 4 boxes. Turner gave Mantulla 2 of

000067

| St. Mantulla | Anitra Turner | | Attachment: 28 |
| Interviewee's Signature | Interviewer's Signature | Witness's Signature | |

**Investigational Interview**
*(con't)*

| Interviewee: | Steve Mantulla | Case Number: | 02-LMO-153 |

The Interviewee substantially stated:

(Above on Mantulla) boxes of cigars. (Those were) the 2 boxes he had when he got caught.) Turner left & Mantulla put 1 box in his shirt pocket & started down the hall. He met Turner ½ way down the hall. They exchanged cigars & cigarettes. Officer Machio told Turner to come up to me. Mantulla went back to his room & told inmate Rodgers to hide the 1 box of cigars he had & the 2nd box from his property. On the way to chow Mantulla learned they had searched his room & they saw Rogers putting out in cups. When Capt. Richey pulled me aside, Mantulla denied knowledge of the cigars but later while talking w/ Lt. Pearsall admitted this information. Mantulla added that Inmate Christopher Knodel showed him 2 new pornographic magazines one FOX & one CLUB International. That was

000068

| ~~Mantulla~~ | ~~Anita Imman~~ | | Attachment: 28 |
| Interviewee's Signature | Interviewer's Signature | Witness's Signature | |

pg 7 of 8

Interviewee: _Stan Mantulla_  Case Number: _02-EMO-153_

**The interviewee substantially stated:**

early Feb. 2002 & Knodel said John Knup brought them in for him. Mantulla stated that Knodel brought in 10 boxes of cigars one day & gave them to inmate Peeples. Mantulla stated that Knodel Knodel brought them in the room where he & Peeples lived. Mantulla didn't know where Knodel got the Black & Milds.

Mantulla stated that he had worked w/ the state police & also w/ DOC Gary Mendenhall in the past. Mantulla stated that he would take a polygraph examination regarding this information.

000069

Interviewee's Signature _____  Interviewer's Signature _____  Witness's Signature _____  Attachment: _28_

ILLINOIS DEPARTMENT OF CORRECTIONS

## Polygraph Consent

**Examinee's Name** (print): _STEVE MANTULLA, N 10463_

☐ I do hereby voluntarily, without duress, coercion, threats, or promise of reward or immunity, consent to be examined by a polygraph detection of deception technique, commonly referred to as a Lie Detector Test.

I do hereby voluntarily approve the necessary components to be attached to my person where necessary. I further release and forever hold harmless the State Of Illinois, Its agents or employees and affiliates or both from any responsibility or action resulting from this examination.

I further agree that the final results of this examination may be made known or given to the proper person or persons as determined by the Illinois Department of Corrections. I understand that I may receive a copy of the results of the polygraph examination by making a written request to the Internal Investigations Unit at the:

> Illinois Department of Corrections
> 1301 Concordia Court
> P. O. Box 19277
> Springfield, IL  62794-9277

☐ (Examiner to check only if applicable) I am a victim of Criminal Sexual Assault, Aggravated Criminal Sexual Assault, Predatory Criminal Sexual Assault on a Child, Criminal Sexual Abuse, or Aggravated Criminal Sexual Abuse. As a victim I understand that I am not required to submit to this polygraph examination as a condition for proceeding with the investigation, charging, or prosecution of this offense and such polygraph test shall be administered solely at my request. I further understand that if I refuse to submit to this polygraph examination such refusal shall not mitigate against the investigation, charging, or prosecution of the pending case as originally charged.

_____
Examinee's Signature                                          3 /12/02
                                                              Date

☐ I hereby refuse to submit to the polygraph examination.

_____
Examinee's Signature                                          /    /
                                                              Date

**Witness:**

_____
Print Name of Witness                                          ID or Badge# (if applicable)

_____
Signature of Witness                                          3 /12/02
                                                              Date

☐ As witnessed above, the examinee refused to submit to the polygraph examination and refused to sign this form.

