**E-FILED**
Friday, 17 June, 2005  04:29:13 PM
Clerk, U.S. District Court, ILCD

State of Illinois - - Department of Corrections
**DISCIPLINARY REPORT**

Page 1 of 1

☒ Disciplinary Report  2-24-02
☐ Investigative Report _____  Date

Committed Person: RODGERS     No. B13292     Facility: EMCC

Observation Date: 2-24-02  Time: APPROX 11:00 am/pm  Location: DORM 2 ROOM 205F

DOUG MATHIS #7805
PRINT Employee's Name          Employee's Signature/Date/Time  2-24-02 12:30

Offense: 504  308 UNAUTHORIZED PROPERTY; 406 TRADING & TRAFFIKING

Observation: ON THE ABOVE DATE AND TIME DURING A SHAKEDOWN
OF INMATE ROGERS B13292 PROPERTY THE R.O.
FOUND 2 PACKS OF BLACK & MILD CIGARS, THE CIGARS
WERE IN INMATES PROPERTY BOX. INMATE STATED ANOTHER
INMATE GAVE THEM TO HIM TO HOLD.

Witnesses, if any: LT GONZALEZ

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☒ Temporary Confinement   ☐ Investigative Status   Reason: Security Concern

G. Ricke
PRINT Name                    Capt D. Petit
                              Shift Supervisor's Signature and Date
                              (For Community Correctional Centers, Chief Adm. Off.)

☒ Confinement Reviewed by Reviewing Officer   Comment: Security
J. Sanior
PRINT Name                    Capt Sanior 2/24/02
                              Signature/Date

☒ MAJOR, submitted to Adjustment Committee   ☐ MINOR, submitted to Program Unit
Sanior
PRINT Name                    Capt Sanior 2/24/02
                              Reviewing Officer's Signature and Date

☐ Reviewed by Hearing Investigator: _____
(Adult Division Major Reports Only)   PRINT Name          Signature and Date

**PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS**
You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

Melvin Rodger B13292
Committed Person's Signature and Number    Committed Person Refused to Sign ☐

T. McGOWIN                   T. McGowin              24 Feb 02   4:00pm  am/pm
PRINT Serving Employee's Name  Serving Employee's Signature   Date and Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____    _____
                                  Committed Person's Signature and Number

- - - - - - [DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING] - - - - - -

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____  Date

NAME OF WITNESS: _____    Number/Cell/Title: _____
Witness can testify to: _____
NAME OF WITNESS: _____    Number/Cell/Title: _____
Witness can testify to: _____

000086

DC 7206 (Rev. 4/98)   Distribution: 1) Master File; 2) Committed Person;   Committed Person's Name and Number

MAY-16-2002  THU 10:33 AM IL RIVER COR CTR          FAX NO. 3096472087                    P. 02

## STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Run Date: 03/18/2002

Name: ROGERS, MELVIN     IDOC #: B13292     Race: Black

Hearing Date/Time: 03/12/2002 / 01:20 PM     Living Unit: EMO-U2-S-13     Orientation Status:   N/A

Incident #: 200200571 ./ 2     Status: Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 02/24/2002 | 1 | MATHIS, DOUGLAS C | ADMINISTRATION BUILDING | 11:00 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 308 | Contraband/Unauthorized Property | Guilty |
| 406 | Trading or Trafficking | Guilty |

| Witness Type | Witness Id | Witness Name |
|---|---|---|
| Witness Status | | Witness Statement |

### No Witnesses Requested

### RECORD OF PROCEEDINGS
Idr read he states he was given the Black&
milds to hold on to by another inmate.

### BASIS FOR DECISION
Inmate admits he had the Black & Milds when he was searched. Idr true as written.

### DISCIPLINARY ACTION  (Consecutive to any priors)

Recommended:
Demotion to C grade 2 Month(s)
Segregation 45 Day(s)
Other : Transfer.

Final:
Demotion to C grade 2 Month(s)
Segregation 45 Day(s)
Other : Transfer.

### SIGNATURES

#### Hearing Committee

| | | | Race |
|---|---|---|---|
| GONZALES, ANTHONY - Chair Person | Signature | | HISPANIC |
| CODER, TAD W | Signature | | WHITE |

### Recommended Action Approved

### FINAL COMMENTS:

000087

## STATE OF ILLINOIS --- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Run Date: 03/18/2002

Name: ROGERS, MELVIN

IDOC #: B13292

Race: Black

Hearing Date/Time: 03/12/2002 / 01:20 PM

Living Unit: EMO-U2-S-13

Orientation Status:     N/A

Incident #: 200200571 / 2

Status: Final

---

GARY L WYANT / IDO

_Gary L. Wyant_          03/14/2002

**Chief Administrative Officer**          Signature          Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504; Subpart F.

_[signature]_          3-19-02    1000A

**Employee Serving Copy to Committed Person**          **When Served - - Date and Time**

000088

ILLINOIS DEPARTMENT OF CORRECTIONS
## Investigational Interview

*Type or Print all applicable information*

Case Number: 02-EMO-153
Investigator: EMRICH   15009
Last Name | Badge #

Date of Incident: 02-26-02   Location of Incident: E. MOLINE C.C.

Nature of Investigation:
CONDUCT OF INDIVIDUAL, SOCIALIZING
☒ Contraband   ☐ Death/Suicide   ☐ Drugs/Alcohol   ☐ Excessive Force   ☐ Intimidation/Threats   ☐ Misconduct
☐ Sexual Misconduct   ☐ Other (specify): TRADING & TRAFFICKING, FAILURE TO REPORT OFFENSE OR INCIDENT

Subject of Investigation: JENNINGS   MARK   W
Last Name | First Name | MI | ID or Badge #

### Interviewee:
Type: ☐ Civilian   ☐ Employee   ☒ Inmate (Incarcerated)   ☐ Inmate (Electronic Detention)   ☐ Parolee

Name: R1665   BRIAN   NMN   B12015
Last | First | MI | ID/Badge #

Race: ☐ White   ☒ African American   ☐ Asian   ☐ Native American   ☐ Hispanic   ☐ Other:

Gender: ☒ Male   ☐ Female   Age: 30   DOB: 12-16-71   Weight: 270   Height: 6 3"

### If Interviewee is a Civilian, Employee, or Parolee:

Employed at: _____   as _____   for 1 Years ___ Months
Business or Facility | Position or Title

Regular days off (circle): M T W Th F Sat Sun   Office Phone #: ( )   Cell Phone #: ( )

### If Interviewee is an Inmate or Parolee:
Facility: HILL C.C.   Housing Assignment: SEG.

Sentenced to 10 / Years Months   on _____ Date   from COOK County

for the offense(s) of: ARMED ROBBERY

Claims affiliation with: G.D. STG   as NICCO Nickname(s)

If on Parole or Electronic Detention, released from: _____ Facility   on _____ Date

and is supervised by _____ Agent or District Office

### Interview was conducted:

by ANITA EMRICH, INV.
Name and Title

at HILL CC   on 3-11-02   at 12:55 ☐ a.m. ☒ p.m.
Location | Date | Time

Constitutional Rights were: read: ☐ No   ☐ Yes at _____   ☐ a.m. ☐ p.m.
### See Interviewee's statement on the next page.

Interview was concluded at: 1:30   ☐ a.m. ☒ p.m.

*Brian Riggs*
Signature of Interviewee

*Anita Emrich*
Signature of Interviewer

_____
Name of Witness if any

_____
Signature of Witness if any

p 1 of 3   000089   Attachment: 42

**Investigational Interview**
*(con't)*

| Interviewee: Brian Riggs | Case Number: 01-EMO-753 |

The Interviewee substantially stated:

Riggs stated that he had been at E. Moline CC 2 years when just couple months ago, when he returned from work in dietary to the admin building, he spoke with Officer Jennings in the early A.M. Riggs remembered asking Jennings if he could have one of the Black & Mild cigars he had. Jennings gave Riggs one cigar. Riggs interjected that those cigars sell for 1 pack of cigarettes inside E. Moline. Jennings then brought in a box of cigars & gave them to Riggs once a week sometimes twice. Riggs stated that he had worked dietary for 2 years & had sent xtra food to many officers & had been sending food to Jennings prior to the cigars. Riggs sent the food in the inmate carts. Riggs stated that he had no "deal" with Jennings, actually Jennings was being nice to him by giving him the Black & Mild. Riggs stated that he didn't smoke the cigars but rather sold them for cigarettes for himself.

| Brian Riggs | Anita Amen | | Attachment: 42 |
| Interviewee's Signature | Interviewer's Signature | Witness's Signature | |

p 2 of 3

000090

Interviewee: __Brian Rigg__　Case Number: __02-EMO-153__

**The Interviewee substantially stated:**

Rigg stated that Black & Mild cigars are still sold in commissaries in other prisons & continued to come in, in inmate property. Rigg stated that he didn't mess w/ Inmate Joseph Turner. Turner "Ran his mouth" about getting cigars from Jennings. Rigg even told Jennings to stay away from Turner. Rigg stated that he worked in cafe tar & had sent Jennings breakfast food, you know eggs, french toast etc. _for cigars._ Rigg added that this deal simply took care of his smoking habit. Rigg stated that he had no direct knowledge of other staff trading cigars. According to Rigg, Inmate Krodel had nothing to do w/ the cigars. Also, Inmate Davila hadn't messed w/ the cigars since last August. Rigg concluded that the department should take his word for all of this, and he wouldn't take a polygraph test.

