## RESOLUTION PRIOR TO ARBITRATION

Grievance #: 0006-0178-99 (369506)

Grievant: Mark Koster

Agency: Department of Corrections

Facility: East Moline

Issue: DISCHARGE FOR CAUSE

Resolution: In full and complete resolution of the above-captioned matter, the parties agree:

1. The grievant, Mark Koster, shall return to work on November 15, 1999 with the discharge being reduced to a five (5) day suspension beginning July 13, 1999 and ending July 17, 1999.

2. The grievant, Mark Koster, shall receive back pay from July 18, 1999 through November 14, 1999, minus any applicable taxes and social security payments.

3. The Union and the grievant, Mark Koster, agree to refrain from initiating any grievance, administrative or other judicial proceedings arising out of this discharge action of the circumstances that led to the filing of charges of discharge.

This resolution is made without precedent or prejudice to either party and may not be utilized in any subsequent proceedings except for the enforcement of its terms.

_____          _____
For the Employer                  For the Union

11/10/99                          11/10/99
Date                              Date

rcmark.doc

EXHIBIT B

000437                            TOTAL P.02

# ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
## PERSONNEL/POSITION ACTION FORM

**1. EMPLOYEE INFORMATION**

| 01 PRINTED | | 02 SOCIAL SECURITY NO. |
|---|---|---|
| | | 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 |

| 03 LAST NAME | FIRST | 04 INIT | 05 SEX | 06 RACE | 07 VET | 08 EDUC | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|
| KOSTER | MARK | A | | | | | |

| 09 STREET ADDRESS | 10 CITY | 11 COUNTY | 12 STATE | 13 ZIP CODE | 13A NATL ORIG |
|---|---|---|---|---|---|
| | | | | | |

| 14 PAY PLAN | 15 PAY GRADE | 16 PAY STEP | 17 SALARY | 18 PAY RATE | 19 FULL/PT TIME | 20 FUNDING BRD. COM | 21 PAYROLL DEPT. | CODE APPROP. | 22 CORRECTED SOCIAL SECURITY NO. | 22A BARGAINING UNIT CODE | 22B PERF. CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | RC006 | |

| 23 CONTINUOUS SERVICE DATE | 24 SENIORITY / DATE | 25 CREDITABLE SERVICE DATE | 26 APPT. EXPIRATION DATE | 27 STATUS | 28 SUSPENSION/LOA RETURN DATE | 29 APPT. REQ. NO. | 29A HANDI CAP |
|---|---|---|---|---|---|---|---|
| 08-08-83 | 08-08-83 | 02-01-89 | | | 07-18-99 | | |

**POSITION INFORMATION**

| 30 POSITION TITLE (NAME) | 31 POSITION NUMBER | 32 EXMT CODE | 33 WORK COUNTY | 34 A/I AUTH. | 35 AUDIT | 36 POS DES COMP. |
|---|---|---|---|---|---|---|
| | | | | | | |

**TRANSACTION INFORMATION**

| 37 TRANSACTION NAME | 38 TRANS CODE | 39 EFFECTIVE DATE | 40 PRIORITY |
|---|---|---|---|
| 1 SUSPENSION LESS THAN 30 DAYS | BA082 | 07-13-99 | |
| 2 SUSPENSION RETURN | BA085 | 07-18-99 | |
| 3 | | | |
| 4 | | | |

**CODES**

STATUS: A-CERTIFIED, B-PROB. 3 MOS, C-PROS. 6 MOS, D-PROVISIONAL, F-EXEMPT, G-TEMPORARY, H-EMERGENCY, J-TRAINEE, K-TRAINEE, L-TRAINEE

EXEMPT: 0-NOT EXEMPT, 1-PRIVATE SECRETARY, 2-ADMINISTRATIVE HEAD, 3-POLICY MAKER, 4-UNSKILLED, 5-LIC. ATTORNEY, 6-OUT OF STATE, B-PARTIAL EXTENSION

