# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| MARK JENNINGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 03-CV-4087 |
| STATE OF ILLINOIS, by its Departmental Unit, THE ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) |
| Defendant. | ) |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by its attorney, Lisa Madigan, Attorney General of the State of Illinois, and for its Reply in Support of Defendant's Motion for Summary Judgment, represents unto the Court as follows:

**I.   PLAINTIFF HAS PRESENTED NO DIRECT EVIDENCE OF DISCRIMINATION.**

Plaintiff claims that "two key decision makers" made a number of racially derogatory comments and that these comments demonstrate that his discharge was the product of racial or national original animus. First, Plaintiff argues that Major Stephen Wright called him a "lazy Mexican" in "late 2001 or early 2002."[1] (Pl.'s Resp. at 19). Second, Plaintiff claims that Major Wright referred to a Hispanic IDOC lieutenant who is not a party to this lawsuit as "Token Tony." (*Id*. at 20). Third, Plaintiff claims that Warden Gary Wyant once referred to Mexicans as "damn beaners" and "those people." (*Id*. at 22). And fourth,

---

[1] Defendant submits that the evidence which Plaintiff cites in support of his response to Defendant's motion for summary judgment is largely inadmissible and has filed a motion to strike asserting as much. Rather than revisiting the substance of that document here, Defendant requests that it be incorporated hereto by reference.

1

Plaintiff claims that Warden Wyant once stated that he believed affirmative action was a form of reverse discrimination and that Mexican immigrants to the United states should be made to pass English language examinations before entering the country.[2] (*Id.*).

To the extent that the comments Plaintiff recounts were actually made and are in fact derogatory, such "comments cannot defeat summary judgment in favor of an employer unless they are both proximate and related to the employment decision in question." *Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, (7th Cir. 2003). They must be "connected to" and "close in time to" an adverse employment decision. *Dandy v. United Parcel Serv., Inc.* 388 F.3d 263, 272 (7th Cir. 2004). There is no evidence before the Court suggesting that the comments in question were either "proximate" or "related" to Plaintiff's discharge. By Plaintiff's own admission, only one of the four of them was even directed at Plaintiff, and he alleges that one came in "early 2002" at the latest, whereas Plaintiff was not discharged until October 23, 2002.[3] *Cf. Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 724 (7th Cir. 1998) (derogatory comment made five months before discharge not temporally related).

Plaintiff has submitted nothing more than these four stray comments as direct evidence that his discharge was motivated by race or national original. Again, of those four, only one was specifically directed at Plaintiff. In "early 2002," Plaintiff claims, Major Wright called him a "lazy Mexican." Notwithstanding the fact that this comment was not

---

[2] Without providing any citation to the record or the barest degree of foundation, Plaintiff also states in conclusory fashion that "it was a common occurrence for the Warden and command staff to refer to Hispanics as 'spics' and 'tacos' especially when mad at inmates." (Pl.'s Resp. at 26). Oddly, while Plaintiff cites to Seventh Circuit case law describing the discriminatory effect of racial epithets, he neglects to develop these claims.

[3] Plaintiff himself acknowledges the tenuous temporal link of these comments, observing that they came "within *the year* prior to his termination." (*See* Pl.'s Resp. at 25).

proximate to Plaintiff's discharge or related to it, it does not constitute direct evidence of discrimination because "[d]erogatory statements made by someone who is not involved in making the employment decision at issue are not evidence that the decision was discriminatory." *Rozskowiak v. Village of Arlington Heights*, No. 04-2043, 2005 WL 1583442, at *3 (7th Cir. July 8, 2005). Although Plaintiff refers to Major Wright vaguely as a "key decision maker," Plaintiff has not suggested that Major Wright was actually involved in the ultimate decision to terminate him or that he provided any input into that decision. Instead Plaintiff simply asserts, without presenting any evidence demonstrating as much, that Major Wright began the investigation which eventually lead to his discharge. (*See* Pl.'s Resp. at 26-27). Whether Major Wright called Plaintiff a "lazy Mexican" is immaterial because only the statements of a decisionmaker or of one having input into the decision can constitute direct evidence of discrimination. Plaintiff has not claimed Major Wright played such a role. *Cf. Hunt v. City of Markham*, 219 F.3d 649, 652-53 (7th Cir. 2000).

