**E-FILED**
Friday, 29 July, 2005  02:47:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| MARK JENNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  03-CV-4087 |
| | ) | |
| STATE OF ILLINOIS, by its | ) | |
| Departmental Unit, THE ILLINOIS | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE AND OBJECTION TO PLAINTIFF'S STATEMENT OF
ADDITIONAL MATERIAL FACTS CLAIMED TO DEFEAT SUMMARY JUDGMENT**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by

and through its attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby

submits its Response and Objections to Plaintiff's Statement of Additional Material Facts

Claimed to Defeat Summary Judgment.   In support thereof, Defendant states unto the

Court as follows:

1.      Defendant admits the allegations contained in paragraph 1.

2.      **Objection**. Move to strike.  The allegations contained in paragraph 2 are not

material to any issue before the Court.  Evidence concerning evaluations for years prior to

Plaintiff's discharge is irrelevant as to the question of whether Plaintiff was meeting the

Department's legitimate expectations at the time of his discharge. *See Peele v. Country*

*Mutual Insurance Company*, 288 F. 3d 319 (7th Cir. 2002).

3.      Defendant admits the allegations contained in paragraph 3.

4.      Defendant admits the allegations contained in paragraph 4.

5.    **Objection**. Move to strike.  The allegations contained in paragraph 5 should be stricken by the Court as a sanction for Plaintiff's failure to disclose Mr. Lind as a potential witness or identify Mr. Hitchcock as an individual who had knowledge concerning these alleged comments.  Rule 26(e) requires parties to supplement their Rule 26(a) disclosures at appropriate intervals and amend their responses to discovery requests seasonably.  Federal R. Civ. P. 26.  A party who fails to comply with Rule 26(e) without substantial justification is not permitted to use that information at trial or at a motion for summary judgment.  Fed. R. Civ. P. 37 (c)(1).  *Musser v. Gentiva Health Servs.*, 356 F. 3d 751 (7th Cir. 2004)(the exclusion of non-disclosed evidence as sanction is automatic and mandatory under discovery rules unless non-disclosure was justified or harmless).

Plaintiff, in response to Defendant's third interrogatory, named only Steven Slocum, Tony McCubin, and Harry Hitchcock as potential witnesses who would provide testimony concerning two issues: (a) alleged disparate treatment of Plaintiff compared to other similarly situated IDOC employees at East Moline Correctional Center; and (b) the alleged pretextual reason for Plaintiff's termination.  (Attached hereto as Exhibit 1 is a copy of Plaintiff's Response to Defendant's third interrogatory).  Plaintiff has never identified any witness (other than himself) who would provide testimony relating to these alleged racially derogatory comments by Major Wright.

Additionally, the allegations set forth in paragraph 5 should be stricken to the extent that they are predicated upon inadmissible hearsay.

Defendant further objects to the Court's consideration of such evidence on the grounds that Plaintiff failed to lay the proper foundation for the admissibility of such testimony.  Plaintiff, for example, does not indicate when the alleged racially derogatory

comments were made, who (if anyone) was present, the underlying context of each conversation and/or comment, or whether those comments can in any way be linked to any alleged adverse employment action suffered by the Plaintiff.  *See Stegman v. Ryan*, 176 F. 3d 986, 995 (7ᵗʰ Cir. 1999).

Finally, any comment attributable to Major Wright (allegedly referring to an IDOC lieutenant as "Token Tony") is totally irrelevant to the case at bar because Plaintiff has presented no evidence, circumstantial or otherwise, that Wright was the person responsible for the contested decision (i.e., Plaintiff's discharge).

Without waiving said objection, Defendant denies that Major Wright ever referred to anyone as "Token Tony."

6.    **Objection**. Move to strike. The allegations contained in paragraph 6 (relating to Major Wright's alleged hatred of Plaintiff) is based upon mere speculation and not on the personal knowledge of the Plaintiff.  Testimony in opposition to summary judgment must be admissible in evidence at the time of trial.  *Porter v. Whitehall Labs Inc.,* 9  F. 3d 607, 612 ( 7ᵗʰ Cir. 1993).  Thus hearsay statements, conclusory averments, unfounded self-serving declarations, speculation or conjecture, and inadmissible expert testimony are generally improper in response to motions for summary judgment.  *Moore v. J.B. Hunt Transport Inc.,* 221 F. 3d 944 (7ᵗʰ Cir. 2000); *Porter v. Whitehall Labs Inc.*, 9  F. 3d 607, 612 ( 7ᵗʰ Cir. 1993); *Stegman v. Ryan,* 176 F. 3d 986, 995 (7ᵗʰ Cir. 1999).  Without waiving said objection, Defendant denies the allegations contained in paragraph 6.

