E-FILED
Friday, 29 July, 2005  02:49:55 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| MARK JENNINGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| STATE OF ILLINOIS, by its Departmental Unit, THE ILLINOIS DEPARTMENT OF CORRECTIONS, | ) No. 03-CV-4087 ) ) ) |
| Defendant. | ) |

**MOTION TO STRIKE PLAINTIFF'S AFFIDAVITS AND/OR ACCOMPANYING STATEMENTS OF ADDITIONAL FACTS IN OPPOSITION TO SUMMARY JUDGMENT**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through its attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby submits its Motion to Strike Plaintiff's Affidavits and/or Accompanying Statements of Additional Material Facts in Opposition to Summary Judgment. In support thereof, Defendant states unto the Court as follows:

**I. INTRODUCTION**

1.  Plaintiff, a correctional officer formerly employed by East Moline Correctional Center, in East Moline, Illinois, was discharged after being accused of smuggling cigars into the prison compound and trading them with state prisoners for cigarettes and other goods available at the prison commissary. (Complaint at 2, ¶ 5).

2.  Plaintiff took his case to arbitration, and an independent arbitrator determined that Plaintiff had in fact engaged in trading and trafficking and that discharge was warranted due to the severity of the offense combined with his prior discipline.

3.  Sometime after the arbitrator's award and order were issued, Plaintiff filed the instant action in federal district court alleging that he was discharged because of his race or national origin and arguing, among other things, that similarly situated black and white employees who committed the same or similar offense received more favorable treatment. (*See generally*, Pl's Complaint).

4.  During the discovery phase of the litigation, Defendant specifically asked Plaintiff (in its third interrogatory) to identify the full names and addresses of each person who witnessed the occurrence(s) alleged in the complaint and specify which occurrence each person witnessed. (Attached hereto as Exhibit 1 is a true and original copy of the interrogatories served on the Plaintiff.) Plaintiff, in response to that interrogatory, named only Steven Slocum, Tony McCubin, and Harry Hitchcock as potential witnesses who would provide testimony concerning only two issues: (a) alleged disparate treatment of Plaintiff compared to other similarly situated IDOC employees at East Moline Correctional Center; and (b) the alleged pretextual reason for Plaintiff's termination. (*See* Exhibit 2.)[1]

5.  On June 17, 2005, Defendant filed its motion for summary judgment arguing, among other things, that Plaintiff had failed to establish his prima facie case for race or national origin discrimination. Defendant also asserted that Plaintiff was unable to prove, by otherwise competent evidence, that the Department's proffered reason for discharging him was pretextual.

6.  On or about July 8, 2005, Plaintiff filed his response to Defendant's motion for summary judgment. Plaintiff appended to that response the affidavits of three witnesses: Rick Lind, Harry Hitchcock, and Steve Slocum. In those affidavits, Lind,

---

[1] It should also be noted that Plaintiff has never served Defendant with its Rule 26 Initial Disclosures.

Hitchcock and Slocum referred to alleged racially derogatory comments made by either Major Wright or the now deceased Warden Gary Wyant.

## II. APPLICABLE LAW

7. To be considered on a motion for summary judgment, an affidavit must satisfy three requirements: it must be sworn upon personal knowledge; it must state specific facts admissible in evidence at the time of trial; and it must be offered by a competent affiant. In ruling on a motion for summary judgment, the courts generally will not consider affidavits that fail to satisfy these requirements. *Adusumilli v. City of Chicago*, 164 F. 3d 353, 359 (7th Cir. 1998).

8. A summary judgment affidavit must be "sworn" or verified. Hence, handwritten statements from co-workers that were signed but not sworn, notarized, or in affidavit form are not competent summary judgment evidence under Rule 56(e). *Watts v. Kroger Co.*, 170 F. 3d 505, 508 (5th Cir. 1999). *See also Berwick Grain Co. v. Illinois Department of Agriculture*, 116 F. 3d 231, 234 (7th Cir. 1994) (holding that transcripts of witness interviews are not sufficient for summary judgment purposes.)

9. Affidavits based on information and belief – facts that the affiant believes to be true – are not proper. *Toro Company v. Krouse, Kern and Company*, 827 F. 2d 155, 162-163 (7th Cir. 1987). Inferences and opinions must be premised on first-hand observations or personal experience. Affidavits based on personal knowledge may include inferences, but those inferences must be substantiated by specific facts. *Drake v. Minnesota Mining and Mfg. Co.*, 134 F. 3d 878, 887 (7th Cir. 1998).

