UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MARK JENNINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 03-4087 |
| | ) |
| STATE OF ILLINOIS, by its | ) |
| Departmental Unit, THE ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**RESISTANCE TO MOTION TO STRIKE PLAINTIFF'S AFFIDAVITS**

Plaintiff Mark Jennings, by his attorneys, Katz, Huntoon & Fieweger, P.C., states as follows for his response to defendant's Motion to Strike Plaintiff's Affidavits and/or Accompanying Statements of Additional Facts in Opposition to Summary Judgment:

1.  Defendant moves to strike the entirety or alternatively portions of the Affidavits of Rick Lind, Harry Hitchcock and Steve Slocum, which plaintiff appended to his summary judgment response.

2.  As supported in the accompanying Memorandum of Law, plaintiff resists because all three affiants were disclosed in discovery; although few other witnesses were disclosed, defendant chose to take no depositions other than plaintiff's; defendant cannot claim surprise as to the substance of these depositions; and, contrary to defendant's assertion, individual paragraphs defendant seeks to strike were, in fact, made on personal knowledge and are proper under federal law.

2

3. As to Rick Lind, defendant claims he "has never been disclosed as a potential witness through discovery," but this claim is simply not true. Attached as Exhibit 1 is a copy of plaintiff's counsel May 3, 2005 letter to defendant's attorney. As stated in that letter, which noted it was "a supplementation to our Rule 26(a) disclosures and answers to interrogatories," and further noted "as a follow-up, after our deposition with Mr. Jennings we have the following witnesses besides those who were identified in Mr. Jennings deposition," the letter identified Rick Lind as follows:

> "Rick Lind. Mr. Lind has knowledge concerning the disparate treatment of Mark Jennings based on his union representative position."

4. Additionally, defendant complains in paragraph 12(a) that "Correctional Officer Hart was not disclosed through discovery." This, too, is not true. Immediately below Mr. Lind in this May 3, 2005 letter plaintiff identified Craig Hart as follows:

> "Craig Hart. Mr. Hart has knowledge concerning his misconduct of bringing whiskey into the premises and providing it to inmates."

WHEREFORE, plaintiff Mark Jennings respectfully asks the court deny defendant's Motion to Strike Plaintiff's Affidavits and/or Accompanying Statements of Additional Facts in Opposition to Summary Judgment.

    MARK JENNINGS, Plaintiff

    By: /s/Stephen T. Fieweger

For:
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
P.O. Box 950
Moline, IL 61266-0950
Telephone: 309-797-3000
Fax: 309-797-3330

3

## CERTIFICATE OF SERVICE

     I hereby certify that on August 11, 2005, I electronically filed this RESISTANCE TO MOTION TO STRIKE PLAINTIFF'S AFFIDAVITS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Lisa Madigan, Attorney General and
William E. Jarvis, Assistant Attorney General
500 South Second Street
Springfield, IL  62706

                                          /s/  Stephen T. Fieweger

s:\wp\worddoc\11065001.16R