E-FILED
Wednesday, 17 August, 2005  04:26:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MARK JENNINGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 03-CV-4087 |
| STATE OF ILLINOIS, by its Departmental Unit, THE ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) |
| Defendant. | ) ) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
AFFIDAVITS IN OPPOSITION TO SUMMARY JUDGMENT**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through its attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby submits its Reply in Support of its Motion to Strike Plaintiff's Affidavits in Opposition to Summary Judgment, representing unto the Court as follows:

1.  Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to provide the other parties to a lawsuit with the "names and, if known, address and telephone number of each individual likely to have discoverable evidence that the disclosing party may use to support its claims or defenses . . . , *identifying the subjects of the information*. " Fed. R. Civ. P. 26(a)(1)(A) (emphasis added).

2.  Rule 26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed is "incomplete or incorrect or if additional corrective information has not otherwise been made known to the other party during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

3.  The Advisory Committee Notes to Rule 26 indicate that this Rule was promulgated so that parties might determine what discovery is necessary and how they

**EXHIBIT A**

might go about obtaining that discovery most expeditiously.  *See generally* Fed. R. Civ. P. 26 advisory committee's notes.  Rule 26 is meant to "help focus the discovery that is needed."  *Id*.  It is "designed to narrow and clarify issues and to give parties mutual knowledge of <u>all relevant facts</u>, thereby preventing surprise."  *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978) (emphasis added).

4.  What is more, as the Seventh Circuit Court of Appeals has observed, a party "should not be made to assume" that adverse witnesses will play a greater or different role at trial than his opponent previously disclosed they would play.  *See Musser v. Gentiva Health Servs.*, 356 F. 3d 751, 757 (7th Cir. 2004).

5.  Indeed, Federal Rule of Civil Procedure 37(c)(1) prohibits a disclosing party from making his opponent "assume" as much.  It provides in pertinent part, "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . or to amend a prior response to discovery is not . . . permitted to use . . . *any witness <u>or information</u> not so disclosed*."  Fed. R. Civ. P. 37 (emphasis added); *accord Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).  "The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless."  *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

6.  On July 29, 2005, Defendant filed a Motion to Strike Portions of Plaintiff's Affidavits in Opposition to Summary Judgment.  In that motion, Defendant requested that the Court enter an order striking certain paragraphs from the affidavits of Rick Lind, Harry Hitchcock, and Steve Slocum to the extent that they "relate to alleged racially derogatory comments made by either Major Wright of Warden Wyant. . . ." (Def.'s Mot. Strike at 4, ¶ 11). Defendant made this request because Mr. Lind, Mr. Hitchcock, and Mr. Slocum had

not been previously disclosed as persons possessing information regarding racially derogatory comments. (*Id.*)

7. For the same reason, Defendant also argued that any testimony regarding Correctional Officer Greg Hart should be stricken by the Court. (*Id.* at 4-5, ¶ 12).

8. On August 11, 2005, Plaintiff filed a response to Defendant's motion in which he asserts that his counsel served a letter on Defendant on May 3, 2005, disclosing the names of four witnesses, to wit: "Tony McCubbin," "Steven Slocum," "Rick Lind," and "Craig Hart." Plaintiff has attached what appears to be an unsigned copy of that letter to his response. (*See* Pl.'s Resist. Def.'s Mot. Strike, Ex. 1).

9. Defendant's counsel represents that he never received Plaintiff's counsel's May 3, 2005 correspondence. *See* Def.'s Exs. A and B, Affs. of William Jarvis and Lisa Weitekamp. Nor has such a document been docketed in the Office of the Illinois Attorney General's docketing system. *See id.* Nor is there an indication the letter was mailed.

10. The only discovery materials Defendant's counsel has ever received from Plaintiff in connection with this case is Plaintiff's Supplemental Response to Defendant's Third Interrogatory. (*See id.*) That document only identifies Tony McCubbin, Steve Slocum and Harry Hitchcock as potential witnesses on two distinct legal issues: (1) the alleged disparate treatment of Plaintiff compared to other similarly situated IDOC employees at East Moline Correctional Center and (2) the alleged pretextual reason for Plaintiff's termination.

