UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| MARK JENNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  03-CV-4087 |
| | ) | |
| STATE OF ILLINOIS, by its | ) | |
| Departmental Unit, THE ILLINOIS | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S BRIEF AS TO ISSUE OF LAST CHANCE AGREEMENTS

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through its attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby files, pursuant to the Court's Order of November 21, 2005[1], Defendant's Brief as to Issue of Last Chance Agreements, and in support thereof, represents unto the Court as follows:

1.      Plaintiff, a Mexican-American correctional officer from East Moline Correctional Center, was discharged after being found guilty of trading and trafficking with inmates.  (See generally, Plaintiff's Complaint).

2.      Plaintiff took his case to arbitration, and an independent arbitrator determined that he had engaged in trading and trafficking with inmates and that discharge was the appropriate level of discipline given the severity of the misconduct and his recent disciplinary history.  (Def's Ex. 7, Jennings Arbitration Opinion and Award at 9; *see also* Def's Ex. 3, Jennings Dep. at 12).

---

[1] On November 17, 2005, the Court directed the parties to discuss who the people were who actually made the decision not to offer Plaintiff a last chance agreement, and what, if any, input Major Wright or Warden Wyant had in making that decision.

1

3.      Following the arbitrator's decision, Plaintiff filed a complaint under Title VII alleging that he was discharged because of his race and national origin and that similarly situated black and white employees who engaged in the same or similar conduct received more favorable treatment.  (See generally, Plaintiff's Complaint).

4.      At the close of discovery, Defendant filed its Motion for Summary Judgment arguing, among other things, that Plaintiff had failed to establish his prima facie case under either the direct or indirect methods of proof.  (Docket entry # 11).  Specifically, Defendant asserted that Plaintiff was unable to affirmatively establish that he was meeting his employer's legitimate expectations or that similarly situated employees received more favorable treatment in the terms and conditions of employment.  Defendant also argued that Plaintiff was unable to prove that the Department's proffered reason for discharging him (namely trading and trafficking with inmates) was pretextual. (Docket entry #11).

5.      In response to Defendant's Motion for Summary Judgment, Plaintiff suggested that both Defendant's decision to discharge him and – for the first time – Defendant's purported refusal to offer him a "last chance agreement," were the result of racial animus.  (See Pl.'s Resp. at 4, 30). It is well established, however, that "a plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."  Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996). Accordingly, the Court should disregard any argument advanced by Plaintiff in opposition to summary judgment which was not previously set forth in the original complaint.

6.      Alternatively, Plaintiff's claim fails as a matter of law because the undisputed evidence in the record reveals that the decision to not offer him a "last chance agreement" was made by officials from the Illinois Department of Central Managment Services (CMS) and not his employer, the Illinois Department of Corrections.  (See attached affidavits of

Greg Newton, Denise Connelly and Todd Creviston).  Accordingly, since Plaintiff was not, and had never been, an employee of CMS, there is no basis for imposing employer liability against IDOC.

7.    What is more, the decision not to offer settlement was made by officials from CMS (not IDOC) only after they had independently reviewed the propriety of the underlying disciplinary decision.  Mr. Newton testified, via affidavit, that he made the decision to proceed with arbitration only after independently reviewing the complete investigative file and meeting with all of the inmate witnesses.[2]

8.    Finally, the affidavits of Mr. Newton, Ms. Connelly, and Mr. Creviston demonstrate that neither Warden Wyant nor Major Wright played any role in CMS' ultimate decision not to make any settlement offers to either Plaintiff or his union.  Consequently, even if race based comments were made (a point which Defendant hotly contests), there is no evidence, circumstantial or otherwise, that either Wright or Wyant participated in the decision whether to offer Plaintiff a last chance agreement prior to arbitration.

9.    To the extent that the comments Plaintiff recounts were actually made and are in fact derogatory, such "comments cannot defeat summary judgment in favor of an employer unless they are both proximate and related to the employment decision in question."  Schuster v. Lucent Technologies, Inc., 327 F.3d 569, (7th Cir. 2003).  They must be "connected to" and "close in time to" an adverse employment decision.  Dandy v. United Parcel Serv., Inc., 388 F.3d 263, 272 (7th Cir. 2004).  There is no evidence before the Court suggesting that the comments in question were either  "proximate" or "related" to Plaintiff's discharge.  Given the dearth of evidence on this point, no rational trier of fact

---

[2]On two occassions, Plaintiff's counsel declined the undersigned's offer to take the depositions of CMS employees Greg Newton and Denise Connelly.

could plausibily find that any official from IDOC (including Warden Wyant and Major Wright) caused Plaintiff to suffer an actionable employment action under Title VII. Accordingly, Defendant is entitled to summary judgment.

WHEREFORE, the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, respectfully prays that this Honorable Court enter summary judgment in its favor and against Plaintiff.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Defendant,

LISA MADIGAN, Attorney General
of the State of Illinois,

Attorney for Defendant,

By:  /s/ William E. Jarvis
WILLIAM E. JARVIS, #6207097
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone:  (217) 785-4555
Facsimile:  (217) 524-5091
wjarvis@atg.state.il.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2006, I electronically filed Defendant's Brief as to Issue of Last Chance Agreements with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Stephen T. Fieweger
Katz, Huntoon & Fieweger, P.C.
200 Plaza Office Building
P.O. Box 3250
Rock Island, IL 61204-3250
sfieweger@katzlawfirm.com

and I hereby certify that on February 6, 2006, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,
/s/ William E. Jarvis
William E. Jarvis, #6207097
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
Telephone: (217) 785-4555
Facsimile: (217) 524-5091
E-Mail: wjarvis@atg.state.il.us