UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

MARK JENNINGS,                )
                              )
   Plaintiff,                 )
                              )
vs.                           ) No. 03-4087
                              )
STATE OF ILLINOIS, by its     )
Departmental Unit, THE ILLINOIS )
DEPARTMENT OF CORRECTIONS,    )
                              )
   Defendant.                 )

### SUPPLEMENTAL AFFIDAVIT OF RICK LIND

STATE OF ILLINOIS        )
                         ) ss.
COUNTY OF ROCK ISLAND    )

Rick Lind, being first sworn upon oath, states as follows:

1. I, Rick Lind, am of legal age, am competent, and have personal knowledge of the facts set forth in this Supplemental Affidavit.

2. That I have previously executed an Affidavit in this action on July 6, 2005.

3. That in addition to the facts set forth in my Affidavit filed July 6, 2005 to clarify, I have been a union representative for 22 years. As a union representative, I have participated in the resolution and negotiations with management of all discipline for union members of the American Federal, State, County and Municipal employees of the East Moline Correctional Center.

4. That while the case may proceed through the grievance process to the third and fourth level grievance before a grievance over discipline reaches an arbitration hearing, any reduction

2

of discipline negotiated between representatives of the union and Central Management Services must be approved by the Warden or Assistant Warden at the East Moline Correctional Center If the negotiated settlement is not approved by the Warden, then the discipline will not be reduced and the case will proceed to arbitration.

    5. That while the discipline of Mark Koster may have been negotiated between Central Management Services representatives and our union representatives in Springfield in order to reduce the discipline, the reduction must be agreed to and approved by the warden at the East Moline Correctional Center. Warden Gary Wyant agreed to and approved the reduction of Mark A. Koster's discipline from a suspension pending discharge to a five day suspension and approved this reduction in November 1999. Exhibit C to my Affidavit, the Illinois Department of Central Management Services Personnel Position Action Form containing Gary Wyant's signature, is proof that Mr. Wyant approved the reduction of Mr. Koster's discipline from a termination to a five day suspension.

    6. Likewise, with respect to the discipline of Robert Huskey, while the union representatives and Central Management Services representatives at fourth level grievance negotiated a reduction of the discipline of Mr. Huskey to a 30 day suspension, the Warden of the East Moline Correctional Center, Gary L. Wyant, approved the reduction of the discipline of this Caucasian correctional officer. In both Koster and Huskey's cases, I specifically discussed with Warden Wyant the fact that he was agreeing to the negotiated settlement between Central Management Services representatives and the union and would approve the reduction of the discipline in each man's case in November 1999 as to Mark Koster's case, and in January 2000 as to Robert Huskey's case.

3

7. In September 2002, the representatives at the East Moline Correctional Center spoke directly to Warden Wyant after he approved termination of Mark Jennings, and requested that he reduce the discipline of Mark Jennings in a manner consistent with the discipline imposed against Mark Koster and Robert Huskey for the same or similar acts of misconduct. This discussion occurred before Mark Jennings' actual termination date. Steve Slocum, Harry Hitchcock and I pointed out to Warden Wyant that he had previously agreed with and approved the reduction of the discipline of Koster and Huskey for the same misconduct, that he now had approved a 30 day pending termination for Mark Jennings. Warden Wyant stated in the presence of Harry Hitchcock, myself and Steve Slocum that he would not agree to a reduction of the discipline, that if in pre-arbitration they attempted to reduce the discipline to something less than discharge, that he would not, as warden, approve the reduction of the discipline.

8. That in addition, I hereby stand by all the facts set forth in my prior Affidavit filed in this case.

Further affiant sayeth naught.

_____
Rick Lind

Subscribed and sworn to before me, a Notary Public, this 1st day of February, 2006.

_____
Notary Public

s:\wp\worddoc\11065001.18S

OFFICIAL SEAL
STEPHEN T. FIEWEGER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MARK JENNINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 03-4087 |
| | ) |
| STATE OF ILLINOIS, by its | ) |
| Departmental Unit, THE ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**SUPPLEMENTAL AFFIDAVIT OF HARRY HITCHCOCK**

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss. |
| COUNTY OF ROCK ISLAND | ) |

Harry Hitchcock, being first sworn upon oath, states as follows:

1. I, Harry Hitchcock, am of legal age, am competent, and have personal knowledge of the facts set forth in this Supplemental Affidavit.

2. That in addition to serving as a union representative for the American Federal, State and County Municipal employees of the Illinois Department of Corrections facility of the East Moline Correctional Center in the years 2001 and 2002, I have been a member of the union since 1981 and been a union representative since 1982.

3. That in September 2002, after Warden Wyant and Major Steven Wright and Employee Review Officer Terry Boerema had proposed the 30 days pending discharge of Mark Jennings, trading and trafficking, and socializing with inmates, as part of the union negotiation team I asked that Warden Wyant recommend to the Illinois Department of Corrections and

2

Illinois Department of Central Management Services that Mark Jennings' discipline be reduced to a maximum of a 30 day suspension in light of the past precedent from the cases of Mark Koster and Robert Huskey. This request was made prior to the time in which Mr. Jennings discharge was final and before his discharge grievance proceeded through the labor management grievance procedures. Warden Wyant informed me, Steve Slocum and Rick Lind that there was no way that he would reduce Mark Jennings' discipline from anything less than a discharge, nor would he approve a negotiated resolution of the grievance which would reduce the discipline to less than a discharge.

    4. That as a union representative involved in the representation of union members subject to discipline at the East Moline Correctional Center, it has been my experience that the Warden at the facility has the power to increase or reduce the discipline that has been recommended by the Employee Review Board for a correctional employee prior to the imposition of the discipline. The case of Mark Koster, the Employee Review Officer, Terry Boerema, and Assistant Ward of Operations, Frank Shaw, proposed only a five day suspension. The Warden at that time, Sergio Molina, rejected that proposed discipline and increased the discipline to a 30 day suspension pending discharge. See Exhibit A to Affidavit of Steven Slocum.

    5. That Warden Gary Wyant became Warden of the East Moline Correctional Center in August or September of 1999.

    6. That after Warden Wyant's appointment as warden of the East Moline Correctional Center, both Mark Koster and Robert Huskey's discipline was negotiated to be reduced between members of Central Management Services representatives and union representatives. As a union

3

representative at the East Moline Correctional Center, I am aware of and have personal knowledge of the fact that if the Warden does not approve the proposed reduction of discipline, then the discipline stands and the grievance case then proceeds to arbitration.

7. Warden Wyant approved the reduction of discipline of Mark Koster and Robert Huskey in December of 1999 and February 2000, respectively.

8. That in September 2002, in response to our request that he, Warden Wyant stated that in no way would he reduce Mr. Jennings discipline despite the fact that the union pointed out that this is the first time a correctional officer was being discharged solely based on testimony of inmates and the fact that Huskey and Koster had had a reduction of discipline from discharge to suspensions for the exact same misconduct.

9. We also pointed out that Wyant was disciplining Mark for the misconduct of trading and trafficking and socializing with inmates when another Caucasian correctional officer, John Krup, who had been accused of the same acts of misconduct by one of the same inmates that had named Mark as an offender, was not being disciplined, and, in fact, was not even interviewed or investigated. Wyant had no answer to our inquiry as to why Krup was not disciplined based upon inmate accusations against him when Mark Jennings was.

Further affiant sayeth naught.

_____
Harry Hitchcock

Subscribed and sworn to before me, a Notary Public, this 1st day of February, 2006.

_____
Notary Public

s:\wp\worddoc\11065001.19S

OFFICIAL SEAL
STEPHEN T. FIEWEGER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-24-2009