Distribution: File

000070

DOC 0069 (Eff. 1/2002)
(Replaces DC 7186 & 7187)

IDOC #: N10463 MANTULLA, STEVE          BEG DTE: 7  1 01   END DTE: 3  8 02
NON-SMOKING REQ: NO

|  | | | | | |  | NON | |
|  | ------FROM-------- | | ---TO--- | | -LIVING UNIT- | | SMOKE | REASON FOR MOVE |
| 2 26 02 | 20:08:30 | | .00 | PON | W | 08 21 | Y | ROUTINE |
| 2 26 02 | 15:39:11 | 2 26 02 | | PON | 0U 0U 0U | | N | TRANSFER |
| 2 24 02 | 18:40:48 | 2 26 02 | | EMO | U2 S | 17 | N | TRANSFER |
| 11 14 01 | 10:11:01 | 2 24 02 | | EMO | AD 02 55 | | N | ROUTINE |
| 6 27 01 | 09:46:19 | 11 14 01 | | EMO | U1 11 70 | | N | ROUTINE |

FS
NEXT KEY DATA: IDOC #: N10463  DTE BEG: 7  1 01   DTE END: 3  8 02
PF7: PAGE BACK      PF8: PAGE FWD
INQUIRY COMPLETE                  PLEASE ENTER NEXT KEY DATA

000071

ATTACHMENT 30

SHAKEDOWN RECORD/CONFISCATED CONTRABAND
(Tag/Receipt/Report/Chain-of-Custody Record)

EXHIBIT NO.
CLIC NO.

Date 2-24-02 Time 3 7P Bldg/Area 509

Living Area # 5-17 Occupied? Yes Y No

Violator Mentolla No. 1104103

Was Any Contraband Found? Yes X No

Item(s) (Description and Circumstances of Discovery)

 I wntrh w/Black face and
black Band.

Witness Lt Norin. To Cincs

Was a Disciplinary Report Written? Yes No L

Was an Incident Report Written? Yes No L

Employee's Signature m Gein

Badge No. 1415 Date 2-2-02 Time 3 7P

Supervisor - Date Received ___ Time K3c

Major L Minor Signature

Disposition

Date Time Initials

Custodian - Date Received Time 13.30

Major X Minor Signature

Chain-of-Custody After the Custodian has Received the Item

From To Gustavo

Date 2-15-02 Time 1130

From To

Date Time

From To

Date Time

From To

Date Time

Final Disposition

Date Custodian's Initials

DC 252 (Rev. 6/87)  IL 426-0042

cc 1 With Item (Tag); 2 Supervisor; 3 Employee; 4 Disciplinary Report; 5 Violator.

000072

ATTACHMENT 3 /

**SHAKEDOWN RECORD / CONFISCATED CONTRABAND**
(Tag / Receipt / Report / Chain-of-Custody Record)

EXHIBIT NO.
CLIC NO.

Date __2-25-02__ Time __2:40p__ Bldg/Area __Seg__

Living Area # __S-17__     Occupied? Yes __✓__ No ___

Violator __Man Tulla__     No. __N10413__

Was Any Contraband Found? Yes __X__ No ___

Item(s) (Description and Circumstances of Discovery)
1 Bottle 1/2 Full Crushed red pepper
1 Bottle 1.75 oz Garlic Powder
1 1.75 oz Oregano
Small bottle Cologne Brand Unknown
Small bottle 1/3 Full Cologne
Small bottle 1/2 full Cologne
1 mostly empty Colgate Shave Cream

Witness __D. Pearsall__

Was a Disciplinary Report Written? Yes ___ No ___

Was an Incident Report Written? Yes ___ No ___

Employee's Signature __A. Gingles__

Badge No. __7759__     Date __2-25-02__ Time __2:34p__

Supervisor - Date Received __2/25/02__ Time __1510__
Major __✓__ Minor ___ Signature ___
Disposition ___
Date __2/25/02__ Time ___
Custodian - Date Received __2/25/02__ Time ___
Major ___ Minor __✓__ Signature ___
Chain-of-Custody: After the Custodian has Received the Item
From ___
Date __2/20/02__ Time __120__
From ___ To ___
Date ___ Time ___
From ___ To ___
Date ___ Time ___
From ___ To ___
Date ___ Time ___
Final Disposition ___
Date ___ Custodian's Initials ___

DC 252 (Rev. 6/87)    IL 426-0042

cc: 1. With Item (Tag); 2. Supervisor; 3. Employee; 4. Disciplinary Report; 5. Violator.