Interviewee's Signature: _Brian Rigg_　Interviewer's Signature: _Christa Smith_　Witness's Signature　Attachment: __42__

4:03-cv-04887-MMM-JAG    # 12-6    Page 7 of 43

IDOC #: B12025 RIGGS, BRIAN          BEG DTE: 7 1 01     END DTE: 3  8 02
NON-SMOKING REQ: NO

| ------FROM-------- | ---TO--- | -LIVING UNIT- | NON SMOKE | REASON FOR MOVE |
|---|---|---|---|---|
| 2 27 02  12:00:00 |      00 | HIL OR 01 27 | N | ROUTINE |
| 2 26 02  20:30:00 | 2 27 02 | HIL OR 01 52 | N | ROUTINE |
| 2 26 02  14:12:00 | 2 26 02 | HIL OR 01 50 | N | INVEST. SEG |
| 2 26 02  14:11:58 | 2 26 02 | HIL 0U 0U 0U | N | TRANSFER |
| 2 25 02  14:49:02 | 2 26 02 | EMO U2 S  20 | N | TRANSFER |
| 1  9 02  11:26:57 | 2 25 02 | EMO AD 03 22 | N | ROUTINE |
| 12 12 01  08:50:21 | 1  9 02 | EMO U2 C  42 | N | ROUTINE |
| 11 14 01  10:11:16 | 12 12 01 | EMO U2 C  17 | N | ROUTINE |
| 10 25 01  09:29:30 | 11 14 01 | EMO U1 12 70 | N | SEG. RELEASE |
| 10  8 01  06:46:24 | 10 25 01 | EMO U2 S  08 | N | ROUTINE |
| 1 24 01  10:32:00 | 10  8 01 | EMO AD 02 61 | N | ROUTINE |

FS
NEXT KEY DATA: IDOC #: B12025  DTE BEG: 7   1  01    DTE END: 3   8  02
PF7: PAGE BACK      PF8: PAGE FWD
INQUIRY COMPLETE                          PLEASE ENTER NEXT KEY DATA

IDOC#: B12025 RIGGS, BRIAN          2 A L  HIL-OR-01-27-01      09/04/2002

|  |  | S | P |  |  | PLANNED |  |  | TERM |
|-LOC-|----ASSIGNMENT DESCRIPTION----| T | -R- | --START- | -END- | -TERM- | -RSN- |
| HIL | INVESTIGATIVE STATUS, LOCKUP | A | Y | 2 26 02 | 00 | 00 | |
| EMO | DORM 3, JANITOR | T | Y | 1 14 02 | 00 | 2 26 02 | TRAN |
| EMO | DIETARY DEPT., WORKER | T | Y | 11 19 01 | 00 | 1 13 02 | CHNG |
| EMO | DIETARY DEPT., WORKER | T | N | 11 18 01 | 11 18 01 | 11 18 01 | WALK |
| EMO | UNASSIGNED, PARTICIPANT | T | Y | 10 25 01 | 00 | 11 18 01 | CHNG |
| EMO | DISCIPLINARY SEG., LOCKUP | T | Y | 10 11 01 | 10 17 01 | 10 25 01 | CMPL |
| EMO | INVESTIGATIVE STATUS, LOCKUP | T | N | 10 8 01 | 00 | 10 12 01 | CHNG |
| EMO | DIETARY DEPT., WORKER | T | Y | 12 20 99 | 00 | 10 11 01 | SEG |
| EMO | LOSS PRIV, UNIT RESTRICTIO | T | N | 12 27 99 | 1 2 00 | 1 2 00 | CMPL |
| EMO | ORIENTATION, PARTICIPANT | T | Y | 12 2 99 | 00 | 12 19 99 | CHNG |
| DIX | H. U. 31, SANITARIAN | T | Y | 10 25 99 | 00 | 12 1 99 | TRAN |
| DIX | H. U. 31, JANITOR | T | Y | 10 5 99 | 00 | 10 24 99 | CHNG |
| FS | | | | | | | |

NEXT KEY DATA:  IDOC #:  B12025
PF7: PAGE BACK   PF8: PAGE FWD

υ00093

P  /  OF /

ATTACHMENT 44

OKA7

State of Illinois—Department of Corrections
## DISCIPLINARY REPORT

Page __1__ of __1__

☒ Disciplinary Report __03/20/2002__          ☐ Investigative Report
                        **Date**                                    **Date**

Committed Person: __Riggs, Brian__ ___ No. __B12025__ ___ Facility: __East Moline Correctional__

Observation Date: __03/20/2002__ Time: __08:00__ ☒ am ☐ pm Location: __Internal Affairs__

__D. M. Pearsall__ _____ __03/20/02 08:15__ ☒ am ☐ pm
PRINT Employee's Name          Employee's Signature          Date     Time

                        ☒ A
Offense: __504__ ☐ B  __#406 Trading And Trafficking__
                        ☐ C

Observation: __During the course of an investigation inmate Riggs, Brian B12025 stated that he had received Black and Mild__
__Cigars from a staff member. Riggs stated that he received the Black and Mild Cigars in exchange for various food items that__
__Riggs made up while working 3rd Shift in the Dietary Department.__

Witnesses, if any: _____

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement    ☐ Investigative Status
Reasons: _____

                                                                    OKA7

PRINT Name _____     Shift Supervisor's Signature          Date
                                           (For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer    Comments: _____

PRINT Name _____     Signature _____ Date

☒ MAJOR, submitted to Adjustment Committee    ☐ MINOR, submitted to Program Unit: _____
__Capt Don Wood 29-7 ☒ 728__                  __G. Dawson__           __3-21-02__
PRINT Names                                   Reviewing Officer's Signature   Time   Date

☒ Reviewed by Hearing Investigator: __Ditchn__           __Jil__           __8/26/02__
(Adult Division Major Reports Only)   PRINT Name          Signature          Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant
physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that
witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed
and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment
Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to
prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges,
and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

X __Brian Riggs__           __B-12025__           Committed Person Refused to Sign ☐
Committed Person's Signature   Number

__CC Schland__           __CC Schland__  __9rel__           __7-21-02__           __8:20__
PRINT Serving Employee's Name   Serving Employee's Signature   Date   Time Served   ☐ am ☒ pm

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____
                                           Committed Person's Signature          Number

- - - (DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING) - - -
I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of:
_____           _____ Date __3-21-02__

NAME OF WITNESS: _____ Number/Cell/Title: _____
Witness can testify to: _____                                    Date __3-21-02__

NAME OF WITNESS: _____ Number/Cell/Title: _____
Witness can testify to: _____

                        000094

                                           Committed Person's Name          Number

MAR-26-2002  12:38 PM   HILL CORRECTIONAL CENTER   309 343 3812    P.04

# STATE OF ILLINOIS --- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Run Date: 03/26/2002

**Name:** RIGGS, BRIAN

**IDOC #:** B12025

**Race:** Black

**Hearing Date/Time:** 03/24/2002 / 12:06 PM

**Living Unit:** HIL-OR-01-78

**Orientation Status:** N/A

**Incident #:** 200202250 / 1

**Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 03/20/2002 | 1 | OTH STAFF, STAFF | EAST MOLINE CORR. CTR. | 8:00 AM |

| Offense | | Violation | Final Result |
|---------|--|-----------|--------------|
| 406 | | Trading or Trafficking | Guilty |

| Witness Type | Witness Id | Witness Name | |
|--------------|-----------|--------------|--|
| Witness Status | | Witness Statement | |

**No Witnesses Requested**

## RECORD OF PROCEEDINGS:

DR Read Inmate plead guilty. Stated he worked the dietary at the East Moline CC on 3rd shift stated the Officer gave him some cigars just out of common courtesy stated their were no favors involved stated the C/O was just being nice.

## BASIS FOR DECISION

Committee finds Inmate guilty based on the validity of the reports submitted by the Internal Affairs Unit at East Moline Correctional Center who provided the Committee with the information that Inmate Riggs was in possession of cigars brought in by Staff as well as the admission of guilt by Inmate Riggs for possession. Therefore the committee is satisfied the charge of 406 is valid.