RACE: A-AMERICAN INDIAN, B-BLACK, O-ORIENTAL, S-SPANISH AMERICAN, W-CAUCASIAN, X-OTHER

EDUCATION: 1-GRADE SCHOOL, 2-SOME HIGH SCHOOL, 3-H S GRAD OR GED, 4-SOME COLLEGE, 5-BA/BS, 6-MA/MS, 7-PHD/MD, 8-OTHER DEGREE

**REMARKS:** CORRECTED FORM

EXHIBIT C

00435

| EMPLOYEES SIGNATURE (REQ ON VOL ACTION) | DATE | AGENCY APPROVAL (OPTIONAL) | DATE |
| SIGNATURE OF PERSON SERVING SUS/DISC | DATE | AGENCY BUDGETARY (OPTIONAL) | Gary L Wyant, Warden 12-2-99 |
| BY MAIL ☐  IN PERSON ☐ | | | |
| DIRECTOR OF CENTRAL MANAGEMENT SERVICES | DATE | AGENCY HEAD APPROVAL | Donald N Snyder, Jr. Director 12-2-99 |

CMS-2(11-83)

# EAST MOLINE CORRECTIONAL CENTER

## EMPLOYEE REVIEW HEARING

June 1, 1999                                                                                                      B.17

PRESENT:  Terry Boerema, Employee Review Officer
C.O. Robert Huskey, Referred Employee
Assistant Warden Slutz, Referring Employee
C.O. Tony McCubbin, AFSCME Representative
C.O. Mitch Fanning, AFSCME Representative
C.O. Steve Slocum, AFSCME Representative



C.O. Robert Huskey was referred for violation of Department Rule: Title 20 Corrections, Criminal Justice, and Law Enforcement, Chapter I Department of Corrections, Subchapter a Administration and Rules, Rules of Conduct: **Section 120.30 Conduct of Individuals** (Individuals shall conduct themselves in a manner which will not reflect unfavorably on the Department and shall not engage in conduct which is unbecoming or impairs the operations of the Department.); **Section 120.50 Socializing with Committed Persons** (Individuals shall not knowingly socialize with or engage in business transactions with any committed person, or a relative or known close associate of a committed person, except in the performance of an assignment or as approved in writing by the Director.); **Section 120.70 Trading or Trafficking** (Individuals shall not trade or traffick with, or aid or solicit unauthorized actions by, committed persons.); and **State Laws Regarding Official Misconduct** (Individuals shall obey all federal, state and local laws and applicable court decisions and orders related to the performance of their services to the Department; Individuals shall comply with departmental rules, written procedures, bulletins and written or verbal orders issued by Department authorities; and Individuals shall not utilize state equipment, property or services without authorization or for personal use.)

Assistant Warden Slutz read the charges which stated this investigation was conducted at the request of East Moline Correctional Center, Warden Sergio Moline, after he had been informed that C.O. Robert Huskey had found a pornographic video cassette during a routine "shakedown" of the television repair shop on February 12, 1999. Inmate Scott R. Ducey (K-64368) state that his job assignment was maintenance and his duties were to repair inmate and state property, namely televisions, radio cassette players, and VCR's. Inmate Ducey stated that C.O. Huskey usually worked the tool room and was his supervisor. Inmate Ducey stated that he located the videocassette in question, jammed within a television/VCR combination that was brought in for repair by C.O. Whiting. Inmate Ducey stated that he placed the videocassette in a drawer within his work area, where it remained until located by C.O. Huskey on February 12, 1999. Inmate Ducey listed the following staff member and corresponding item that was brought him to repair: C.O. Huskey, a remote car entry. Inmate Ducey stated that the others would buy extra parts to supply his (Ducey's) operations and/or purchase parts for a walk through metal detector that C.O. Huskey had obtained from salvage. Inmate Ducey stated that C.O. Huskey worked with him in ordering the parts needed to repair the items. Inmate Reginald Brown (A-81604) stated that he was assigned to maintenance, television repair, and worked with inmate Ducey. Inmate Brown also stated inmates all over the institution had knowledge of the videotape. Inmate Brown added that inmates would often talk about the videotape in the presence of C.O. Huskey and that C.O. Huskey acted like he did not hear them. Inmate Brown stated that he had heard that C.O. Huskey received a phone call from C.O. Whiting just before C.O. Huskey searched