Furthermore, although Plaintiff makes a bevy of statements in the "Circumstantial Evidence" section of his response suggesting that he was treated differently than similarly situated persons, he cites to absolutely no evidence in support of those statements. Thus, this section of Plaintiff's response is less notable for its arguments than for its attempt to modify the allegations contained within Plaintiff's complaint. Confronted with Defendant's summary judgment evidence demonstrating that it similarly sought to discharge two white correctional officers–Mark Koster and Robert Huskey–whom Plaintiff asserts were treated more favorably, Plaintiff suggests that *both* Defendant's decision to discharge him and–for the first time–Defendant's purported refusal to offer him a "last chance agreement" were the result of racial animus. (*See* Pl.'s Resp. at 4, 30). It is well established that "a plaintiff

3

may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996). Moveover, Plaintiff's claim that Warden Wyant refused to offer him a "last chance" agreement despite the union's seemingly tireless efforts to procure one is immaterial as the Department of Central Management Services–rather than an IDOC warden–makes the decision to settle an employee's case after reviewing the facts leading to his discharge. (*See* Pl.'s Resp., Ex. B (Affidavit Exhibits B and E to Pl.'s Ex. B are the Koster and Huskey "Resolution Prior to Arbitration" agreements bearing the signatures of CMS employees as "For the employer.")); (*see also* Def.'s Mot. Summ. J., Exs. 9 and 11 (same)).

## II.     PLAINTIFF HAS PRESENTED NO INDIRECT EVIDENCE OF DISCRIMINATION.

A correctional officer who brings contraband to state prisoners cannot be said to be meeting his IDOC's legitimate expectations. The performance reviews that Plaintiff has presented to the Court are immaterial as "the issue is not the employee's past performance but 'whether the employee was performing well at the time of [his] termination'." *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 329 (7th Cir. 2002).

For the reasons described above and in Defendant's Motion for Summary Judgment, Mark Koster and Robert Huskey, are not comparable to Plaintiff. Plaintiff has conceded that Belinda Rusch is incomparable. Indeed, whereas Plaintiff once claimed that Defendant treated Ms. Rusch more favorably than him, he now argues that Defendant treats Hispanic employees <u>and black employees like Ms. Rusch</u> less favorably. (*See* Pl.'s Resp. at 12, ¶¶ 26-28). Nor can Plaintiff succeed on his claim that John Krup was treated more favorably because, by Plaintiff's own admission, Mr. Krup was a supply supervisor rather than a correctional officer. (*See* Pl.'s Resp. at 35). What is more–and again by

Plaintiff's own admission–Mr. Krup was accused of having engaged in trading and trafficking by only one inmate, John Turner, (*see* Pl.'s Resp. at 35-36), whereas Plaintiff was accused by John Turner and two other inmates, the "overall testimony" of whom–as the impartial arbitrator observed–was "generally consistent and corroborated. This is not testimony that is so corroborated and so tightly consistent that one becomes suspicious of its veracity." (Def.'s Mot. Summ. J., Ex. 7 at 5). Finally, Plaintiff also argues that Greg Hart is a "comparable." Plaintiff named six persons during his deposition–Mike Dundee, Robert Huskey, Mark Koster, John Krup, Belinda Rusch, and Al Whiting–and four persons in his complaint–Huskey, Koster, Krup, and Rusch–as comparables. Because Plaintiff never disclosed Greg Hart and did not otherwise identify Mr. Hart prior to his response brief, Defendant is unable to reply to this argument and has moved to strike the portions of Plaintiff's response pertaining to Mr. Hart. *See supra* note 1.

WHEREFORE, the defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, respectfully prays that summary judgment be entered in its favor and against Plaintiff.

Respectfully submitted,

ILLINOIS DEPARTMENT OF
CORRECTIONS,
　Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,
　Attorney for Defendant,

By: /s/ William E. Jarvis
　　WILLIAM E. JARVIS
　　Assistant Attorney General
　　500 South Second Street
　　Springfield, Illinois  62706
　　Phone:  (217) 785-4555
　　Fax: (217) 524-5091
　　E-Mail: wjarvis@atg.state.il.us
　　Attorney Bar #:  6207097

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2005, I electronically filed Defendant's Reply in Support of Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Stephen T. Fieweger
Katz, Huntoon & Fieweger, P.C.
200 Plaza Office Building
P.O. Box 3250
Rock Island, IL 61204-3250
sfieweger@katzlawfirm.com

and I hereby certify that on July 29, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,
/s/ William E. Jarvis
William E. Jarvis
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
Phone:  (217) 785-4555
Fax:     (217) 524-5091
E-Mail: wjarvis@atg.state.il.us
Attorney Bar #:  6207097