7.    **Objection**.  Move to strike.  The allegations contained in paragraph 7 (concerning Major Wright's alleged comment calling Plaintiff a "lazy Mexican") are

immaterial, lack proper foundation, and are otherwise predicated on inadmissible hearsay. *See Moore v. J.B. Hunt Transport Inc.*, 221 F. 3d 944 (7ᵗʰ Cir. 2000); *Porter v. Whitehall Labs, Inc.*, 9 F. 3d 607, 612 ( 7ᵗʰ Cir. 1993); *Drake v. Minnesota Mining and Mfg. Co.*, 134 F. 3d 878 (7ᵗʰ Cir. 1999); and *Stegman v. Ryan*, 176 F. 3d 986, 995 (7ᵗʰ Cir. 1999). As noted above, Major Wright is not a party to the action and there has been no showing that he was authorized to speak on behalf of the Department. Without waiving said objection, Defendant denies the allegations contained in paragraph 7.

8.    **Objection**. Move to strike. The allegations contained in paragraph 8 are not material to any issue properly before the Court. What may or may not have occurred in 2001 or early 2002 has no bearing on the Department's decision to seek Plaintiff's discharge in October 2002. Put another way, Plaintiff cannot show any temporal nexus between these "stray remarks" and an adverse employment action taken against him.

9.    See Defendant's response to paragraph 5 (concerning Plaintiff's failure to disclose Mr. Lind as a potential witness at trial).

In addition, the comments allegedly made by Warden Wyant referring to Mexican-American's as "damn beaners," intimating that Mexican-Americans should under literacy testing, and that "they had ways of dealing with those people" are clearly hearsay from which no exception would apply. Fed. R. Evid. 801 (defining hearsay as a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted).

Furthermore, the statements set forth in paragraph 9 are immaterial to the case before the Court because there has been no showing that they were made in close temporal proximity to the alleged adverse employment action. According to Mr. Lind's

affidavit, the alleged comments were purportedly made approximately five months prior to his discharge from the Department of Corrections. *See Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 724 (7th Cir. 1998 (derogatory comment made five months before employee's discharge not temporally related to decision to terminate).

10.    **Objection**.  Move to strike.  The allegations contained in paragraph 10 (relating to denial of training and promotional opportunities) are not material to any issue properly before the Court and are beyond the scope of the Plaintiff's EEOC charge.  *See Cheek v. Peabody Coal Company*, 97 F.3d 200 (7th Cir. 1996).

11.    **Objection**.  Move to strike.  The allegations contained in paragraph 11 relating to what Mr. Hitchcock may have told Major Wright is predicated upon inadmissible double hearsay.  Additionally, the allegations set forth in paragraph 11, relating to the denial of training and promotional opportunities, are immaterial and beyond the scope of Plaintiff's charge of discrimination.

12.    See response to paragraph 5.

13.    **Objection**. Move to strike.  The allegations contained in paragraph 13 (again relating to a denial of training) are immaterial, self-serving, and predicated upon inadmissible hearsay.

14.    **Objection**.  Move to strike.  The allegations contained in paragraph 14 are irrelevant and beyond the scope of the prior EEOC charges.  Further, the statements concerning the denial of training and education are based upon inadmissible hearsay.

15.    **Objection**.  Move to strike.  The allegations contained in paragraph 15 relating to affirmative action (a societal issue in which there is much disagreement) are

immaterial and predicated upon inadmissible hearsay.  Moreover, Plaintiff failed to lay the

proper foundation for the admissibility of such testimony.  Mr. Hitchcock does not, for

example, explain when this comment was made, who was present, or what was the context

of the conversation.  Without waiving said objection, Defendant denies the allegations

contained in paragraph 15.

16.    **Objection**.  Move to strike.  The allegations contained in paragraph 16 are

predicated upon inadmissible hearsay and are irrelevant.  The fact that the now deceased

Warden may have apologized to Plaintiff for terminating him does not demonstrate any

racial animus.  Without waiving said objection, Defendant denies the allegations contained

in paragraph 16.