10. A summary judgment affidavit must also contain specific facts which, in turn, must be admissible evidence at trial. *Porter v. Whitehall Labs*, 9 F. 3d 607, 612 (7th Cir. 1993). Thus hearsay statements, conclusory averments, self-serving declarations,

speculation or conjecture and inadmissible expert opinions are generally improper in Rule 56(e) affidavits. *Patel v. Allstate Insurance Co.*, 105 F. 3d 365 (7th Cir. 1997), *Bombard v. Fort Wayne Newspapers*, 92 F. 2d 450 (7th Cir. 1996), and *Stagman v. Ryan*, 176 F. 3d 986 (7th Cir. 1999).

### III. ARGUMENT

11.     The affidavits of Lind, Slocum and Hitchcock, in so far as they relate to alleged racially derogatory comments made by either Major Wright of Warden Wyant, should be stricken because they were not previously disclosed during discovery.[2]

12.     Alternatively, Defendant moves to strike certain paragraphs from the aforementioned affidavits to the extent that they contain allegations which are otherwise inadmissible under Federal Rule 56(e).[3]  Specifically, Defendant objects and moves to strike the following paragraphs from the affidavits of Lind, Hitchcock and Slocum:

   a.    **Lind**: pars. 7 (immaterial); 8 (immaterial, not based on personal knowledge); 9 (immaterial, no personal knowledge); 11 (immaterial, not based on personal knowledge); 12 (immaterial, conclusory); 14 (immaterial, conclusory, hearsay); 15 (immaterial, lack of personal knowledge, predicated on inadmissible hearsay); 16 (information concerning the alleged comparable, Correctional Officer Hart, was not disclosed through discovery, allegations are immaterial, conclusory and not based upon personal knowledge, hearsay); 17 (not disclosed through discovery, immaterial, hearsay); 18 (immaterial, hearsay); and 19 (immaterial, hearsay).

---

[2] Mr. Lind has never been disclosed as a potential witness through discovery.

[3] Defendant also requests to incorporate by reference its Response and Objections to Plaintiff's Statement of Additional Material Facts Claimed to Defeat Summary Judgment.

  b.  **Slocum**: pars. 7 (immaterial); 8 (immaterial, lack of personal knowledge); 9 (immaterial, lack of personal knowledge);11 (immaterial, lack of personal knowledge);12 (immaterial, conclusory); 14 (immaterial, conclusory, hearsay); 15 (immaterial, conclusory, not based on personal knowledge, predicated on inadmissible hearsay).

  c.  **Hitchcock**: pars. 4 (hearsay, immaterial, not disclosed through discovery); 5 (immaterial, hearsay); 6 (hearsay, immaterial); 7 (not disclosed through discovery, immaterial, hearsay).

  WHEREFORE, the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, respectfully requests the Court enter an order striking those portions of Plaintiff's affidavits deemed inadmissible pursuant to Federal Rule 56(e) and/or those paragraphs which reference matters which were not properly disclosed through discovery.

            Respectfully submitted,

            ILLINOIS DEPARTMENT OF
            CORRECTIONS,

             Defendant,

            LISA MADIGAN, Attorney General,
            State of Illinois,

             Attorney for Defendant,

           By: /s/ William E. Jarvis
            WILLIAM E. JARVIS
            Assistant Attorney General
            500 South Second Street
            Springfield, Illinois  62706
            Phone:  (217) 785-4555
            Fax: (217) 524-5091
            E-Mail: wjarvis@atg.state.il.us
            Attorney Bar #:  6207097

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2005, I electronically filed Defendant's Motion to Strike Plaintiff's Affidavits and/or Accompanying Statements of Additional Facts in Opposition to Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Stephen T. Fieweger
Katz, Huntoon & Fieweger, P.C.
200 Plaza Office Building
P.O. Box 3250
Rock Island, IL 61204-3250
sfieweger@katzlawfirm.com

and I hereby certify that on July 29, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,
/s/ William E. Jarvis
William E. Jarvis
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
Phone:  (217) 785-4555
Fax:     (217) 524-5091
E-Mail: wjarvis@atg.state.il.us
Attorney Bar #:  6207097