11. Plaintiff has suggested that Mr. McCubbin, Mr. Slocum, and Mr. Hitchcock possess information, as his union representatives, concerning how persons "comparable" to Plaintiff were treated more favorably than him during pre-arbitration settlement negotiations. Plaintiff has not established the foundation for actual knowledge or that the

3

other employees are comparables. He has also suggested that these three men possess information that might somehow demonstrate Defendant's proffered reason for discharging him is pretextual.

12. At no time prior to his response to Defendant's Motion for Summary Judgment did Plaintiff ever disclose that Mr. McCubbin, Mr. Slocum, and Mr. Hitchcock possessed information concerning allegedly racially derogatory comments; the comments Plaintiff now asserts are vital to establishing a prima facie case of discrimination by means of the direct method of proof. (*See* Pl.'s Resp. Def.'s Mot. Summ. J. at 3-4, 7-9, 14-16, 19-23, 25-26, 39 and 40.)

13. Plaintiff's May 3, 2005 letter–assuming arguendo that it was served on Defendant's counsel as Plaintiff contends–fares no better in this regard. It makes no reference whatsoever to any racially derogatory comments made by either Major Wright or now deceased Warden Wyant.

14. It lists no telephone addresses or telephone numbers; wholly fails to name Mr. Hitchcock; seemingly identifies the person Plaintiff would later identify as "Greg Hart" as "Craig Hart" and states vaguely that Mr. Hart "has knowledge concerning *his misconduct* of bringing whiskey into the premises and providing it to inmates" without indicating whether the wrongdoer in question was in fact Mr. Hart or Plaintiff; and states simply that Mr. McCubbin, Mr. Slocum, and Mr. Lind have "knowledge concerning disparate treatment and discipline based on the fact that [they] [were] [] union representative[s]."

15. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Plaintiff was to have disclosed Mr. McCubbin, Mr. Slocum, and Mr. Lind as possessing *information* regarding the racially derogatory comments that he alleges Major Wright and Warden Wyant made. Withholding this information has caused great prejudice to Defendant. The warden is

4

deceased, discovery has concluded, and this leaves the Defendant unable to explore Plaintiff's allegations.

16.    Further, Plaintiff offers no explanation why this knowledge was not disclosed.

17.    Allowing Plaintiff to raise such claims at this late date, in response to Defendant's Motion for Summary Judgment, frustrates the purpose underlying Federal Rules of Civil Procedure 26(a)(1)(a), 37(c) and 56(e).  *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)(explaining that "a plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment").

18.    Because Plaintiff failed to disclose the aforementioned witnesses as possessing information regarding racially derogatory comments, and because Plaintiff's failure to do so is neither harmless nor explained, the Court should strike the Affidavits of Rick Lind, Harry Hitchcock, and Steve Slocum to the extent that they "relate to alleged racially derogatory comments made by either Major Wright or Warden Wyant."

WHEREFORE, the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, respectfully prays the Court enter an order striking those paragraphs from Plaintiff's affidavits which reference matters which were not previously disclosed through discovery.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Defendant,

LISA MADIGAN, Attorney General of the State of Illinois,

Attorney for Defendant,

By: /s/ William E. Jarvis
WILLIAM E. JARVIS
Assistant Attorney General

William E. Jarvis, #6207097
James F. Ehrenberg, Jr., #6274865
Assistant Attorneys General
500 South Second Street
Springfield, IL 62706
(217) 785-4555
Of Counsel.

# CERTIFICATE OF SERVICE

I hereby certify that on _____, I electronically filed Defendant's Reply in Support of their Motion to Strike Plaintiff's Affidavits in Opposition to Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Stephen T. Fieweger
Katz, Huntoon & Fieweger, P.C.
200 Plaza Office Building
P.O. Box 3250
Rock Island, IL 61204-3250
sfieweger@katzlawfirm.com

and I hereby certify that on _____, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,
/s/ William E. Jarvis
William E. Jarvis
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
Phone: (217) 785-4555
Fax:    (217) 524-5091
E-Mail: wjarvis@atg.state.il.us
Attorney Bar #: 6207097