State of Illinois—Department of Corrections
## DISCIPLINARY REPORT

Page 1 of 1

☒ Disciplinary Report   03/20/2002          ☐ Investigative Report
                          Date                                      Date

Committed Person: Mantulla, Steve       No. N10463        Facility: East Moline Correctional

Observation Date: 03/20/2002    Time: 08:00   ☒ am  ☐ pm    Location: Internal Affairs

D. M. Pearsall                                          03/20/02   08:15  ☒ am  ☐ pm
PRINT Employee's Name          Employee's Signature      Date       Time

☒ A
Offense: 504 ☐ B    #308 Unauthorized Property And #406 Trading And Trafficking
         ☐ C

Observation: During the course of an investigation Mantulla, Steve N10463 stated that he had received two boxes of Black and Mild Cigars, from inmate Turner, Joseph B11090 to hold for Turner. Mantulla stated that he passed the cigars off to inmate Rogers, Melvin B13292, when Mantulla thought that he (Mantulla) might be caught with them. Mantulla also stated that he (Mantulla) had received Black and Mild cigars from a staff member. Mantulla was given 5 boxes of Black and Mild cigars one night and the next night Mantulla gave the staff member 10 packs of cigarettes as payment. Mantulla stated that this happened more than once and substantially stated that he was the middle man for inmate Turner.

Witnesses, if any: _____

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement    ☐ Investigative Status
Reasons: _____

PRINT Name                              Shift Supervisor's Signature          Date
                                        (For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer   Comments: _____

PRINT Name                              Signature                            Date

☒ MAJOR, submitted to Adjustment Committee   ☐ MINOR, submitted to Program Unit
Dr. Srephew R Mantroo         Dr. Stkn R Matton           3-28-02
PRINT Name                              Reviewing Officer's Signature         Date

☒ Reviewed by Hearing Investigator:  C/o K Proceun       C/o K Proceun    3/30/02
(Adult Division Major Reports Only)  PRINT Name           Signature            Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

Mantulla        N10463        Committed Person Refused to Sign ☐
Committed Person's Signature    Number
S6 6 Janes  #5089      C L #5089       3/29/02  Go 415 ☐ am ☒ pm
PRINT Serving Employee's Name   Serving Employee's Signature    Date   Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____
                              Committed Person's Signature          Number
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____
                                                                                Date

NAME OF WITNESS: _____   Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____   Number/Cell/Title: _____

Witness can testify to: _____

                              Committed Person's Name          Number
                              000074

DC 7205 (Rev. 5/00)  Distribution:  1) Master File; 2) Committed Person
1L 426—361                      3) Facility;  4) Facility

## STATE OF ILLINOIS --- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Run Date: 04/05/2002

Name: MANTULLA, STEVE            . IDOC.#: N10463            Race: White

Hearing Date/Time: 04/02/2002   08:43 AM       Living Unit: PON-WR-03-15       Orientation Status:   N/A

Incident #: 200202658/1 - PON          Status: Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 03/20/2002 | 1 | CORR. CTR.,EAST MOLINE | EAST MOLINE CORR. CTR. | 8:00 AM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 308 | Contraband/Unauthorized Property | Guilty |
| 406 | Trading or Trafficking | Guilty |

| Witness Type | Witness Id | Witness Name |
|--------------|------------|--------------|
| Witness Status | | Witness Statement |
| Other | 00001 | PEARSALL, EAST MOLINE C.C. |
| Witness was called | | REPORTING EMPLOYEE D.M. PEARSALL WAS CONTACTED BY HEARING INVESTIGATOR C.O L.WILLIAMS ON 4-01-02. PEARSALL ID'D INMATE MANTUALLA BY FACE AND NAME, AND BY ID CARD. |

I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

_Ro W elleaires_
Hearing Investigator

## RECORD OF PROCEEDINGS

REPORT READ. OFFENDER MANTULLA STATED HE IS NOT GUILTY. "FIRST OF ALL, ON 3/20/02, I DID NOT MAKE A STATEMENT TO THE INVESTIGATOR". HE THEN STATED TURNER WAS CAUGHT WITH 10 PIECES OF CIGARETTES.

D.M. PEARSALL WAS CONTACTED AND STATED THAT HE IDENTIFIED OFFENDER MANTULLA BY HIS ID CARD.