## DISCIPLINARY ACTION (Consecutive to any priors)

Recommended:

Demotion to C grade 1 Month(s)
Segregation 28 Day(s)
Loss of Commissary 1 Month(s)

Final:

Demotion to C grade 1 Month(s)    8:10 AM
Segregation 28 Day(s)
Loss of Commissary 1 Month(s)

## SIGNATURES

Hearing Committee

CAROTHERS, JAMES M - Chair Person

| | WHITE |
|--|-------|
| Signature | **Race** |

SANGSTER, CLIFFORD D

| | BLACK |
|--|-------|
| Signature | **Race** |

Recommended Action Approved

## FINAL COMMENTS:

MARK A. PIERSON / ADH

Chief Administrative Officer

03/25/2002

Signature    Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

HAHN, DANIEL E

03/26/2002  08:05 AM

Employee Serving Copy to Committed Person

When Served -- Date and Time

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## Investigational Interview

*Type or Print all applicable information*

Case Number: __02-EMO-153__

Investigator: __EMRICH__ 15009
Last Name / Badge #

Date of Incident: __02-24-01__    Location of Incident: __E. MOLINE CC.__

**Nature of Investigation:** __CONDUCT OF INDIVIDUAL, SOCIALIZING__

☐ Contraband    ☐ Death/Suicide    ☐ Drugs/Alcohol    ☐ Excessive Force    ☐ Intimidation/Threats    ☐ Misconduct
☐ Sexual Misconduct    ☐ Other (specify): __TRADING & TRAFFICKING, FAILURE TO REPORT OFFENSE OR INCIDENT__

Subject of Investigation: __CO JENNINGS__    __MARK__
Last Name / First Name / MI / ID or Badge #

---

**Interviewee:**

Type:    ☐ Civilian    ☐ Employee    ☒ Inmate (Incarcerated)    ☐ Inmate (Electronic Detention)    ☐ Parolee

Name: __KRODEL__    __CHRISTOPHER__    __L__    __B 35546__
Last / First / MI / ID/Badge #

Race: ☒ White    ☐ African American    ☐ Asian    ☐ Native American    ☐ Hispanic    ☐ Other: ____

Gender: ☒ Male    ☐ Female    Age: __30__    DOB: __8-3-71__    Weight: __190__    Height: __5'9"__

**If Interviewee is a Civilian, Employee, or Parolee:**

Employed at: _____ as _____ for __1__ Years Months
Business or Facility / Position or Title

Regular days off (circle): M T W Th F Sat Sun    Office Phone #: (___)    Cell Phone #: (___)

**If Interviewee is an Inmate or Parolee:**

Facility: __HILL CC.__    Housing Assignment: __SEG 18__

Sentenced to __14__ Years ___ Months on _____ Date    from __LAKE__ County

for the offense(s) of: __ROBBERY__

Claims affiliation with: __DENIES__ STG    as __CHRIS__ Nickname(s)

If on Parole or Electronic Detention, released from: _____ on _____
Facility / Date

and is supervised by _____
Agent or District Office

---

**Interview was conducted:**

by __ANITA EMRICH, INV.__
Name and Title

at __HILL CC__    on __3-11__    at __2:00__ ☐ a.m. ☒ p.m.
Location / Date / Time

Constitutional Rights were: read: ☐ No    ☐ Yes at _____ ☐ a.m. ☐ p.m.

See Interviewee's statement on the next page.

Interview was concluded at: __2:30__ ☐ a.m. ☒ p.m.

_____    _Anita Emrich_
Signature of Interviewee / Signature of Interviewer

_____    _____
Name of Witness if any / Signature of Witness if any

Attachment: __47__

**Investigational Interview**
*(con't)*

| Interviewee: _Chris Topher Knodel_ | Case Number: _02 EMO ·153_ |

The Interviewee substantially stated:

Knodel stated that he knew that Inmate Turner &
Inmate Riggs were selling Black & Milds prior
to everyone on Don 2 gone to Seg on 2-15-02.
Knodel learned that it was Officer Jennings, who
he really didn't know, who was
bringing in the cigars from Inmate Riggs & doesn't
know yet, if its true. Knodel stated that he
had nothing to do with the cigars & he didn't smoke
cigars. Knodel thought that the Black & Milds
came into E. Moran w/ new inmate.

Knodel stated that late on 2-24-02 his property
was shook down & illegal pornography was found.
Knodel explained that friends had sent him ~~that the~~
magazines & even this one showed penetration, he
kept them because they were valuable to trade.
Knodel stated that he had lent his magazines to
inmates, always in a brown envelope. Knodel stated
that he worked in General Stores & had ~~carried~~
taken his porno magazines to work & John Knup had
~~gotten~~ ~~~~ ~~~~
looked at them.

| | | Attachment: _42_ |
| --- | --- | --- |
| _Interviewee's Signature_ | _Interviewer's Signature_ | |
| | Witness's Signature | |

**Investigational Interview**
*(con't)*

| Interviewee: | Christopher Knodel | Case Number: | 02-EM0-153 |

The Interviewee substantially stated:

Knop curled hair harded hen, (Knodels) our magazine back - in a brown envelope.

Knodel emphasized that no stuff ever gave him cigars, with or without a porno magazine.

Knodel didn't recall ever being w/ Turner & Knop at the same time & didn't think Turner even knew where General Store was.

Knodel did recall Turner purchasing a beard trimmer from the store & latter using Knodel how to get his inmate # off of it because he brought it for someone else. Knodel suggested Turner try a SOS pad. Knodel also remembered when Turner first moved to Unit 2, Turner said he had to get him a pair of shoes someone owed him for 10 boxes of Black & Milds. Knodell stated that all he remembered regarding the Black & Milds. Knodel added that he knew inmate Peeples pretty well & he didn't think Peeples sold any Black & Milds.

| Interviewee's Signature | Interviewer's Signature | Witness's Signature | Attachment: 47 |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Polygraph Consent

Examinee's Name (print): _CHRISTOPHER KRODEL, B 38546_

☐ I do hereby voluntarily, without duress, coercion, threats, or promise of reward or immunity, consent to be examined by a polygraph detection of deception technique, commonly referred to as a Lie Detector Test.

I do hereby voluntarily approve the necessary components to be attached to my person where necessary. I further release and forever hold harmless the State Of Illinois, its agents or employees and affiliates or both from any responsibility or action resulting from this examination.

I further agree that the final results of this examination may be made known or given to the proper person or persons as determined by the Illinois Department of Corrections.    I understand that I may receive a copy of the results of the polygraph examination by making a written request to the Internal Investigations Unit at the:

        Illinois Department of Corrections
        1301 Concordia Court
        P. O. Box 19277
        Springfield, IL  62794-9277

☐ (Examiner to check only if applicable) I am a victim of Criminal Sexual Assault, Aggravated Criminal Sexual Assault, Predatory Criminal Sexual Assault on a Child, Criminal Sexual Abuse, or Aggravated Criminal Sexual Abuse. As a victim I understand that I am not required to submit to this polygraph examination as a condition for proceeding with the investigation, charging, or prosecution of this offense and such polygraph test shall be administered solely at my request.   I further understand that if I refuse to submit to this polygraph examination such refusal shall not mitigate against the investigation, charging, or prosecution of the pending case as originally charged.

_____ 83554C        3 / 11 / 02
       Examinee's Signature                         Date

☐ I hereby refuse to submit to the polygraph examination.

_____           / /
       Examinee's Signature                         Date

Witness:

_____          _____
       Print Name of Witness                    ID or Badge# (if applicable)

_Anita Emrru_          3 / 11 / 02
       Signature of Witness                         Date

☐ As witnessed above, the examinee refused to submit to the polygraph examination and refused to sign this form.

Distribution: File

000099

DOC 0069 (Eff. 1/2002)
(Replaces DC 7186 & 7187)

Printed on Recycled Paper

ATTACHMENT 4.8

EXHIBIT NO. _____

CLIC NO. _____

**SHAKEDOWN RECORD/CONFISCATED CONTRABAND**
(Tag/Receipt/Report/Chain-of-Custody Record)

Date _02/24/02_ Time _6PM_ Bldg/Area _Dorm 2_

Living Area # _163-2_      Occupied? Yes _✓_ No ___

Violator _KROPAC_                 No. _B33846_

Was Any Contraband Found? Yes _✓_ No ___

Item(s) (Description and Circumstances of Discovery) ___

_18   PORN MAGS_

_7   PORN BOOKS_

Witness _Sgt Drew_

Was a Disciplinary Report Written? Yes ___ No ___

Was an Incident Report Written? Yes ___ No ___

Employee's Signature _S A Ward_

Badge No. _6679_ Date _02/24/02_ Time _630 pm_

OC 252 (Rev. 6/97) IL 426-0042

---

Supervisor - Date Received _2/24/02_      Time _6 pm_

Major _____ Minor _____ Signature _____

Disposition _Internal Affairs_

Date _2/24/02_ Time _1834_ Initials _____

Custodian - Date Received _2/24/02_      Time _1800_

Major _X_ Minor _____ Signature _____

Chain-of-Custody After the Custodian has Received the Item

From _Internal Affairs_ To _Evidence Locker_

Date _2/28/02_            Time _1120_

From _____            To _____

Date _____            Time _____

From _____            To _____

Date _____            Time _____

From _____            To _____

Date _____            Time _____

Final Disposition _____

Date _____ Custodian's Initials _____

cc: 1 With Item (Tag); 2 Supervisor; 3 Employee; 4 Disciplinary Report; 5 Violator

000100

ATTACHMENT _49_

IDOC #: B35546 KRODEL, CHRISTOPHER          BEG DTE:  7  1 01    END DTE:  3  8 02
NON-SMOKING REQ: NO

|  | | | | NON SMOKE | REASON FOR MOVE |
| ------FROM-------- | ---TO--- | -LIVING UNIT- | | | |
| 2 27 02  12:00:00 | 00 | HIL S  01 18 | Y | | ROUTINE |
| 2 26 02  14:12:00 | 2 27 02 | HIL OR 01 51 | N | | INVEST. SEG |
| 2 26 02  14:11:07 | 2 26 02 | HIL 0U 0U 0U | N | | TRANSFER |
| 2 24 02  18:38:28 | 2 26 02 | EMO U2 S  18 | N | | TRANSFER |
| 9 28 01  11:12:29 | 2 24 02 | EMO AD 02 63 | N | | ROUTINE |
| 1 12 01  10:06:34 | 9 28 01 | EMO AD 02 53 | N | | ROUTINE |