for and found the videotape. Painter Enrique "Hank" Diaz stated around February 1, 1999, he (Diaz) had a conversation with C.O. Huskey. Mr. Diaz stated that he told C.O. Huskey that he (Diaz) had a broken kareokee machine and that C.O. Huskey had told him to bring it in for inmate Ducey to repair. Mr. Diaz stated that C.O. Huskey told him if it needed parts that he (Diaz) would have to supply them, and if that were the case he (Diaz) would have to buy extra parts that he (C.O. Huskey) needed. Locksmith Joe M. Mascari stated during the month of December 1998, he had a conversation with inmate Ducey and C.O. Huskey concerning his (Mr. Mascari's) broken car stereo. Mr. Mascari stated he, subsequently, brought inmate Ducey his Pioneer car stereo for repairs. Mr. Mascari stated he took the stereo home and it stopped playing within 15 minutes. Mr. Mascari stated the following day C.O. Huskey asked him if he (Mr. Mascari) planned on paying inmate Ducey for the labor. Mr. Mascari stated he told C.O. Huskey "No", and C.O. Huskey then asked if he (Mr. Mascari) could then purchase some parts for the "electronic frisker" (metal detector). Mr. Mascari stated he tried to find some parts for the metal detector, but could not. Mr. Mascari stated that approximately two days later C.O. Huskey told him that he (Mr. Huskey) had gotten the parts for the metal detector and that he (Mr. Mascari) should just pay him (C.O. Huskey) $6.00 for the parts. Mr. Mascari stated he paid C.O. Huskey $6.00 at that time. Mr. Mascari stated the C.O. Huskey had told him that Belinda Rusch had brought in a television for inmate Ducey to repair. C.O. Clifford H. Perry stated that he was usually assigned to the second gate during the 7:00 am to 3:00 pm shift. C.O. Perry had a television that did not work. C.O. Perry stated that he later brought the television in and gave it to inmate Ducey. C.O. Perry stated a few days later C.O. Huskey called him at the second gate and told him that the television was fixed. C.O. Perry stated C.O. Huskey and inmate Ducey then delivered the television to him at the second gate. On March 1, 1999 C.O. Robert V. Huskey was read his Constitutional Rights before questioning. C.O. Robert V. Huskey was re-interviewed and refused to answer any questions without attorney representation. Supply Supervisor II Howard E. Geyer stated that during August 1998, inmate Ducey had asked him about ordering supplies for the television repair shop. Mr. Geyer state that later C.O. Huskey did submit an order for supplies and that these requests were routed through "normal channels" and the supplies were, subsequently, purchased.

The Union representative asked if this case was going to be prosecuted. Employee Review Officer stated the investigation report had been forwarded to the States Attorney's Office for review and possible prosecution. The Union representative then requested a continuance pending judicial outcome. The request for a continuance was denied. The Union representative then advised the referred employee to say nothing.

The Union representative pointed out that page 5 of the investigative report indicates that C.O. Huskey was interviewed but there is no interview report. C.O. Huskey was only interviewed once, when he was read his rights. The Union representative stated he has never before seen anyone referred for discipline that had not even been interviewed.

Inmates Ducey and Brown were put in segregation because C.O. Huskey found a videotape in their area. They wanted revenge. One inmate claiming C.O. Huskey overheard them talking about this videotape is a supposition on the inmate's part and is unproven. The fact that C.O. Whiting was filling in for C.O. Huskey while he was on vacation demonstrates that C.O. Huskey could not have known about C.O. Whiting bringing in a television for repair. C.O. Huskey is the one who found the videotape in the inmate's desk and turned it in to Capt. Small. He is the only employee in the whole investigation to be shown performing his duties correctly. The pages of inmate phone records do not demonstrate any