17.    Defendants admit that the August 13, 2002 memorandum states in part:

"Specifically based on direct evidence, admissions of staff and inmates, CO Mark Jennings

introduced contraband into East Moline Correctional Center."

18.    Defendant denies the allegations contained in paragraph 18.   (See

Defendant's Exhibit 2.)   Defendant affirmatively alleges that Investigator Emerich

specifically found that there was specific and credible evidence demonstrating that Plaintiff

had violated departmental rules and regulations pertaining to trading and trafficking with

inmates.  Indeed, at page 7 of her report, Ms. Emerich wrote: "Based upon inmate and

employee statements, supported by polygraph test results, the charges of Conduct of an

Individual, Socializing, Trade, Traffic, Aid or Abett a Resident, Failure to Report an Offense

or Incident and Conflict of Interest are substantiated against Correctional Officer Mark

Jennings."  (Exhibit 2).

19.    Defendant denies the allegations contained in paragraph 19.  Warden Wyant's February 26, 2002 e-mail to Alan Tadlock states in pertinent part, "A second part of this investigation indicates that Supply Supervisor John Krup *may have* (emphasis added) traded and trafficked with inmate Peeples N82826 and Krodel B35546." (See Plaintiff's Exhibit F.)

20.    **Objection**. Move to strike.  The allegations contained in paragraph 20 should be stricken by the Court as a sanction for Plaintiff's failure to disclose Mr. Lind as a potential witness.  Without waiving said objection, Defendant admits that John Krup was a Supply Supervisor in 2002 and that Inmate Turner accused him of misconduct.  Defendant admits that Krup was not disciplined following this accusation because the Department was unable to independently corroborate any of Inmate Turner's allegations.

21.    **Objection**. Move to strike.  The allegations contained in paragraph 21 should be stricken by the Court as a sanction for Plaintiff's failure to disclose Mr. Lind as a potential witness.  In addition, the allegations contained in paragraph 21 (concerning Mr. Krup) are immaterial and not premised upon inadmissible legal conclusions.  Without waiving said objection, Defendant denies that Plaintiff has set forth any similarly situated IDOC employee, not in the protected class, who committed the same or similar acts of misconduct but was not discharged.  *See Patterson v. Avery Dennison Corporation*, 281 F.3d 676, 680 (7th Cir. 2001).  Defendant denies the remaining allegations contained in paragraph 21.

22.    **Objection**. Defendant moves to strike the allegations contained in paragraph 22 pertaining to the hearing officer's recommendation as there has been no showing that

Mr. Boerma was a person vested with decision-making authority. Accordingly, those allegations are immaterial to the case at bar. Without waiving said objection, Defendant admits the allegations contained in paragraph 22.

23.    Defendant denies the allegations contained in paragraph 23.

24.    Defendant admits the allegations contained in paragraph 24.

25.    Defendant denies that Warden Wyant or Major Wright played any role whatsoever in negotiating an agreement, prior to arbitration, with Mr. Huskey or that they ever entered into a "last chance" agreement with him. (See Defendant's Exhibit 11). Defendant affirmatively states that the Department of Central Management Services, Office of Labor Relations, negotiated an agreement with AFSCME whereby Mr. Huskey was giving a thirty-day suspension (in lieu of discharge) and allowed to return to work. (Defendant's Exhibit 11).

26.    Defendant admits the allegations contained in paragraph 26.

27.    Defendant denies that Warden Wyant or Major Wright played any role in negotiating an agreement prior to arbitration with Ms. Rusch, or that they entered into a "last chance" agreement with her. Defendant further denies that Warden Wyant or Major Wright entered into any last chance agreement with either Koster or Huskey. Defendant affirmatively alleges that the Department of Central Management Services (CMS), and not officials from the Department of Corrections, entered into an agreement, prior to arbitration, with representatives from AFSCME to resolve the grievances of Koster and Huskey.

28.    **Objection**. Move to strike. The averments contained in paragraph 28 are not material or relevant to any issue properly before the Court. The fact that an arbitrator subsequently entered an order reversing Ms. Rusch's discharge does not remotely

demonstrate or prove discriminatory intent or animus on the part of Department of Corrections.  In addition, allegations in paragraph 28 relating to the arbitrators findings vis a vis Correctional Officers Whiting, Perry, Geyer, Mascari and Diaz are mere legal conclusions unsupported by any competent or admissible evidence found in the record. The fact remains that Ms. Rusch, like Correctional Officer Huskey, Correctional Koster and Plaintiff, all received suspensions of thirty days pending discharge. Accordingly, any evidence concerning the resolution of Ms. Rush's grievance by CMS and not IDOC is not admissible for the purpose of the pending motion for summary judgment.