## BASIS FOR DECISION

BASED ON THE OBSERVATION OF THE REPORTING EMPLOYEE THAT OFFENDER MANTULLA RECEIVED 2 BOXES OF BLACK AND MILD CIGARS FROM INMATE TURNER TO HOLD FOR TURNER; THAT MANTULLA PASSED THE CIGARS OFF TO OFFENDER ROGERS; AND THE POSITIVE ID OF OFFENDER MANTULLA BY HIS ID CARD, THE COMMITTEE IS SATISFIED THE VIOLATIONS OCCURRED AS REPORTED.

## DISCIPLINARY ACTION  (Consecutive to any priors)

Recommended:                          Final:

Segregation 38 Day(s)                 Segregation 38 Day(s)

## SIGNATURES

Hearing Committee

| | | | |
|--|--|--|--|
| SHAW, CLETUS R  - Chair Person | _A. Shaw_ Signature | | BLACK Race |
| MELVIN, JENNIFER R | _Jennifer R Melvin_ Signature | | WHITE Race |

Recommended Action Approved

## FINAL COMMENTS:

000075

# STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS

Run Date: 04/05/2002

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** MANTULLA, STEVE     **IDOC #:** N10463     **Race:** White

**Hearing Date/Time:** 04/02/2002   08:43 AM     **Living Unit:** PON-WR-03-15     **Orientation Status:**   N/A

**Incident #:** 200202658/1 - PON     **Status:** Final

---

JAMES M SCHOMIG / GMV

Chief Administrative Officer

Signature        04/04/2002   Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504; Subpart F.

Employee Serving Copy to Committed Person       When Served - - Date and Time    04-09-02   3:10 pm

000076

Illinois Department of Corrections

INTERNAL INV ESTIGATIONS

**POLYGRAPH EXAMINATION**

| Subject's Name (Last, first, middle) | Institution No. | Case Number | Date of Test |
|---|---|---|---|
| Mantullah, Steve | N10463 | 02-EMO-153 | 5/07/02 |

| Place Tested | Investigator (Pre-Poly) | Purpose of Examination |
|---|---|---|
| Mt. Sterling CC | Emrich | To determine the truthfulness of this |

subject's statements regarding allegations of non-professional conduct by staff.

**INTERVIEW:**

On this date this subject refused polygraph testing. No tests were administered.

Date Typed:        5/17/02                    Michael J. Musto, Polygraph Examiner III

DC 7189

IL 426-0141

(9/87)                    Page 1 of 1 page(s)        Attachment ___35___.

000077

ILLINOIS DEPARTMENT OF CORRECTIONS
## Investigational Interview

*Type or Print all applicable information*

Case Number: 02-EMO-153
Investigator: EMRICH
                    Last Name              Badge #

Date of Incident: 02-24-02   Location of Incident: E. MOLINE CC

Nature of Investigation: CONDUCT OF INDIVIDUAL SOCIALIZING

☐ Contraband  ☐ Death/Suicide  ☐ Drugs/Alcohol  ☐ Excessive Force  ☐ Intimidation/Threats  ☐ Misconduct
☐ Sexual Misconduct  ☐ Other (specify): TRADING + TRAFFICKING FAILURE TO REPORT OFFENSE
                                                                          OR INCIDEN
Subject of Investigation: CD JENNINGS         MARK
                              Last Name              First Name         MI    ID or Badge #

**Interviewee:**
Type:  ☐ Civilian  ☐ Employee  ☒ Inmate (incarcerated)  ☐ Inmate (Electronic Detention)  ☐ Parolee

Name: ROGERS                    MELVIN           L.    B13292
           Last                      First          MI    ID/Badge #

Race:  ☐ White  ☒ African American  ☐ Asian  ☐ Native American  ☐ Hispanic  ☐ Other:
Gender: ☒ Male  ☐ Female  Age: 34  DOB: 1-16-68  Weight: 205  Height: 6'3¼"

**If Interviewee is a Civilian, Employee, or Parolee:**

Employed at: _____ as _____ for __/__
                   Business or Facility            Position or Title        Years  Months
Regular days off (circle): M T W Th F Sat Sun  Office Phone #: (   )   Cell Phone #: (   )

**If Interviewee is an Inmate or Parolee:**
Facility: E. MOLINE CC          Housing Assignment: SEG, #13
Sentenced to 7 / __ on 9-99  from COOK
              Years Months    Date              County
for the offense(s) of: MANUFACTURE / DELIVER HEROIN
Claims affiliation with: MAFIA INSANE as BULL
                              STG                    Nickname(s)
If on Parole or Electronic Detention, released from: _____ on _____
                                                  Facility              Date
and is supervised by _____
                     Agent or District Office

**Interview was conducted:**
by ANITA EMRICH, INV.
              Name and Title
at E. MOLINE CC          on 3-13-02 at 10:30 ☒ a.m.
     Location                    Date          Time    ☐ p.m.
Constitutional Rights were read: ☒ No  ☐ Yes at _____  ☐ a.m. ☐ p.m.
                    See Interviewee's statement on the next page.