FS
NEXT KEY DATA: IDOC #: B35546  DTE BEG:  7   1  01    DTE END:  3   8  02
PF7: PAGE BACK       PF8: PAGE FWD
INQUIRY COMPLETE                         PLEASE ENTER NEXT KEY DATA

000101

ATTACHMENT 50

/ OF /

State of Illinois—Department of Corrections
## DISCIPLINARY REPORT

Page ___ of 1

☒ Disciplinary Report __03/20/2002__          ☐ Investigative Report
                  Date                                            Date

Committed Person: __Krodel, Christopher__    No. __B35546__    Facility: __East Moline Correctional__

Observation Date: __03/20/2002__    Time: __08:00__    ☒ am ☐ pm    Location: __Internal Affairs__

__D. M. Pearsall__                                  __03/20/02   08:15__   ☒ am ☐ pm
PRINT Employee's Name          Employee's Signature          Date     Time

☒ A
Offense: __504__ ☐ B  __#308 Unauthorized Property And #406 Trading And Trafficking__
☐ C

Observation: __During the course of an investigation inmate Krodel, Christopher B35546, was found in possession of__
__pornographic material.  Krodel stated that he has received pornographic material during the course of his incarceration from__
__other inmates and that he has passed pornographic material back and forth with inmate Peenica, John N82826.__

Witnesses, if any: _____

NOTE:  Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement     ☐ Investigative Status
Reason: _____

PRINT Name _____    Shift Supervisor's Signature _____ Date
(For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer   Comments: _____

PRINT Name _____    Signature _____ Carrier Date

☒ MAJOR, submitted to Adjustment Committee     ☐ MINOR, submitted to Program Unit
__Capt. Don Wood 227 #725__              __Gald Darwoul__   __3-21-02__
PRINT Name                            Reviewing Officer's Signature   Time   Date

☒ Reviewed by Hearing Investigator: __D. Hahn__            _____   __3/26/02__
(Adult Division Major Reports Only)  PRINT Name       Signature   Time   Date

### PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS
You have the right to appear and present a written or oral statement or explanation concerning the charges.  You may present relevant physical material such as records or documents.

### PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS
You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing.  You may ask that witnesses be questioned along lines you suggest.  You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee.  You may ask staff assistance if you are unable to prepare a defense.  You may request a reasonable extension of time to prepare for your hearing.  If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution.  In addition, juveniles may receive a delay in recommended parole.

__C. Krull__  __B35546__                    Committed Person Refused to Sign ☐
Committed Person's Signature     Number
__C Scheland__        __C Scheland__          __3-11-02__   __834__  ☐ am ☒ pm
PRINT Serving Employee's Name   Serving Employee's Signature   Date   Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____    _____    _____
              Committed Person's Signature     Number

### (DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)
I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____
_____    _____    Date

NAME OF WITNESS: _____    Number/Cell/Title: _____
Witness can testify to: _____

NAME OF WITNESS: _____    Number/Cell/Title: _____
Witness can testify to: _____

000102

_____    _____
Committed Person's Name     Number

DC 0204 (Rev. 5/00)  Distribution:  1) Master File; 2) Committed Person

ATTACHMENT 51

# STATE OF ILLINOIS --- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Run Date: 03/26/2002

Name: KRODEL, CHRISTOPHER

IDOC #: B35546

Race: White

Hearing Date/Time: 03/24/2002 / 12:15 PM

Living Unit: HIL-OR-01-69

Orientation Status: N/A

Incident #: 200202249 / 1

Status: Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 03/20/2002 | 1 | OTH STAFF, STAFF | EAST MOLINE CORR. CTR. | 8:00 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 308 | Contraband/Unauthorized Property | Guilty |
| 406 | Trading or Trafficking | Guilty |

| Witness Type | Witness Id  Witness Name |
|---|---|
| Witness Status | Witness Statement |

No Witnesses Requested

## RECORD OF PROCEEDINGS

IDR Read Inmate plead guilty stated the Items were his.

## BASIS FOR DECISION

Committee finds inmate guilty based on the validity of the reporting officers written report as well as the inmates own admission for being in possession of the unauthorized items as well as the observation by the reporting Officer. Therefore the committee is satisfied the charges are valid.

## DISCIPLINARY ACTION  (Consecutive to any priors)

Recommended:
Demotion to C grade 1 Month(s)
Segregation 29 Day(s)
Loss of Commissary 1 Month(s)

Final:
Demotion to C grade 1 Month(s)
Segregation 29 Day(s)
Loss of Commissary 1 Month(s)

## SIGNATURES

Hearing Committee

CAROTHERS, JAMES M - Chair Person

Signature

Race: WHITE

SANGSTER, CLIFFORD D

Signature

Race: BLACK

Recommended Action Approved

## FINAL COMMENTS:

MARK A PIERSON /DAH

*[signature]*

03/25/2002

Signature

Date

Chief Administrative Officer.

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

HAHN, DANIEL E

03/26/2002   08:05 AM

Employee Serving Copy to Committed Person

When Served - - Date and Time

000103

ATTACHMENT 52

ILLINOIS DEPARTMENT OF CORRECTIONS
## Investigational Interview

*Type or Print all applicable information*

Case Number: _02-GMO-153_

Investigator: _EMRICH_
Last Name                    Badge #

Date of Incident: _2-24-02_    Location of Incident: _E. MOLINE CC_

Nature of Investigation: _CONDUCT OF INDIVIDUAL, SOCIALIZING_

☐ Contraband    ☐ Death/Suicide    ☐ Drugs/Alcohol    ☐ Excessive Force    ☐ Intimidation/Threats    ☐ Misconduct
☐ Sexual Misconduct    ☐ Other (specify): _TRADING & TRAFFICKING, FAILURE TO REPORT OFFENSE OR INCIDENT._

Subject of Investigation: _CO JENNINGS_                    _MARK_
Last Name                    First Name          MI          ID or Badge #

### Interviewees:

Type:    ☐ Civilian    ☐ Employee    ☒ Inmate (Incarcerated)    ☐ Inmate (Electronic Detention)    ☐ Parolee

Name: _PEEPLES_                    _JOHN_          _D_      _N-8282_
Last                    First          MI    ID/Badge #

Race:    ☐ White    ☒ African American    ☐ Asian    ☐ Native American    ☐ Hispanic    ☐ Other: _____

Gender: ☒ Male  ☐ Female  Age: _31_  DOB: _9-7-70_  Weight: _190_  Height: _5'5"_

### If Interviewee is a Civilian, Employee, or Parolee:

Employed at: _____ as _____ for _/_
Business or Facility                    Position or Title          Years  Months

Regular days off (circle):  M  T  W  Th  F  Sat  Sun   Office Phone #: ( )          Cell Phone #: ( )

### If Interviewee is an Inmate or Parolee:

Facility: _E. MOLINE CC._          Housing Assignment: _SEG #6_

Sentenced to _15_ _/_ on _10-1997_ from _PEORIA_
Years  Months          Date          County

for the offense(s) of: _ARMED ROBBERY_

Claims affiliation with: _CONSRU. VICE LORDS_ as _"Q"_
STG                    Nickname(s)

If on Parole or Electronic Detention, released from: _____ on _____
Facility                    Date

and is supervised by _____
Agent or District Office

### Interview was conducted:

by _ANITA EMRICH, INV._
Name and Title

at _E. MOLINE CC_ on _3-13-02_ at _11:40_ ☒ a.m. ☐ p.m.
Location          Date          Time

Constitutional Rights were read:    ☒ No    ☐ Yes at _____ ☐ a.m. ☐ p.m.

See Interviewee's statement on the next page.

Interview was concluded at: _____    ☐ a.m.
☐ p.m.

X _____
Signature of Interviewee                    Signature of Interviewer

_____                    _____
Name of Witness if any                    Signature of Witness if any

U00104

Attachment: _53_

Distribution:  File          Page _1_ of _3_          DOC 0080 (Eff. 1/2002)

Interviewee: _____ (John) Peeples _____    Case Number: 02-EMO-153

The interviewee substantially stated:

Peeples stated that he came to E. Moline CC in May, 2000. Peeples moved into cell #55, Unit 2 the end of Jan 2002. Peeples noticed that one of his cellmates, John Turner, always had Black & Mild cigars, sometimes 1 cigar & sometimes several boxes. Turner was open about the cigars, he didn't smoke them, so Peeples assumed Turner sold the cigars. Peeples stated that Turner was "tight" with another cellmate, Steve Mantulla, & he saw Mantulla w/ Black & Milds, but didn't know for sure where Mantulla got them. On 2-27-02, Peeples cell #55 was shook down & pornography was found in Peeples property. Peeples stated that he had 8 magazines that he got from other inmates. Peeples stated that the 2002 Hustler in his property was from Inmate Bousky.

Interviewee's Signature    Interviewer's Signature    Witness's Signature    Attachment: 53

| Interviewee: | John Peeples | Case Number: | 02-CMO-153 |

**The interviewee substantially stated:**

who has since gone home). Peeples received the Hustler the same week the cigar incident occurred. Peeples stated that he had ~~traded~~ shared pornographic magazines w/ Inmate Chris Knodel. Some of Peeples magazines dated back to 1998 & he got them on visits & from other inmates. Peeples stated that he had been shook down in the past & nothing was said about the magazines. Peeples did not know where Bowshy got the 2002 Hustler. Peeples said he had asked Knodel when he got his magazines, at least one from this year (2002) but Knodel would never say.