000622

connection between C.O. Huskey and any inmate, nor do the Trust Fund records. The polygraph tests which produced valid results do not implicate C.O. Huskey in any way. The pages of inmate Ducey's "work orders" show no wrong-doing by C.O. Huskey. It was known that there was some "bad blood" between C.O. Huskey and some of the maintenance workers. The Union representative denied that C.O. Huskey had approved the painter, Mr. Diaz, to bring in a machine to be fixed. The Union contended that some staff members simply did not want to take the heat for their actions so they tried to blame C.O. Huskey. There is no evidence of any inmate being compensated in any way. None of the purchase request in the Investigative Report have C.O. Huskey's name anywhere on them. The conclusion of the Investigative Report is completely inaccurate. There is no physical evidence. The inmates' had a different story every time someone talked to them. C.O. Huskey did not do anything wrong. He is the only one who did his job right. The inmate had a grudge against C.O. Huskey because he would not write a recommendation for him for work release or good time.

C.O. Robert Huskey has been employed by East Moline Correctional Center since August 1983 and has incurred the following discipline in the past:

| Date | Offense | Penalty |
|---|---|---|
| 06/17/96 | Unauthorized Absence | 7 Day Suspension |
| 06/06/96 | No Call/No Show | 7 Day Suspension |
| 01/09/96 | Unauthorized Absence | 3 Day Suspension |
| 07/20/95 | No Call/No Show | 3 Day Suspension |
| 07/20/95 | Unauthorized Absence (2 Days) | 1 Day Suspension |

The available information indicates that C.O. Robert Huskey is guilty of violating Department Rule 120 Conduct of Individuals, Trading or Trafficking, Socializing with Committed Persons, and Official Misconduct.

The Investigation Report indicates C.O. Huskey brought in a remote car entry device for repair by inmate Ducey. The Investigation Report also indicates complicity by C.O. Huskey in arranging for inmate repairs on items brought in by employees Diaz, Mascari and Perry and soliciting payment for the repair work. Statements in other Employee Review Hearing reports substantiate this.

The Purchase Requests in the Investigation Report were submitted and approved through normal channels. There is no way to determine whether the materials ordered were used on unauthorized repairs, although this appears likely, or whether they would have been needed solely in the normal course of repairing state owned and inmate owned televisions.

There is no corroboration to inmate Brown's claim that C.O. Whiting called C.O. Huskey before C.O. Huskey found and turned in the pornographic videotape in inmate Ducey's desk, nor is there any proof that C.O. Huskey had knowledge of its existence.

It is clear that C.O. Huskey was aware of the inmates receiving compensation and, although the Investigation Report does not indicate C.O. Huskey received any personal compensation, it appears he was, in effect, operating an unauthorized repair business.

Based on the serious nature of the offense, it is therefore recommended that C.O. Robert Huskey be issued a <u>30 Day Suspension Pending Discharge.</u>

_Terry Boerema_ 6-15-99  
Terry Boerema      Date  
Employee Review Officer

APPROVED: ✓

_Frank Shaw_ 6-14-99  
Frank Shaw      Date  
Assistant Warden of Operations

DISAPPROVED: ____

cc:    Warden  
       Major Wright  
       AFSCME  
       Personnel File  
       Referring Employee  
       Referred Employee

COMMENTS: _____

_____

000624

## RESOLUTION PRIOR TO ARBITRATION

GRIEVANCE NO: 6-0176-99 (3694960)

ARBITRATION NO: 3582

GRIEVANT: Robert Huskey

AGENCY/FACILITY: Department of Corrections/East Moline Correctional Center

ISSUE: Discharge

RESOLUTION:

In full and complete resolution of the above-captioned matter, the parties agree as follows:

1. The Union and the grievant, Robert Huskey, agree to withdraw the above-captioned grievance.

2. The discharge of the grievant, Robert Huskey, is to be rescinded. In its stead, the grievant will receive a thirty (30) day suspension, to be served from July 9, 1999 to August 7, 1999. The grievant shall receive back wages for the period August 8, 1999 to December 8, 1999, minus applicable taxes and deductions, to be paid via the Department of Corrections. The period representing December 9, 1999 to February 15, 2000 shall be considered an unpaid leave of absence. The Grievant shall return to work on February 16, 2000.

3. The parties agree that the terms of this resolution prior to arbitration will not interrupt or deduct from the Grievant's continuous service date or seniority date.