29.    **Objection**.  Move to strike.  The allegations contained in paragraph 29 are immaterial, conclusory, and not based upon the personal knowledge of either Slocum or Lind (i.e., their subjective belief as to management's intent is entirely speculative and thus inadmissible for the purpose of Rule 56(e)).  In addition, any allegations concerning management's past practices, in handling arbitrations, is likely premised upon inadmissible hearsay.  Finally, as noted above, any statements from Mr. Lind should be barred because of Plaintiff's failure to disclose him as a  potential witness at trial.

30.    **Objection**.  Move to strike.  The allegations contained in paragraph 30 are immaterial, conclusory, and not based upon the personal knowledge of either Slocum or Lind.  In addition, any testimony from Mr. Lind should be barred because of Plaintiff's failure to disclose him as a  potential witness at trial.

31.    **Objection**.  Move to strike.  The allegations contained in paragraph 31 relating to Correctional Officer Hart are immaterial, conclusory, and not based upon the personal knowledge of Mr. Lind.  In addition, any testimony from Mr. Lind should be barred because of Plaintiff's failure to disclose him as a  potential witness at trial.  Moreover, any testimony concerning Mr. Hart should be disregarded by the Court because Plaintiff never

disclosed him as an alleged comparable for the purpose of his Title VII claim.  Finally, any testimony concerning the Department's alleged investigation of CO Hart is likely based upon inadmissible hearsay.

32.    **Objection**.  Move to strike.  The allegations set forth in paragraph 32 are immaterial, conclusory, and predicated upon inadmissible hearsay.  Without waiving said objection, Defendant denies the allegations set forth in paragraph 32.

33.    **Objection**.  Move to Strike.  The allegations contained in paragraph 33 are immaterial, conclusory, and not based upon the personal knowledge of the Plaintiff.  Moreover, such evidence (relating to whether Major Wright "spearheaded" investigations or whether he personally directed that other investigations not take place) is based upon inadmissible hearsay and not the personal knowledge of the Plaintiff.

34.    See Defendant's response to paragraph 2.

35.    **Objection**.  Move to strike.  The allegations contained in paragraph 35 relating to Correctional Officer Rangel are immaterial, not based upon the personal knowledge of Plaintiff, and are predicated upon inadmissible hearsay.  First, Plaintiff's allegations concerning possible discipline received by CO Rangel is not material to any issue before the Court because Plaintiff was charged with trading and trafficking with an inmate, not failing to wear a tie.  Second, there is no evidence, circumstantial or otherwise in the record, which would establish the basis of Plaintiff's knowledge as any discipline imposed against CO Rangel.  Finally, the basis of such knowledge would require introduction of hearsay testimony.

36.    **Objection**.  Move to strike.  The allegations in paragraph 36 relating to alleged derogatory comments are immaterial, lack proper foundation (as to when the

alleged comments were made, who was present, the context of each conversation), and

are predicated upon inadmissible hearsay.

Wherefore, Defendant respectfully request the Court enter an order sustaining its

objection with respect to paragraphs 2, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 20, 21, 22, 28,

29, 30, 31, 32, 34, 35 and 36 of Plaintiff's Additional Statement of Material Facts and the

corresponding affidavits submitted by Rick Lind, Harry Hitchcock, and Steve Slocum.

Respectfully submitted,

ILLINOIS DEPARTMENT OF
CORRECTIONS,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant,

By: /s/ William E. Jarvis
WILLIAM E. JARVIS
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
Phone:  (217) 785-4555
Fax: (217) 524-5091
E-Mail: wjarvis@atg.state.il.us
Attorney Bar #:  6207097

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2005, I electronically filed Defendant's Response and Objection to Plaintiff's Statement of Additional Material Facts Claimed to Defeat Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Stephen T. Fieweger
Katz, Huntoon & Fieweger, P.C.
200 Plaza Office Building
P.O. Box 3250
Rock Island, IL 61204-3250
sfieweger@katzlawfirm.com

and I hereby certify that on July 29, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,
/s/ William E. Jarvis
William E. Jarvis
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
Phone:  (217) 785-4555
Fax:     (217) 524-5091
E-Mail: wjarvis@atg.state.il.us
Attorney Bar #:  6207097