Interview was concluded at: _____  ☐ a.m.
                                              ☐ p.m.

X Melvin Rogers                    Anita Emrich
   Signature of Interviewee            Signature of Interviewer

_____                    _____
   Name of Witness if any            Signature of Witness if any

Distribution:  File          Page 1 of 4      000078      Attachment: 36

                                              DOC 0080 (Eff. 1/2002)

**Investigational Interview**
*(con't)*

Interviewee: Melvin Rogers          Case Number: 02-EMO-153

The interviewee substantially stated:

Rogers stated that he moved into cell # 55, Dorm 2 in mid Sep 2001, and Inmate Steve Mantulla moved in the same room in Nov, 2001. At that point, Rogers noticed that Mantulla had a lot of commissary, food, cosmetics & especially cigarettes. Mantulla was selling the cigarettes to other inmates for $2.50 when they cost $3.47 at the commissary. Rogers didn't know why Mantulla had so many cigarettes until Inmate John Turner moved into cell # 55 of Dorm 2 w/ Rogers & Mantulla. Rogers then saw Turner w/ boxes of Black & Mild cigars showing them to Mantulla. Rogers overheard Turner & Mantulla say they got them from an officer, but they didn't say a name. Rogers observed Turner & Mantulla w/ at least 10 boxes of Black & Milds each week & both of them sold them to inmates on the Pavilion.

Interviewee's Signature: Melvin Rogers
Interviewer's Signature: Anita Omur
Witness's Signature: _____

Attachment: 36

Distribution: File          Page 2 of 4          000079          DOC 0080 (Eff. 1/2002)

## Investigational Interview
### (con't)

Interviewee: Melvin Rogers

Case Number: 02-CMD-153

**The interviewee substantially stated:**

Turner & Mantuila give cigarettes & cosmetics for the cigars & brought the items back to their room. Rogers observed Turner & Mantuila selling the cigars right up to the day he was locked up. Rogers related that the morning of 2-24-02, he had just returned from breakfast worked worked dietary when he signed papers to start a new job there. Rogers stated that he was sleeping in his bunk in #55, when his cellmate Mantuila came in the room & handed him 2 boxes of Black & Milds & said hold them until this afternoon. Mantuila left, Rogers put the 2 boxes in his property box & then went to lunch. Rogers heard his room was locked up & under investigation. Rogers went back to his room where Lt. Gonzales locked him up for having the Black & Milds. Rogers maintained that he doesn't smoke cigars

Interviewee's Signature: Melvin Rogers

Interviewer's Signature: Anita Emrich

Witness's Signature:

Attachment: 36

**Investigational Interview**
*(con't)*

| Interviewee: _Melvin Rogers_ | Case Number: _02-EMO-153_ |

The interviewee substantially stated:

& did not buy or sell any of the Black & Milds. Rogers stated that he knows now that he shouldn't have put the cigars in his box. Also, Rogers added that on 2-23-02, Inmate Rigg told him that Rigg "took" some Black & Milds from Turner & now the unnamed officer was giving Rigg Black & Milds. Rogers stated that he didn't know that the officer bringing the Black & Milds was named Jennings until after going to Seg. Rogers stated that Jennings was in Seg 2 times ago & asked why Rogers was there. Rogers said for some Black & Milds & Jennings said he hoped Rogers wasn't going to say it was his (Jennings) fault. Rogers would take a polygraph test to this information

| _Melvin Rogers_ | _Anita Crew_ | | Attachment: _36_ |
| Interviewee's Signature | Interviewer's Signature | Witness's Signature | |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Polygraph Consent

Examinee's Name (print):    _MELVIN ROGERS    B/32592_

☐ I do hereby voluntarily, without duress, coercion, threats, or promise of reward or immunity, consent to be examined by a polygraph detection of deception technique, commonly referred to as a Lie Detector Test.