Peeples stated that he quit smoking on 4-30-01 and ~~hadnt~~ messed with the Black & Milds since before that. Peeples never observed Knodel with the Black & Milds. Peeples suspected that the cigars came in on 3rd shift but he didn't know from who.

| Interviewee's Signature | Interviewer's Signature | Witness's Signature | Attachment: 53 |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Polygraph Consent

**Examinee's Name** (print): _JOHN PEEPLES    N82826_

☐ I do hereby voluntarily, without duress, coercion, threats, or promise of reward or immunity, consent to be examined by a polygraph detection of deception technique, commonly referred to as a Lie Detector Test.

I do hereby voluntarily approve the necessary components to be attached to my person where necessary. I further release and forever hold harmless the State Of Illinois, its agents or employees and affiliates or both from any responsibility or action resulting from this examination.

I further agree that the final results of this examination may be made known or given to the proper person or persons as determined by the Illinois Department of Corrections. I understand that I may receive a copy of the results of the polygraph examination by making a written request to the Internal Investigations Unit at the:

    Illinois Department of Corrections
    1301 Concordia Court
    P. O. Box 19277
    Springfield, IL  62794-9277

☐ (Examiner to check only if applicable) I am a victim of Criminal Sexual Assault, Aggravated Criminal Sexual Assault, Predatory Criminal Sexual Assault on a Child, Criminal Sexual Abuse, or Aggravated Criminal Sexual Abuse. As a victim I understand that I am not required to submit to this polygraph examination as a condition for proceeding with the investigation, charging, or prosecution of this offense and such polygraph test shall be administered solely at my request. I further understand that if I refuse to submit to this polygraph examination such refusal shall not mitigate against the investigation, charging, or prosecution of the pending case as originally charged.

_____    03 /13 /02
Examinee's Signature    Date

☐ I hereby refuse to submit to the polygraph examination.

_____    / /
Examinee's Signature    Date

**Witness:**

_____    _____
Print Name of Witness    ID or Badge# (if applicable)

_____    3 /13 /02
Signature of Witness    Date

☐ As witnessed above, the examinee refused to submit to the polygraph examination and refused to sign this form.

Distribution: File

000107

DOC 0069 (Eff. 1/2002)
(Replaces DC 7186 & 7187)

*Printed on Recycled Paper*

P 1 OF 1

ATTACHMENT 54

IDOC #: N82826 PEEPLES, JOHN          BEG DTE:  7  1 01    END DTE:  3  8 02
NON-SMOKING REQ: NO

|  | | | NON | |
|---|---|---|---|---|
| ------FROM-------- | ---TO--- | -LIVING UNIT- | SMOKE | REASON FOR MOVE |
| 2 24 02  18:35:00 | .00 | EMO U2 S  10 | N | ROUTINE |
| 2 24 02  18:32:59 | 2 24 02 | EMO 0U 0U 0U | N | ROUTINE |
| 1 16 02  11:09:56 | 2 24 02 | EMO AD 02 55 | N | ROUTINE |
| 6 27 01  09:46:33 | 1 16 02 | EMO U2 D  21 | N | ROUTINE |

FS
NEXT KEY DATA: IDOC #: N82826  DTE BEG:  7  1  01    DTE END:  3  8  02
PF7: PAGE BACK     PF8: PAGE FWD
INQUIRY COMPLETE                    PLEASE ENTER NEXT KEY DATA

State of Illinois—Department of Corrections
## DISCIPLINARY REPORT

Page 1 of 1

☒ Disciplinary Report  03/15/2002 _____   ☐ Investigative Report _____
           Date                                                   Date

Committed Person: Peeples, John _____ No. N82826 _____ Facility: East Moline Correctional

Observation Date: 03/15/2002 _____ Time: 14:35 : ☐ am ☒ pm   Location: Internal Affairs

D. M. Pearsall _____                   _____        03/15/02  14:45  ☐ am ☒ pm
PRINT Employee's Name          Employee's Signature          Date          Time

          ☒ A
Offense: 504 ☐ B  #308 Unauthorized Property And #406 Trading And Trafficking
          ☐ C

Observation: During the course of an Investigation inmate Peeples, John N82826 admitted being in possession of
pornographic magazines that showed penetration. Peeples stated that he got the magazines from an inmate that had just went
home. Peeples stated that he and another inmate passed the magazines back and forth all the time.

Witnesses, if any: _____

NOTE:  Use continuation page if necessary to describe observation and/or list witnesses.

☒ Temporary Confinement      ☐ Investigative Status
Reasons: _____ Safety, and Security of the Institution

Capt Stump _____           _____           3/15/02
PRINT Name                  Shift Supervisor's Signature          Date
                            (For Community Correctional Centers, Chief Adm. Off.)

☒ Confinement Reviewed by Reviewing Officer   Comments: _____
Lt. Hamilton _____           _____           3-15-02
PRINT Name                  Signature          Date

☒ MAJOR, submitted to Adjustment Committee   ☐ MINOR, submitted to Program Unit
Lt. Hamilton _____           _____           3-15-02
PRINT Name                  Reviewing Officer's Signature          Date

☐ Reviewed by Hearing Investigator: _____
(Adult Division Major Reports Only)  PRINT Name          Signature          Date

### PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

### PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing, if you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

_____           N82826           Committed Person Refused to Sign ☐
Committed Person's Signature     Number

A. Cullur _____        G. Cullen 7795 _____   02/16/02  8⁵⁵  ☒ am ☐ pm
PRINT Serving Employee's Name   Serving Employee's Signature     Date          Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____
                    Committed Person's Signature          Number
--------------------------------------------------------------------
(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____
                                                                                        Date

NAME OF WITNESS: _____   Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____   Number/Cell/Title: _____

Witness can testify to: _____           100109

_____
Committed Person's Name          Number

P 1 OF 1
DC 0190 ...  ... Distribution: ...  Master File: 2)  Committed Person

MAY-16-2002 09:50AM FROM-SHAWNEE CORRECTIONAL CENTER

# ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Run Date: 03/20/2002

Name: PEEPLES, JOHN

IDOC #: N82826

Race: Black

Hearing Date/Time: 03/19/2002 / 12:00 AM

Living Unit: EMO-U2-S-06

Orientation Status: N/A

Incident #: 200200727 / 1

Status: Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|-----------------|----------|------|
| 03/15/2002 | 1 | PEARSALL, DARREL M | INTERNAL AFFAIRS | 2:35 PM |

| Offense | Violation | Final Result |
|---------|-----------|-------------|
| 308 | Contraband/Unauthorized Property | Guilty |
| 406 | Trading or Trafficking | Guilty |

| Witness Type | Witness Id | Witness Name |
|--------------|-----------|--------------|
| Witness Status | | Witness Statement |

No Witnesses Requested

## RECORD OF PROCEEDINGS
Idr read, he states he was given the magazine by another inmate, he states it did show penetration.

## BASIS FOR DECISION
Inmate admits he had a magazine showing penetration, he was given the magazine by another inmate, Idr true as written.

## DISCIPLINARY ACTION  (Consecutive to any priors)
Recommended:
Demotion to C grade 2 Month(s)
Segregation 45 Day(s)
Other : Transfer

Final:
Demotion to C grade 2 Month(s)
Segregation 45 Day(s)
Other : Transfer

## SIGNATURES
Hearing Committee

GONZALES, ANTHONY  - Chair Person

Signature

HISPANIC
Race

CODER, TAD W

Signature

WHITE
Race

Recommended Action Approved

## FINAL COMMENTS:

000110

ATTACHMENT 57

STATES

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Run Date: 03/20/2002

Name: PEEPLES, JOHN

IDOC #: N82826

Race: Black

Hearing Date/Time: 03/19/2002 / 12:00 AM

Living Unit: EMO-U2-S-06

Orientation Status:     N/A

Incident #: 200200727 / 1

Status: Final

---

GARY L WYANT / IDO

Signature

03/20/2002

Chief Administrative Officer

Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

3-20-02

Employee Serving Copy to Committed Person

When Served - - Date and Time

---

000111

ATTACHMENT 57

ILLINOIS DEPARTMENT OF CORRECTIONS
# Investigational Interview

*Type or Print all applicable information*

| | |
|---|---|
| Case Number: | OL-EMO-153 |
| Investigator: | EMRICH |
| | Last Name          Badge # |

Date of Incident: 2-24-02   Location of Incident: EAST MOLINE CC

Nature of Investigation: TRADING & TRAFFICKING, FAILURE TO REPORT OFFENSE OR INCIDEN

☐ Contraband  ☐ Death/Suicide  ☐ Drugs/Alcohol  ☐ Excessive Force  ☐ Intimidation/Threats  ☐ Misconduct

☐ Sexual Misconduct  ☐ Other (specify): CONDUCT OF INDIVIDUAL, SOCIALIZING,

Subject of Investigation: CO  JENNINGS    MARK
                              Last Name              First Name      MI    ID or Badge #

## Interviewee:

Type: ☐ Civilian  ☐ Employee  ☒ Inmate (Incarcerated)  ☐ Inmate (Electronic Detention)  ☐ Parolee

Name: HOPKINS          TORY          J   K80996
         Last              First          MI   ID/Badge #

Race: ☐ White  ☒ African American  ☐ Asian  ☐ Native American  ☐ Hispanic  ☐ Other:

Gender: ☒ Male  ☐ Female  Age: 21  DOB: 9/10/80  Weight: 180  Height: 6'2"

## If Interviewee is a Civilian, Employee, or Parolee:

Employed at: _____ Business or Facility _____ as _____ Position or Title _____ for _____/_____ Years  Months

Regular days off (circle): M T W Th F Sat Sun   Office Phone #: (   )   Cell Phone #: (   )

## If Interviewee is an Inmate or Parolee:

Facility: E. MOLINE CC          Housing Assignment: SEG # 21

Sentenced to 6 Years / 1 Months  on 4-00 Date  from DEKALB County

for the offense(s) of: MANU / DEL 15 + GR COCAINE

Claims affiliation with: DENIES STG  as NONE Nickname(s)

If on Parole or Electronic Detention, released from: _____ Facility _____ on _____ Date

and is supervised by _____ Agent or District Office

## Interview was conducted:

by ANITA EMRICH, INV.
        Name and Title

at E. MOLINE CC.          on 3-13-02  at 1:15 ☐ a.m. ☒ p.m.
     Location                          Date         Time

Constitutional Rights were read: ☒ No  ☐ Yes at _____ ☐ a.m. ☐ p.m.