4. The Union agrees to refrain from initiating or pursuing against the Employer any other grievance, administrative or other judicial proceedings arising out of the suspension or the circumstances that led to the filing of the instant charges.

5. This resolution is made without precedent or prejudice in the disposition of other cases or in the resolution of subsequent grievances and may not be utilized in any subsequent proceeding except for the enforcement of its terms.

_____
For the Employer

Dated: February 15, 2000

_____
For the Union

Dated: 16 February 2000

EXHIBIT E

000601

# ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
## PERSONNEL/POSITION ACTION FORM

**PRINTED** 01

**02 SOCIAL SECURITY NO.** 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

### EMPLOYEE INFORMATION

| 03 LAST NAME | FIRST | INIT | 04 SEX | 05 RACE | 06 VET | 07 EDUC | 08 DATE OF BIRTH |
|---|---|---|---|---|---|---|---|
| HUSKEY | ROBERT | V | | | | | |

| 09 STREET ADDRESS | 10 CITY | 11 COUNTY | 12 STATE | 13 ZIP CODE | 13A NATL ORIG |
|---|---|---|---|---|---|
| | | | | | |

| 14 PAY PLAN | 15 PAY GRADE | 16 PAY STEP | 17 SALARY | 18 PAY RATE | 19 FULL/PT TIME | 20 FUNDING BRD. COM | 21 PAYROLL DEPT. | CODE APPROP. | 22 CORRECTED SOCIAL SECURITY NO. | 22A BARGAINING UNIT CODE | 22B PERF-CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | RC006 | |

| 23 CONTINUOUS SERVICE DATE | 24 SENIORITY / DATE | 25 CREDITABLE SERVICE DATE | 26 APPT. EXPIRATION DATE | 27 STATUS | 28 SUSPENSION/LOA RETURN DATE | 29 APPT. REQ. NO. | 29A HANDI CAP |
|---|---|---|---|---|---|---|---|
| 08-29-83 | 08-29-83 | 02-01-89 | | | 08-08-99 | | |

### POSITION INFORMATION

| 30 POSITION TITLE (NAME) | 31 POSITION NUMBER | 32 EXMT CODE | 33 WORK COUNTY | 34 A/I AUTH. | 35 AUDIT | 36 POS DES COMP. |
|---|---|---|---|---|---|---|
| | | | | | | |

### TRANSACTION INFORMATION

| | 37 TRANSACTION NAME | 38 TRANS CODE | 39 EFFECTIVE DATE | 40 PRIORITY |
|---|---|---|---|---|
| 1 | SUSPENSION 30 DAYS OR LESS | BA082 | 07-09-99 | |
| 2 | SUSPENSION RETURN | BA085 | 08-08-99 | |
| 3 | | | | |
| 4 | | | | |

**CODES**

**STATUS**
A-CERTIFIED
B-PROB. 3 MOS
C-PROS. 6 MOS
D-PROVISIONAL
F-EXEMPT
G-TEMPORARY
H-EMERGENCY
J-TRAINEE
K-TRAINEE
L-TRAINEE

**EXEMPT**
0-NOT EXEMPT
1-PRIVATE SECRETARY
2-ADMINISTRATIVE HEAD
3-POLICY MAKER
4-UNSKILLED
5-LIC. ATTORNEY
6-OUT OF STATE
B-PARTIAL EXTENSION

**EDUCATION**
1-GRADE SCHOOL
2-SOME HIGH SCHOOL
3-H S GRAD OR GED
4-SOME COLLEGE
5-BA/BS
6-MA/MS
7-PHD/MD
8-OTHER DEGREE

**RACE**
A-AMERICAN INDIAN
B-BLACK
O-ORIENTAL
S-SPANISH AMERICAN
W-CAUCASIAN
X-OTHER

**REMARKS:** 30 DAY SUSPENSION
CORRECTED FORM

**EXHIBIT F**

000628

| EMPLOYEES SIGNATURE (REQ ON VOL ACTION) | DATE | AGENCY APPROVAL (OPTIONAL) | DATE |
|---|---|---|---|
| SIGNATURE OF PERSON SERVING SUS/DISC | DATE | AGENCY BUDGETARY (OPTIONAL) Gary L Wyant, Warden 3-6-00 | DATE |
| MAIL ☐  IN PERSON ☐ | | | |
| DIRECTOR OF CENTRAL MANAGEMENT SERVICES | DATE | AGENCY HEAD APPROVAL | DATE |