I do hereby voluntarily approve the necessary components to be attached to my person where necessary. I further release and forever hold harmless the State Of Illinois, its agents or employees and affiliates or both from any responsibility or action resulting from this examination.

I further agree that the final results of this examination may be made known or given to the proper person or persons as determined by the Illinois Department of Corrections.    I understand that I may receive a copy of the results of the polygraph examination by making a written request to the Internal Investigations Unit at the:

> Illinois Department of Corrections
> 1301 Concordia Court
> P. O. Box 19277
> Springfield, IL  62794-9277

☐ (Examiner to check only if applicable) I am a victim of Criminal Sexual Assault, Aggravated Criminal Sexual Assault, Predatory Criminal Sexual Assault on a Child, Criminal Sexual Abuse, or Aggravated Criminal Sexual Abuse. As a victim I understand that I am not required to submit to this polygraph examination as a condition for proceeding with the investigation, charging, or prosecution of this offense and such polygraph test shall be administered solely at my request. I further understand that if I refuse to submit to this polygraph examination such refusal shall not mitigate against the investigation, charging, or prosecution of the pending case as originally charged.

_Melvin Rogers_                                        _/    /_
Examinee's Signature                                      Date

☐ I hereby refuse to submit to the polygraph examination.

_____                               _/    /_
Examinee's Signature                                      Date

Witness:

_ANITA EMRICH_
Print Name of Witness                                 ID or Badge# (if applicable)

_Anita Emrich_                                        _3/13/02_
Signature of Witness                                     Date

☐ As witnessed above, the examinee refused to submit to the polygraph examination and refused to sign this form.

Distribution: File                                              DOC 0069 (Eff. 1/2002)
                                                         (Replaces DC 7186 & 7187)

U00082

Printed on Recycled Paper

P    1 OF 1

ATTACHMENT 37

**SHAKEDOWN RECORD/CONFISCATED CONTRABAND**
(Tag/Receipt/Report/Chain-of-Custody Record)

EXHIBIT NO. _____
CIIC NO. _____

Date 2-24-02 Time 11am Bldg/Area ADDEN DOMENZ

Living Area # 2055 - 6 Occupied? Yes ___ No ✓

Violator RODLEAS No. B13292

Was Any Contraband Found? Yes X No ___

Item(s) (Description and Circumstances of Discovery)

2 PAGES OF BLACK AND MILDS

_____

_____

_____

_____

Witness LT GONATMES

Was a Disciplinary Report Written? Yes ✓ No ___

Was an Incident Report Written? Yes ___ No ✓

Employee's Signature _____

Badge No. 7809 Date 2-24-02 Time 11AM

DC 252 (Rev. 6/87) IL 426-0047

---

Supervisor - Date Received 2-24-02 Time 12:30

Major ___ Minor X Signature _____

Disposition to _____

Date 2-24-02 Time 1300 Initials _____

Custodian - Date Received 2/24/02 Time 1500

Major ___ Minor X Signature _____

Chain-of-Custody After the Custodian has Received the Item

From _____ To Euickee Potes
Date 2/28/02 Time 1120

From _____ To _____
Date _____ Time _____

From _____ To _____
Date _____ Time _____

From _____ To _____
Date _____ Time _____

From _____ To _____
Date _____ Time _____

Final Disposition _____

Date _____ Custodian's Initials _____

cc: 1 With Item (Tag); 2 Supervisor; 3 Employee; 4 Disciplinary Report; 5 Violator.

000083

ATTACHMENT 38



000084  ATTACHMENT 38

IDOC #: B13292 ROGERS, MELVIN                BEG DTE: 7  1 01   END DTE: 3  8 02
NON-SMOKING REQ: NO

```
------FROM--------     ---TO---     -LIVING UNIT-   NON      REASON FOR MOVE
 2 24 02  12:30:00          00      EMO U2 S  13   SMOKE
10  3 01  11:00:34    2 24 02       EMO AD 02 55     N       ROUTINE
 8  9 00  10:31:10   10  3 01       EMO U1 09 88     N       ROUTINE
                                                     N       ROUTINE
```

FS
NEXT KEY DATA: IDOC #: B13292   DTE BEG: 7  1 01   DTE END: 3  8 02
PF7: PAGE BACK      PF8: PAGE FWD
INQUIRY COMPLETE                        PLEASE ENTER NEXT KEY DATA

000085