See Interviewee's statement on the next page.

Interview was concluded at: 2:00  ☐ a.m. ☒ p.m.

_____
Signature of Interviewee

*Anita Emrich*
Signature of Interviewer

_____
Name of Witness if any

_____
Signature of Witness if any

000112

Attachment: 58

Distribution:  File        Page 1 of 2        DOC 0080 (Eff. 1/2002)

**Investigational Interview**
*(con't)*

| Interviewee: | Tony Hopkins | Case Number: 02-GMO-153 |

The Interviewee substantially stated:

Hopkins stated that shortly after 01-01-02, Inmate Turner approached him on the yard. Turner asked Hopkins to purchase a pair of boots, LUGZ, size 12 for him in return for a carton of cigarettes & 4-5 boxes of Black & Milds. Hopkins stated that about a week later he purchased the boots at the commissary & took them out on the yard. Turner gave Hopkins the cigarettes & cigars right there on the yard, outside commissary & Hopkins put them in his shopping bag. Hopkins did not know where Turner got the cigars from. Hopkins got a couple more cigars from Turner for a pack of cigarettes since the boots exchange. Hopkins smoked all of the cigars himself & traded none of them. Hopkins added that he came to E. Moline in May 2001 & his Black & Milds were allowed in.

| Interviewee's Signature | Interviewer's Signature | Witness's Signature | Attachment: 58 |

Distribution: File                    Page _2_ of _2_            000113            DOC 0080 (Eff. 1/2002)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Polygraph Consent

**Examinee's Name** (print):    _TORY  HOPKINS_

☐ I do hereby voluntarily, without duress, coercion, threats, or promise of reward or immunity, consent to be examined by a polygraph detection of deception technique, commonly referred to as a Lie Detector Test.

I do hereby voluntarily approve the necessary components to be attached to my person where necessary. I further release and forever hold harmless the State Of Illinois, its agents or employees and affiliates or both from any responsibility or action resulting from this examination.

I further agree that the final results of this examination may be made known or given to the proper person or persons as determined by the Illinois Department of Corrections.    I understand that I may receive a copy of the results of the polygraph examination by making a written request to the Internal Investigations Unit at the:

> Illinois Department of Corrections
> 1301 Concordia Court
> P. O. Box 19277
> Springfield, IL  62794-9277

☐ (Examiner to check only if applicable) I am a victim of Criminal Sexual Assault, Aggravated Criminal Sexual Assault, Predatory Criminal Sexual Assault on a Child, Criminal Sexual Abuse, or Aggravated Criminal Sexual Abuse. As a victim I understand that I am not required to submit to this polygraph examination as a condition for proceeding with the investigation, charging, or prosecution of this offense and such polygraph test shall be administered solely at my request. I further understand that if I refuse to submit to this polygraph examination such refusal shall not mitigate against the investigation, charging, or prosecution of the pending case as originally charged.

X _____      _____/_____/_____
          Examinee's Signature                              Date

☐ I hereby refuse to submit to the polygraph examination.

_____      _____/_____/_____
          Examinee's Signature                              Date

**Witness:**    _Anita Enrun_    _3-13-02_
          Print Name of Witness                    ID or Badge# (if applicable)

_____      _____/_____/_____
          Signature of Witness                              Date

☐ As witnessed above, the examinee refused to submit to the polygraph examination and refused to sign this form.

Distribution: File

DOC 0069 (Eff. 1/2002)
(Replaces DC 7186 & 7187)

Printed on Recycled Paper

P    OF

00114

ATTACHMENT 59

STATE OF ILLINOIS · DEPARTMENT OF CORRECTIONS

## COMMISSARY ORDER

$ _____
Trust Fund Account Balance

Thumb Print

Date 1-23-02

$ _____    Cell ____

I.D. No. K50199    Name Hill    House ____

Print Last Name Only

### INMATES DO NOT USE THE PRICE COLUMN

| Quantity | Unit | ARTICLES | Price |
|----------|------|----------|-------|
| 1 | Pr | Lug Pants size 12 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | TOTAL AMOUNT | |

I HAVE RECEIVED THE ABOVE MERCHANDISE IN GOOD ORDER. PLEASE CHARGE THE TOTAL AMOUNT AGAINST MY TRUST FUND ACCOUNT.

Name _____

Sign Last Name Only

DC 1120 (Rev. 4/81)
IL 426-0248

**List items in priority by brand name. Insufficient funds will require items from bottom up to be deleted.**

000115

P 1 OF 1

ATTACHMENT 60

State of Illinois—Department of Corrections
## DISCIPLINARY REPORT

Page 1 of 1

☒ Disciplinary Report   03/15/2002 ___   ☐ Investigative Report ___
         Date                                   Date

Committed Person: Hopkins, Tory _____   No. K80996 _____   Facility: East Moline Correctional

Observation Date: 03/15/2002 ___ Time: 16:35 ___ ☐ am ☒ pm   Location: Internal Affairs

D. M. Pearsall _____
PRINT Employee's Name          Employee's Signature      03/15/02  14:40 ☐ am ☒ pm
                                                          Date      Time

☒ A
Offense: 504 ☐ B   #406 Trading And Trafficking _____
         ☐ C

Observation: During the course of an investigation, inmate Hopkins, Tory K80996 stated that he bought a pair of Lugz Boots (size 12) from commissary for inmate Turner, Joseph B11099 in exchange for 5 to 7 boxes of Black and Mild Cigars. Hopkins stated that the Black and Mild Cigars were used for his (Hopkins) personal consumption.

Witnesses, if any: _____

NOTE:   Use continuation page if necessary to describe observation and/or list witnesses.

☒ Temporary Confinement   ☐ Investigative Status
Reasons: _____ Safety and Security of the Institution _____

Capt Stump _____
PRINT Name                          Shift Supervisor's Signature        3/15/02
                                                                          Date
                                    (For Community Correctional Centers, Chief Adm. Off.)

☒ Confinement Reviewed by Reviewing Officer   Comments: Concurs

Lt. Hamilton _____
PRINT Name                          Signature                          3-15-02
                                                                          Date

☒ MAJOR, submitted to Adjustment Committee        ☐ MINOR, submitted to Program Unit

Lt. Hamilton _____                                 Lt. Hamilton   3-15-02
PRINT Name                                          Reviewing Officer's Signature   Date

☐ Reviewed by Hearing Investigator: _____
(Adult Division Major Reports Only)   PRINT Name          Signature          Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

K80996 _____                          Committed Person Refused to Sign ☐
Committed Person's Signature   Number

A. Cullor _____            A. Cullor 7735        03/16/02   8:50 ☒ am ☐ pm
PRINT Serving Employee's Name   Serving Employee's Signature   Date   Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____

_____   _____
Committed Person's Signature   Number

(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____
                                                                                    Date

NAME OF WITNESS: _____   Number/Cell/Title: _____
Witness can testify to: _____

NAME OF WITNESS: _____   Number/Cell/Title: _____
Witness can testify to: _____

_____   _____
Committed Person's Name   Number

000116

# STATE ILLINOIS — DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Run Date: 03/20/2002

Name: HOPKINS, TORY

Hearing Date/Time: 03/19/2002 / 12:55 PM

Incident #: 200200724 / 1

IDOC #: K80996

Living Unit: EMO-U2-S-22

Status: Final

Race: Black

Orientation Status:   N/A

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 03/15/2002 | 1 | PEARSALL, DARREL M | INTERNAL AFFAIRS | 2:35 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 406 | Trading or Trafficking | Guilty |

| Witness Type Witness Status | Witness Id | Witness Name Witness Statement | | |
|---|---|---|---|---|

No Witnesses Requested

## RECORD OF PROCEEDINGS

Idr read,he states he purchased boots from the commissary for another inmate and was paid back in Black and Mild cigars.

## BASIS FOR DECISION

Inmate admits he purchased boots for another inmate and was paid back with Black and Mild cigars.Idr true as written.

## DISCIPLINARY ACTION  (Consecutive to any priors)

Recommended:
Demotion to C grade 2 Month(s)
Segregation 1 Month(s)
Other : Transfer.

Final:
Demotion to C grade 2 Month(s)
Segregation 1 Month(s)
Other : Transfer.