(1-83)
0679

# PERSONNEL/POSITION ACTION FORM

## EMPLOYEE INFORMATION

| 01 | | | | 02 SOCIAL SECURITY NO. |
|---|---|---|---|---|
| | | | | 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 |

| 03 LAST NAME | FIRST | INIT | 04 SEX | 05 RACE | 06 VET | 07 EDUC | 08 DATE OF BIRTH |
|---|---|---|---|---|---|---|---|
| HUSKEY | ROBERT | V | | | | | |

| 09 STREET ADDRESS | 10 CITY | 11 COUNTY | 12 STATE | 13 ZIP CODE | 13A NATL ORIG |
|---|---|---|---|---|---|
| | | | | | |

| 14 PAY PLAN | 15 PAY GRADE | 16 PAY STEP | 17 SALARY | 18 PAY RATE | 19 FULL/PT TIME | 20 FUNDING BRD. COM | 21 PAYROLL DEPT. / CODE APPROP. | 22 CORRECTED SOCIAL SECURITY NO. | 22A BARGAINING UNIT CODE | 22B PERF-CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| Q | 00 | 07 | 3030.000 | M | F | | 29 / 163 | | RC006 | |

| 23 CONTINUOUS SERVICE DATE | 24 SENIORITY / DATE | 25 CREDITABLE SERVICE DATE | 26 APPT. EXPIRATION DATE | 27 STATUS | 28 SUSPENSION/LOA RETURN DATE | 29 APPT. REQ. NO. | 29A HANDI CAP |
|---|---|---|---|---|---|---|---|
| 8-29-83 | 08-29-83 | 02-01-89 | | A | | | |

## POSITION INFORMATION

| 30 POSITION TITLE (NAME) | 31 POSITION NUMBER | 32 EXMT CODE | 33 WORK COUNTY | 34 A/I AUTH. | 35 AUDIT | 36 POS DES COMP. |
|---|---|---|---|---|---|---|
| CORRECTIONAL OFFICER | 09675-29-91-310-12-01 | O | 081 | | | |

## ACTION INFORMATION

| 37 TRANSACTION NAME | 38 TRANS CODE | 39 EFFECTIVE DATE | 40 PRIORITY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| DISCHARGE REVERSAL | BA146 | 08-08-99 | |

### CODES

**STATUS**
A-CERTIFIED
B-PROB. 3 MOS
C-PROB. 6 MOS
D-PROVISIONAL
F-EXEMPT
G-TEMPORARY
H-EMERGENCY
J-TRAINEE
K-TRAINEE
L-TRAINEE

**EXEMPT**
0-NOT EXEMPT
1-PRIVATE SECRETARY
2-ADMINISTRATIVE HEAD
3-POLICY MAKER
4-UNSKILLED
5-LIC. ATTORNEY
6-OUT OF STATE
B-PARTIAL EXTENSION

**EDUCATION**
1-GRADE SCHOOL
2-SOME HIGH SCHOOL
3-H S GRAD OR GED
4-SOME COLLEGE
5-BA/BS
6-MA/MS
7-PHD/MD
8-OTHER DEGREE

**RACE**
A-AMERICAN INDIAN
B-BLACK
O-ORIENTAL
S-SPANISH AMERICAN
W-CAUCASIAN
X-OTHER

ARBITRATION RESOLUTION ATTAHHED

J00629

| SIGNATURE (REQ ON VOL ACTION) | DATE | AGENCY APPROVAL (OPTIONAL) | DATE |
|---|---|---|---|
| | | | |
| F PERSON SERVING SUS/DISC IN PERSON ☐ | DATE | AGENCY BUDGETARY (OPTIONAL) Gary L Wyant, Warden 3-2-00 | DATE |
| CENTRAL MANAGEMENT SERVICES | DATE | AGENCY HEAD APPROVAL | DATE |