## SIGNATURES

Hearing Committee

| | Signature | Race |
|---|---|---|
| GONZALES, ANTHONY  - Chair Person | | HISPANIC |
| CODER, TAD W | | WHITE |

Recommended Action Approved

## FINAL COMMENTS:

GARY L WYANT / IDO

Chief Administrative Officer

_Cay L. Wyntos_
Signature

03/20/2002
Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504; Subpart F.

Employee Serving Copy to Committed Person

3-20-01
When Served -- Date and Time

000117
ATTACHMENT 62



ILLINOIS DEPARTMENT OF CORRECTIONS
**Investigational Interview**    I who Bang

| | |
|---|---|
| Case Number: | 02-EMO-153 |
| Investigator: | EMRICH  15009 |
| | Last Name          Badge # |

*Type or Print all applicable information*

Date of Incident: **02/24/02**    Location of Incident: **E. MOLINE CC**

**Nature of Investigation:**

☒ Contraband   ☐ Death/Suicide   ☐ Drugs/Alcohol   ☐ Excessive Force   ☐ Intimidation/Threats   ☐ Misconduct

☐ Sexual Misconduct   ☐ Other (specify): TRADING + TRAFFICKING CONDUCT OF INDIVIDUAL, SOCIALIZING, FAILURE TO REPORT OFFENSE OR INCIDENT

Subject of Investigation: **C/o JENNINGS           MARK           W**
                          Last Name              First Name     MI    ID or Badge #

---

**Interviewee:**

Type:   ☐ Civilian   ☐ Employee   ☒ Inmate (Incarcerated)   ☐ Inmate (Electronic Detention)   ☐ Parolee

Name: **Davis**           **David**           **K69739**
      Last              First           MI    ID/Badge #

Race:   ☒ White   ☐ African American   ☐ Asian   ☐ Native American   ☐ Hispanic   ☐ Other: ____

Gender: ☒ Male   ☐ Female   Age: **30**   DOB: **06/15/1971**   Weight: **215**   Height: **5'11"**

---

**If Interviewee is a Civilian, Employee, or Parolee:**

Employed at: _____ as _____ for __/__
                 Business or Facility        Position or Title      Years  Months

Regular days off (circle): M T W Th F Sat Sun   Office Phone #: ( )   Cell Phone #: ( )

---

**If Interviewee is an Inmate or Parolee:**

Facility: <u>East Moline Correctional Center</u>   Housing Assignment: <u>U2-D-39</u>

Sentenced to **10** / ____ on <u>10/08/1998</u>   from **Lake** ____
             Years  Months            Date              County

for the offense(s) of: <u>Possession of Cocaine</u>

Claims affiliation with: <u>no</u>   as <u>Dave</u>
                          STG                    Nickname(s)

If on Parole or Electronic Detention, released from: _____ on ____
                                                      Facility              Date

and is supervised by _____
                      Agent or District Office

---

**Interview was conducted:**

by <u>D.M. Pearsall Lt.</u>
   Name and Title

at <u>Internal Affairs</u>   on <u>2/26/2002</u>   at **9:30**   ☒ a.m. ☐ p.m.
   Location                  Date                  Time

Constitutional Rights were: read:   ☒ No   ☐ Yes at _____ ☐ a.m. ☐ p.m.

See Interviewee's statement on the next page.

---

Interview was concluded at: **10:00**   ☒ a.m. ☐ p.m.

_____                    _____
Signature of Interviewee           Signature of Interviewer

_____                    _____
Name of Witness if any             Signature of Witness if any

---

000118

Attachment: _____

Distribution:  File

DOC 0080 (Eff. 1/2002)
(Replaces DC 412, 412A, 1114, 1114-1, 1114-2 & 7185)

ATTACHMENT 63

**Investigational Interview**
*(con't)*

| Interviewee: | *David Davis* | Case Number: | *02-EMO-153* |
|---|---|---|---|

The Interviewee substantially stated:

That Davis has had two dealings with inmate Turner, Joseph B11090 in that after Christmas Davis bought Turner a pair of Lugz boots size 10 or 11 for 20 packs of cigarettes. The Lugz boots were purchased in commissary and then exchanged on the yard. Then approximately 3 weeks or so Davis purchased 4 or 5 packs of cigarettes from Turner for $2.50 each pack worth of commissary. Davis stated that he first found out about Turner from inmate Mofrey, Randy B65779 who told Davis that he Mofrey knew of a guy that had 2 bricks of squares for sale - cheeper than what they were going for. Mofrey then left.

| Interviewee's Signature | Interviewer's Signature | Witness's Signature | Attachment: *63* |
|---|---|---|---|

DOC 0080 (Eff. 1/2002)
(Replaces DC 412, 412A, 1114, 1114-1, 1114-2 & 7185)

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

## COMMISSARY ORDER

$ _____
Trust Fund Account Balance

Thumb Print                    Date  1-4

I.D. No. K69739  Name DA-S        Cell
                 Print Last Name Only   House  2D  Cell

### INMATES DO NOT USE THE PRICE COLUMN

| Quantity | Unit | ARTICLES | Price |
|----------|------|----------|-------|
| 1 | | Lugz  Boots  5.25  10 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | TOTAL AMOUNT | |

I HAVE RECEIVED THE ABOVE MERCHANDISE IN GOOD ORDER. PLEASE CHARGE THE TOTAL AMOUNT
AGAINST MY TRUST FUND ACCOUNT.

Name _____ Chris  K69739
          Sign Last Name Only

DC 7120 (Rev. 4/81)   List items in priority by brand name.
IL 426-0346           Insufficient funds will require items
                      from bottom up to be deleted.

000120

P  1  OF  1

ATTACHMENT  64

State of Illinois—Department of Correction
## DISCIPLINARY REPORT

Page 1 of 1

☒ Disciplinary Report  03/15/2002                    ☐ Investigative Report  _____
                        Date                                                   Date

Committed Person: Davis, David          No. K69739          Facility: East Moline Correctional

Observation Date: 03/15/2002    Time: 14:35    ☐ am. ☒ pm    Location: Internal Affairs

D. M. Pearsall                                              03/15/02   14:50   ☐ am ☒ pm
PRINT Employee's Name          Employee's Signature        Date      Time

        ☒ A
Offense: 504 ☐ B  #406 Trading And Trafficking
        ☐ C

Observation: During the course of an Investigation, Inmate Davis, David K69739 stated that he bought a pair of Lugz Boots (size 10 or 11) from commissary for Inmate Turner, Joseph B11090 in exchange for 20 packs of cigarettes. Davis also stated that he (Davis) also bought cigarettes from Turner in exchange for various commissary items worth $2.50 for each pack.

Witnesses, if any: _____

NOTE:  Use continuation page if necessary to describe observation and/or list witnesses.

☒ Temporary Confinement    ☐ Investigative Status
Reasons: _Safety and Security of the Institution_

_Capt Stump_                          _Capt H_            3/15/02
PRINT Name                    Shift Supervisor's Signature    Date
                              (For Community Correctional Centers, Chief Adm. Off.)

☒ Confinement Reviewed by Reviewing Officer    Comments: _____

_Lt. Hamilton_                        _Lt. H_              3·15-02
PRINT Name                    Signature                   Date

☒ MAJOR, submitted to Adjustment Committee    ☐ MINOR, submitted to Program Unit

_Lt. Hamilton_                        _Lt. H_              3·15-02
PRINT Name                    Reviewing Officer's Signature    Date

☐ Reviewed by Hearing Investigator: _____
   (Adult Division Major Reports Only)    PRINT Name    Signature    Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges.  You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing.  You may ask that witnesses be questioned along lines you suggest.  You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee.  You may have staff assistance if you are unable to prepare a defense.  You may request a reasonable extension of time to prepare for your hearing.  If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution.  In addition, juveniles may receive a delay in recommended parole.

_David Davis_    K69739              Committed Person Refused to Sign ☐
Committed Person's Signature    Number

A. Culler                    A. Culler 7735        03/16/02  8ᵉ  ☒ am ☐ pm
PRINT Serving Employee's Name    Serving Employee's Signature    Date    Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____    _____    _____
                                  Committed Person's Signature    Number

-------(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)-------

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____
                                                                                              Date

NAME OF WITNESS: _____    Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____    Number/Cell/Title: _____

Witness can testify to: _____

                                  Committed Person's Name          Number
                                  0000121

DC 7205 (Rev. 5/00)  Distribution:  1) Master File; 2) Committed Person
IL 426—361                          3) Facility;    4) Facility

ATTACHMENT 65

# STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Run Date: 03/20/2002

**Name:** DAVIS, DAVID      **IDOC #:** K69739      **Race:** White

**Hearing Date/Time:** 03/19/2002 / 12:40 PM    **Living Unit:** EMO-U2-S-21    **Orientation Status:** N/A

**Incident #:** 200200726 / 1      **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 03/15/2002 | 1 | PEARSALL,DARREL M | INTERNAL AFFAIRS | 2:35 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 406 | Trading or Trafficking | Guilty |

| Witness Type<br>Witness Status | Witness Id | Witness Name<br>Witness Statement |
|---|---|---|

**No Witnesses Requested**

## RECORD OF PROCEEDINGS

Idr read he states he bought a pair of boots and traded the boots to another inmate in exchange for 5 to 7 packs of Black and Mild cigars.The cigars are not allowed at EMCC.

## BASIS FOR DECISION

Inmate admits he bought boots from the commissary for another inmate in exchange for Black and Milds cigars. Idr true as written.

## DISCIPLINARY ACTION  (Consecutive to any priors)

Recommended:
Demotion to C grade 2 Month(s)
Segregation 1 Month(s)
Other : Transfer.

Final:
Demotion to C grade 2 Month(s)
Segregation 1 Month(s)
Other : Transfer.

## SIGNATURES

**Hearing Committee**

| | Signature | Race |
|---|---|---|
| GONZALES, ANTHONY  - Chair Person | | HISPANIC |
| CODER, TAD W | | WHITE |

**Recommended Action Approved**

## FINAL COMMENTS:

000122

P / OF 2

ATTACHMENT 66

Page 1 of 2

# STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Run Date: 03/20/2002

Name: DAVIS, DAVID

IDOC #: K69739

Race: White

Hearing Date/Time: 03/19/2002 / 12:40 PM

Living Unit: EMO-U2-S-21

Orientation Status: N/A

Incident #: 200200726 / 1

Status: Final

---

GARY L WYANT / IDO

Signature

03/20/2002

**Chief Administrative Officer**

Date

*The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.*

3- 20-02

1P

**Employee Serving Copy to Committed Person**

**When Served - - Date and Time**

000123

ATTACHMENT 66

ILLINOIS DEPARTMENT OF CORRECTIONS
## Investigational Interview

*Type or Print all applicable information*

Case Number: 02-EMO-153
Investigator: EMRICH   15009
Last Name    Badge #

Date of Incident: 02/24/02    Location of Incident: E. MOLINE CC

### Nature of Investigation:

☒ Contraband    ☐ Death/Suicide    ☐ Drugs/Alcohol    ☐ Excessive Force    ☐ Intimidation/Threats    ☐ Misconduct
☐ Sexual Misconduct    ☐ Other (specify): TRADING & TRAFFICKING, CONDUCT OF INDIVIDUAL, SOCIALIZING
FAILURE TO REPORT OFFENSE OR INCIDENT

Subject of Investigation: C/O  JENNINGS _____ MARK _____ (W) _____
Last Name              First Name      MI      ID or Badge #

### Interviewee:

Type:    ☐ Civilian    ☐ Employee    ☒ Inmate (Incarcerated)    ☐ Inmate (Electronic Detention)    ☐ Parolee

Name: Hamilton _____ Gregory _____ A   K72756
Last              First              MI    ID/Badge #

Race:    ☐ White    ☒ African American    ☐ Asian    ☐ Native American    ☐ Hispanic    ☐ Other: _____

Gender: ☒ Male    ☐ Female    Age: 39    DOB: 07/28/1962    Weight: 250    Height: 603

### If Interviewee is a Civilian, Employee, or Parolee:

Employed at: _____ as _____ for __/__
Business or Facility              Position or Title    Years Months

Regular days off (circle): M T W Th F Sat Sun   Office Phone #: ( )    Cell Phone #: ( )

### If Interviewee is an Inmate or Parolee:

Facility: East Moline Correctional Center    Housing Assignment: U1-11-71

Sentenced to 10 / __ on 03/31/1999    from Cook
Years Months        Date                    County

for the offense(s) of: Armed Robbery

Claims affiliation with: none _____ as Big G _____
STG              Nickname(s)

If on Parole or Electronic Detention, released from: _____ on _____
Facility                Date

and is supervised by _____
Agent or District Office

### Interview was conducted:

by D.M. Pearsall, Lt.
Name and Title

at Internal Affairs    on 2/25/2002    at 350    ☐ a.m. ☒ p.m.
Location                Date              Time

Constitutional Rights were: read: ☒ No    ☐ Yes at _____  ☐ a.m. ☐ p.m.

See Interviewee's statement on the next page.

Interview was concluded at: _____ 405    ☐ a.m. ☒ p.m.

_____                              _____
Signature of Interviewee                Signature of Interviewer

_____                              _____
Name of Witness if any                Signature of Witness if any

000124                    Attachment: 62

Distribution:  File    Page _____ of _____    DOC 0080 (Eff. 1/2002)
(Replaces DC 412, 412A, 1114, 1114-1, 1114-2 & 7185)

P 1 OF 2

ATTACHMENT 6

**Investigational Interview**
*(con't)*

| Interviewee: _Gregory Hamilton_ | Case Number: _02-EM0753_ |
|---|---|

The Interviewee substantially stated:

Does not know why he (Hamilton) was placed in segregation. Stated that he knows that others have gone to segregation supposedly for selling Black and Mild cigars. Hamilton stated that he does not smoke Black and Mild cigars and has never sold any and has never gotten any from anyone. Hamilton stated that he is aware that Black and Mild cigars are being sold but knows nothing of the distribution of them because he (Hamilton) does not deal in them, Hamilton states that he (Hamilton) would submit to a polygraph.

000125

| Interviewee's Signature | Interviewer's Signature | Witness's Signature | Attachment: _6.2_ |
|---|---|---|---|

ILLINOIS DEPARTMENT OF CORRECTIONS
## Investigational Interview

*Type or Print all applicable information*

Case Number: 02-EMO-153

Investigator: EMRICH
Last Name _____ Badge #

Date of Incident: 02-24-02     Location of Incident: E. MOLINE CC

**Nature of Investigation:**

☒ Contraband   ☐ Death/Suicide   ☐ Drugs/Alcohol   ☐ Excessive Force   ☐ Intimidation/Threats   ☐ Misconduct
☐ Sexual Misconduct   ☒ Other (specify): TRADING & TRAFFICKING, CONDUCT OF INDIVIDUAL, SOCIALIZING, FAILURE TO REPORT OFFENSE OR INCIDENT

Subject of Investigation: CO   JENNINGS   MARK   W
Last Name _____ First Name _____ MI _____ ID or Badge #

**Interviewee:**

Type:   ☐ Civilian   ☒ Employee   ☐ Inmate (Incarcerated)   ☐ Inmate (Electronic Detention)   ☐ Parolee

Name: JENNINGS   MARK   W
Last _____ First _____ MI _____ ID/Badge #

Race: ☒ White   ☐ African American   ☐ Asian   ☐ Native American   ☐ Hispanic   ☐ Other:

Gender: ☒ Male   ☐ Female   Age: 46   DOB: 2-22-56   Weight: 260   Height: 5'10"

**If Interviewee is a Civilian, Employee, or Parolee:**

Employed at E. MOLINE CC   as CO   for 14 / Years Months
Business or Facility _____ Position or Title

(11-7) Regular days off (circle): (M) T W Th F Sat (Sun)   Office Phone #: ( )   Cell Phone #: ( )

**If Interviewee is an Inmate or Parolee:**

Facility: E. MOLINE CC.   Housing Assignment:

Sentenced to 1 on _____ from _____
Years Months _____ Date _____ County

for the offense(s) of:

Claims affiliation with: _____ as _____
STG _____ Nickname(s)

If on Parole or Electronic Detention, released from: _____ on _____
Facility _____ Date

and is supervised by _____
Agent or District Office

**Interview was conducted:**

by INV. ANITA EMRICH
Name and Title

at E. MOLINE CC   on 3-13-02   at 12:05 ☐ a.m. ☒ p.m.
Location _____ Date _____ Time

Constitutional Rights were read:   ☒ No   ☐ Yes at _____ ☐ a.m. ☐ p.m.

See Interviewee's statement on the next page.

Interview was concluded at: 12:40   ☐ a.m. ☒ p.m.

_____
Signature of Interviewee

_____
Signature of Interviewer

_____
Name of Witness if any

_____
Signature of Witness if any

000126

Attachment: 68

Distribution: File     Page 1 of 3     DOC 0080 (Eff. 1/2002)

Investigational Interview
(con't)

Interviewee: _Mark Jennings_    Case Number: _02-EMD-153_

The Interviewee substantially stated:

Jennings denied ever having brought Black & Mild cigars into E. Moline CC & giving them to any inmate. Jennings denied bringing any food items in & giving them to any inmate. Jennings stated that he had not received boots, shoes, and/or armor (ear trimmer) from any inmates. Jennings related that he worked in Segregation and a couple of weeks ago he confiscated some 3 letters & 4 books from Inmate Sanchez. Sanchez told Jennings that if he didn't return his property, he would tell Warden Wyant that Jennings was "dirty".

At this point in this interview, Jennings asked R.9. if he should have a union representative & one was called. Before a union rep arrived, Jennings indicated that there was no need to wait, he had no more to say on the matter. Jennings

Interviewee's Signature    Interviewer's Signature    Witness's Signature    Attachment: 68

Distribution: File    Page _2_ of _3_    000127    DOC 0080 (Eff. 1/2002)

Jennings refused to sign.

**Investigational Interview**
*(con't)*

| Interviewee: | Mark Jennings | Case Number: | 02-EMO-153 |

The Interviewee substantially stated:

then said he would like) to go home &
sleep and if he was going to be locked
out, could it be when pay, since he)
couldn't get unemployment for 30 days.
At this point CO Dundy, AFSCME
chief steward arrived.
Jennings refused to sign this interview
& declined taking a polygraph test.

| Interviewee's Signature | Interviewer's Signature | Witness's Signature | Attachment: 68 |

Distribution:   File

Jennings refused to sign

Page 3 of 3

DOC 0080 (Eff. 1/2002)